IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SQUARE LIMITED )<br>PARTNERSHIP, R.L.L.P. )<br>1050 Connecticut Ave., N.W. )<br>Washington, D.C. 20036 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GIUSEPPE LENZO )<br>8925 Collins Avenue )<br>Surfside, Florida 33154 )<br>)<br>and )<br>)<br>GIUSEPPE LENZO, as Trustee of )<br>The Virginia Lenzo Trust )<br>8925 Collins Avenue )<br>Surfside, Florida 33154 )<br>)<br>and )<br>)<br>GIUSEPPE LENZO, as Trustee of )<br>The Tindaro Lenzo Trust )<br>8925 Collins Avenue )<br>Surfside, Florida 33154 )<br>)<br>and )<br>)<br>NUNZIATA LENZO ROMANO )<br>Via Galimberti 24 )<br>Biella, 13900 Italy )<br>)<br>and )<br>)<br>JANE DOE, Personal Representative )<br>of Estate of Virginia Di Perna Lenzo )<br>c/o Register of Wills of the )<br>District of Columbia )<br>500 Indiana Avenue, N.W. )<br>Washington, D.C. 20001 ) | Civil Action No. |

|                |   |
|----------------|---|
|                | ) |
| Defendants.    | ) |
|                | ) |

## COMPLAINT OF INTERPLEADER

Plaintiff, Washington Square Limited Partnership, R.L.L.P. (hereinafter, "Plaintiff"), for its Complaint of Interpleader against Defendants, alleges as follows:

### NATURE OF THE ACTION

1.  This Complaint is brought for statutory Interpleader under Section 1335, 1367, 1397 and 2361 of Title 28 of the United States Code.

2.  As described more fully below, Plaintiff leases a parcel of land on which its office building in Washington, D.C. is located. The parcel of land under lease has multiple owners who, pursuant to the terms of a lease agreement with Plaintiff, are entitled to semi-annual payments of rent in accordance with their respective interests. This Interpleader Action involves two, one-sixth (1/6) interests in the leased property which were formerly held of record in the name of Virginia Di Perna Lenzo, who died on or about February 26, 2005. Several years prior to her death, and specifically by Deed dated May 13, 2003, Virginia Di Perna Lenzo conveyed legal title to these one-sixth interests to two Trusts, which name her son, Giuseppe Lenzo as Trustee and sole beneficiary. Plaintiff has been making payments of the semi-annual installments of rent allocable to these interests in accordance with this public record.

3.  Plaintiff is now faced with conflicting and competing demands for payment of the next semi-annual installment of rent allocable to these interests, which comes due on January 1, 2006. On the one hand, Virginia Di Perna Lenzo's son, Defendant Giuseppe Lenzo, is the Trustee and sole beneficiary of the referenced Trusts

2

that hold record title to these interests. Plaintiff understands that Mr. Lenzo expects that payments will continue in accordance with this public record. In contrast, Virginia Di Perna Lenzo's daughter, Defendant Nunziata Lenzo Romano, asserts that legal title held in those Trusts reverted back to Virginia Di Perna Lenzo prior to her death. Ms. Romano contends that she and her brother are each entitled to one-half of the rental payments allocable to each one-sixth interest as their mother's surviving heirs. Plaintiff stands neutral in this dispute and is unable to determine the respective rights of the Defendants to the rental payments at issue.

## JURISDICTION AND VENUE

4.  Federal subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1335 as at least two of the claimants are of diverse citizenship as defined by 28 U.S.C. § 1332(a) and the rental payments at issue have a value of $500 or more.

5.  Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(d) and 28 U.S.C. § 1397.

6.  Contemporaneously with the filing of this Interpleader Action, or as soon thereafter as Plaintiff is permitted to do so by this Court, Plaintiff will cause to be deposited in the Registry of this Court, pursuant to 28 U.S.C. § 1335(a)(2) and Rule 67 of the Federal Rules of Civil Procedure, the sum of one-hundred thousand dollars ($100,000), which represents the semi-annual payment of rent due and payable on January 1, 2006 in which the Defendants assert competing interests.

## **PARTIES**

7.  Plaintiff is a registered limited liability partnership organized and existing pursuant to the laws of the District of Columbia, and with its principal place of business located in the District of Columbia.

8.  Upon information and belief, Defendant Giuseppe Lenzo is a United States citizen residing at 8925 Collins Avenue, Surfside, Florida 33154.

9.  Defendant Giuseppe Lenzo is the Trustee and sole beneficiary of a Trust established in the name of Virginia Di Perna Lenzo pursuant to a Trust Agreement dated April 15, 2003, between Virginia Di Perna Lenzo, as Settlor, and Giuseppe Lenzo, as Trustee ("The Virginia Lenzo Trust"). Upon information and belief, a true, correct and complete copy of the Trust Agreement for The Virginia Lenzo Trust is attached hereto as Exhibit A.

10. Upon information and belief, Defendant Giuseppe Lenzo is the Trustee and sole beneficiary of a Trust established in the name of his father, Tindaro Lenzo, pursuant to a Trust Agreement dated April 15, 2003, between Tindaro Lenzo, as nominal Settlor, and his son, Giuseppe Lenzo, as Trustee ("The Tindaro Lenzo Trust"). Plaintiff does not have a copy of The Tindaro Lenzo Trust but, upon information and belief, its terms are similar to the terms of The Virginia Lenzo Trust.

11. Upon information and belief, Defendant Nunziata Lenzo Romano (also known as Nunziatina Lenzo Romano) is an Italian citizen residing at Via Galimberti 24, Biella, 13900 Italy. Her attorney, Michael Pollack, of the Law Offices of Babak Movahedi, PLLC, 1700 Q. Street, N.W., Washington, D.C. 20009, has agreed in writing to accept service of process of this matter on her behalf.

12. Upon information and belief, Virginia Di Perna Lenzo was a United States citizen who died in Italy on or about February 26, 2005. On October 21, 2005, a petition for standard probate of the estate of Virginia DiPerna Lenzo was filed in the Office of the Register of Wills in the Probate Division of the Superior Court of the District of Columbia (the "Probate Division") by an individual named Floriana Nestore, who in the same petition requested appointment as Personal Representative. Upon information and belief, as of the date of this Interpleader Action, that petition has not yet been acted upon and a Personal Representative has not yet been appointed. Pending such appointment, Plaintiff has named Defendant "Jane Doe" as the representative of Virginia Di Perna Lenzo's estate in the District of Columbia.

## THE GROUND LEASE FOR
## THE WASHINGTON SQUARE OFFICE BUILDING

13. Plaintiff owns an office building, commonly known as "Washington Square," located on Lot 55 in Square 163 in the District of Columbia that has a street address of 1050 Connecticut Avenue, N.W., Washington, D.C.

14. Plaintiff leases a part of the land on which its office building is located pursuant to a Lease Agreement dated July 24, 1980, by and among Plaintiff, as Tenant, and Nunziato Di Perna, Virginia Di Perna Lenzo, Maria Di Perna Tripoli, Anna Di Perna, Tindaro Lenzo, Santi Tripoli, Mario Tripoli and Cettina Maria Tripoli, as Landlord (the "Ground Lease"). A Memorandum of the Ground Lease dated July 22, 1980, was recorded on July 31, 1980, as Instrument No. 24300 in the Office of the Recorder of Deeds of the District of Columbia ("Office of the Recorder of Deeds"). The land that is the subject of the Ground Lease consists of former Lot 49 in Square 163 in the District of Columbia, as more fully described in a subdivision made by Wilhelmina Hense, as per

plat recorded in Liber No. 48 at Folio 105 of the Records of the Office of the Surveyor of the District of Columbia (the "Ground Lease Parcel").

15. On January 1 and July 1 of each of the years 2006 through 2010, inclusive, Plaintiff is required by the terms of the Ground Lease to make a semi-annual payment of rent to the landlords under the Ground Lease in the aggregate amount of $300,000. On January 1 and July 1 of each of the years 2011 through and including 2079, Plaintiff is required by the terms of the Ground Lease to make semi-annual payments of rent to the landlords thereunder in increasing amounts. A true, correct and complete copy of the Ground Lease is attached hereto as Exhibit B.

16. This Interpleader involves the interests of one of the landlords under the Ground Lease, Virginia Di Perna Lenzo, who, several years before her death, conveyed her interests in the Ground Lease Parcel in equal parts to separate Trusts bearing her name, and the name of her husband, according to the records of the Office of the Recorder of Deeds.

## THE VIRGINIA LENZO TRUST

17. By Deed dated May 13, 2003, and recorded on June 5, 2003 as Instrument No. 2003069199 in the Office of the Recorder of Deeds, Virginia Di Perna Lenzo conveyed an undivided one-sixth (1/6) interest as tenant in common in the Ground Lease Parcel to The Virginia Lenzo Trust. A true, correct and complete copy of the referenced Deed is attached hereto as Exhibit C.

18. With respect to the semi-annual payments of rent due under the Ground Lease on January 1 and July 1 of each of the years 2006 through 2010, inclusive, the

6

amount allocable to this undivided one-sixth (1/6) interest in the Ground Lease Parcel is $50,000.

## THE TINDARO LENZO TRUST

19.    By Deed dated May 13, 2003, and recorded on June 5, 2003 as Instrument No. 2003069199 in the Office of the Recorder of Deeds, Virginia Di Perna Lenzo conveyed an undivided one-sixth (1/6) interest as tenant in common in the Ground Lease Parcel to The Tindaro Lenzo Trust. This conveyance was made by the same instrument attached hereto as Exhibit C.

20.    With respect to the semi-annual payments of rent due under the Ground Lease on January 1 and July 1 of each of the years 2006 through 2010, inclusive, the amount allocable to this undivided one-sixth (1/6) interest in the Ground Lease Parcel is $50,000.

## THE DEATH OF VIRGINIA DI PERNA LENZO

21.    Upon information and belief, Virignia Di Perna Lenzo died on or about February 26, 2005. Upon information and belief, Virginia Di Perna Lenzo was survived only by her two children, the individual Defendants herein, as her husband, Tindaro, had predeceased her.

22.    On October 21, 2005, a petition for standard probate of the estate of Virginia Di Perna Lenzo, and for the appointment of a personal representative, was filed in the Probate Division of the Superior Court of the District of Columbia. The petition seeks to probate a Will dated July 3, 1995, a true, correct and complete copy of which is attached hereto as Exhibit D, which identifies Nunziata Lenzo Romano and Giuseppe

7

Lenzo as the heirs of the estate. Upon information and belief, the petition remains pending as of the date of this Interpleader Action.

### DEFENDANTS' COMPETING CLAIMS TO RENTAL PAYMENTS UNDER THE GROUND LEASE

23.     By letters dated October 24, 2005 and December 6, 2005, Defendant Nunziata Lenzo Romano, through her counsel, has demanded of the Plaintiff that the semi-annual payments of rent allocable to the one-sixth (1/6) interest in the Ground Lease Parcel held by The Virginia Lenzo Trust and the one-sixth (1/6) interest in the Ground Lease Parcel held by The Tindaro Lenzo Trust be made to the estate of her mother, Virginia DiPerna Lenzo, beginning with the $50,000 payment for each 1/6 interest due on or about January 1, 2006. A true, correct and complete copy of the October 24, 2005 letter is attached hereto as Exhibit E and a true, correct and complete copy of the December 6, 2005 letter is attached hereto as Exhibit F.

24.     The letters contend that both Trusts were revoked by Virginia Di Perna Lenzo on October 3, 2004 in a handwritten will that has been recorded in Italy and which provides, in pertinent part, that "[a]ny and all papers or documents formally signed by me in relation to the property situated in L St. 1742-1744 N.W. Washington, D.C. U.S.A. should be considered null and void." The referenced address, "L. St. 1742-1744 N.W.," was the former street address of the Ground Lease Parcel before Plaintiff constructed its office building thereon. Although Ms. Romano has not sought to admit the referenced handwritten will to probate in the District of Columbia, she contends that the referenced provision nevertheless effectuated a revocation of the Trusts prior to her mother's death. The October 24, 2005 and December 6, 2005 letters from Ms. Romano's counsel threaten

to hold Plaintiff liable if the January 1, 2006 rental payment for both interests, totaling $100,000, is not paid in accordance with the instructions stated therein.

25. The public record, however, provides that legal title to the one-sixth (1/6) interest in the Ground Lease Parcel, formerly held by Virginia Di Perna Lenzo, is held by The Virginia Lenzo Trust, under which Giuseppe Lenzo is the Trustee and the sole beneficiary. The public record further provides that legal title to the additional one-sixth (1/6) interest in the Ground Lease Parcel, formerly held by Virginia Di Perna Lenzo, is held by The Tindaro Lenzo Trust, under which Giuseppe Lenzo is the Trustee and, upon information and belief, the sole beneficiary. Moreover, pursuant to its terms, The Virginia Lenzo Trust can be revoked only upon a "written instrument delivered to the Trustee," and, upon information and belief, The Tindaro Lenzo Trust contains the same provision. Plaintiff has not been provided evidence of a formal revocation in accordance with these provisions.

26. By reason of these conflicting claims, Plaintiff is in doubt as to which Defendant is entitled to be paid the referenced rental payments.

WHEREFORE, Plaintiff requests that the Court adjudge:

(1) That the Defendants be required to interplead and settle among themselves their rights to the semi-annual installments of rent payable under the Ground Lease on January 1, 2006, and on all dates after January 1, 2006 on which rent is payable and due under the Ground Lease, with respect to the interests in the Ground Lease Parcel held of record by The Virginia Lenzo Trust and The Tindaro Lenzo Trust;

(2) That Plaintiff be discharged from all liability for the semi-annual installment of rent due on January 1, 2006 under the Ground Lease with respect to the

interests in the Ground Lease Parcel held of record by The Virginia Lenzo Trust and The Tindaro Lenzo Trust upon payment into the Registry of this Court of the respective amounts due under the Ground Lease with respect to those interests;

(3) That, until a final judgment is entered in this proceeding, Plaintiff be discharged from all liability for any future semi-annual installments of rent due under the Ground Lease with respect to the aforementioned interests upon payment into the Registry of this Court of the respective amounts due under the Ground Lease with respect to those interests;

(4) That the Court issue a preliminary and permanent injunction barring and enjoining the Defendants from instituting or prosecuting any proceeding in any State or United States Court affecting the property, instrument or obligation that is the subject of this Interpleader Action;

(5) That Plaintiff recover its costs, including reasonable fees and costs, in connection with this Interpleader Action; and

(6) That Plaintiff be awarded all other relief that this Court deems just and equitable.

Dated: December 16, 2005                    Respectfully submitted,

_____
Jeremy S. Simon, D.C. Bar No. 447956
Thompson, Loss & Judge LLP
1919 Pennsylvania Ave., N.W.
Suite M-200
Washington, D.C. 20006
(202) 772-5170 (phone)
(202) 772-5180 (fax)

Counsel for Interpleader Plaintiff