IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WASHINGTON SQUARE LIMITED )<br>PARTNERSHIP, R.L.L.P. )<br>1050 Connecticut Ave., N.W. )<br>Washington, D.C. 20036 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GIUSEPPE LENZO )<br>8925 Collins Avenue )<br>Surfside, Florida 33154 )<br>)<br>and )<br>)<br>GIUSEPPE LENZO, as Trustee of )<br>The Virginia Lenzo Trust )<br>8925 Collins Avenue )<br>Surfside, Florida 33154 )<br>)<br>and )<br>)<br>GIUSEPPE LENZO, as Trustee of )<br>The Tindaro Lenzo Trust )<br>8925 Collins Avenue )<br>Surfside, Florida 33154 )<br>)<br>and )<br>)<br>NUNZIATA LENZO ROMANO )<br>Via Galimberti 24 )<br>Biella, 13900 Italy )<br>)<br>and )<br>)<br>JANE DOE, Personal Representative )<br>of Estate of Virginia Di Perna Lenzo )<br>c/o Register of Wills of the )<br>District of Columbia )<br>500 Indiana Avenue, N.W. )<br>Washington, D.C. 20001 ) | Civil Action No. |

|        |     |
| ------ | --- |
|        | )   |
| Defendants. | ) |
|        | )   |

## MOTION FOR ORDER INTERPLEADING DEFENDANTS AND DIRECTING THE DEPOSIT OF FUNDS INTO THE COURT REGISTRY

Pursuant to 28 U.S.C. § 1335, Plaintiff, Washington Square Limited Partnership, R.L.L.P. (hereinafter, "Plaintiff"), hereby moves this Court for an order directing the Defendants to appear and interplead their respective claims and directing the deposit of the disputed rental payments into the court registry. As grounds, Plaintiff states:

1. This is an action for statutory interpleader under 28 U.S.C. § 1335 as set forth more fully in Plaintiff's Complaint of Interpleader ("Complaint"), which is incorporated herein by reference.

2. As described more fully in the Complaint, Plaintiff leases a parcel of land on which its office building in Washington, D.C. is located under the terms of a Lease Agreement dated July 24, 1980, which is attached as Exhibit B to the Complaint (the "Ground Lease"). The parcel of land under lease, defined in the Complaint as the "Ground Lease Parcel," has multiple owners who, pursuant to the terms of the Ground Lease, are entitled to semi-annual payments of rent from Plaintiff in accordance with their respective interests. The next semi-annual payment of rent comes due on January 1, 2006. (See ¶ 1(p) and ¶ 3(a)(vii) of Exh. B to Complaint)[1]

3. This Interpleader action involves two, one-sixth (1/6) interests in the Ground Lease Parcel which were formerly held of record in the name of Virginia Di

---

[1] Under paragraph 3(a) of the Ground Lease, Plaintiff is required to pay rent in semi-annual installments on the first day of each "Semi-Annual Period." The term "Semi-Annual Period" is defined in the Ground Lease as a six month period beginning on January 1, 1981 and following sequentially thereafter. (¶ 1(p) of Ground Lease, Exh. B to Complaint)

Perna Lenzo, who died on February 26, 2005. Several years prior to her death, and specifically by Deed dated May 13, 2003, Virginia Di Perna Lenzo conveyed legal title to these one-sixth interests to two Trusts, the Virginia Lenzo Trust and the Tindaro Lenzo Trust, which name her son, Giuseppe Lenzo as Trustee and sole beneficiary.[2] (See Exh. A to Complaint, at ¶1.4(b) and ¶1.5(e); Exh. C to the Complaint) Plaintiff has been making payments of the semi-annual installments of rent allocable to these interests in accordance with this public record.

4. Plaintiff is now faced with conflicting and competing demands for payment of the January 1, 2006 installment of rent allocable to these interests, which totals $100,000, or $50,000 for each interest respectively. On the one hand, Virginia Di Perna Lenzo's son, Defendant Giuseppe Lenzo, is the Trustee and sole beneficiary of the two Trusts that, according to the public record, hold legal title to the interests formerly held by Virginia Di Perna Lenzo in the leased property. (Id.) Mr. Lenzo expects that payments will continue in accordance with this public record. In contrast, Virginia Di Perna Lenzo's daughter, Defendant Nunziata Lenzo Romano, asserts that legal title to the Ground Lease Parcel held in those Trusts reverted back to Virginia Di Perna Lenzo prior to her death. Ms. Romano contends that she and her brother are each entitled to one-half of the rental payments allocable to each one-sixth interest as their mother's heirs. (See Exh. E and F to Complaint) Plaintiff stands neutral in this dispute and is unable to determine the respective rights of the Defendants to the rental payments at issue.

5. This action for Interpleader is proper because Plaintiff is exposed to multiple claims on a single obligation and cannot determine the claimants' respective

---

[2] Plaintiff does not have a copy of the Tindaro Lenzo Trust but believes that its terms are the same as those in the Virginia Lenzo Trust, which is attached as Exhibit A to the Complaint.

3

rights without risking the potential for multiple liability on that obligation. The claimants to the interpleader funds, moreover, are adverse within the meaning of 28 U.S.C. § 1335 since each is claiming or may claim to be entitled to such money. At least two or more of the claimants are of diverse citizenship as defined by 28 U.S.C. § 1332.

6. Plaintiff stands ready to make the rental payments at issue when they come due on January 1, 2006. To avoid the risk of an event of default under the Ground Lease, and to satisfy the requirements of 28 U.S.C. § 1335, Plaintiff seeks an order authorizing and directing the deposit of the disputed rental payments into the court registry for ultimate disposition by further order of this Court. Because the Complaint meets the jurisdictional requirements of 28 U.S.C. § 1335, it is proper for this Court to issue such an order and to issue summonses to the claimants named as Defendants herein directing them to interplead in this action.

7. The claimants named as Defendants herein are subject to service pursuant to Federal Rule of Civil Procedure 4(k)(1) and 28 U.S.C. § 2361, and other related statutes, and their joinder as party defendants will not deprive this Court of its subject matter jurisdiction under 28 U.S.C. § 1335.

8. The period of twenty (20) days is a reasonable period within which the named Defendants should be required by the summonses served upon them to appear and defend this claim.

9. Plaintiff, through its counsel, has contacted counsel for the claimant, Nunziata Lenzo Romano, and has been advised that Ms. Romano consents to the relief requested in this motion. Plaintiff has attempted unsuccessfully to reach a representative of Giuseppe Lenzo to seek his consent to the relief requested in this motion.

10.    The Certificate of Service that appears below reflects Plaintiff's efforts to provide the claimants with a copy of this motion in an expedited fashion.

11.    A supporting memorandum of law and proposed Order accompany this motion.

WHEREFORE, Plaintiff moves this Court for an order:

(a)    Directing the issuance of summonses from this Court to each of the named Defendants and requiring them to respond to the Complaint and interplead their respective claims within twenty (20) days after service; and

(b)    Authorizing and ordering Plaintiff to deposit into the court registry, until ultimate disposition of this action by further order of this Court, the semi-annual installment of rent under the Ground Lease that is allocable to the referenced interests in the Ground Lease Parcel, commencing with the rental payment of $100,000 that is due with respect to these interests on January 1, 2006.

Date: December 16, 2005                    Respectfully submitted,

Jeremy S. Simon, D.C. Bar No. 447956
Thompson, Loss & Judge LLP
1919 Pennsylvania Ave., N.W.
Suite M-200
Washington, D.C. 20006
(202) 772-5170 (phone)
(202) 772-5180 (fax)

Counsel for Interpleader Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of December 2005, I caused to be served a true and correct copy of the foregoing, and accompanying memorandum of law and proposed Order, via first-class mail, postage prepaid, and through the additional methods indicated below, on the following:

1. Michael Pollack, Esq. (via first-class mail and electronic mail)
   Law Offices of Babak Movahedi, PLLC
   1700 Q. Street, N.W.
   Washington, D.C. 20009

   Counsel for Nunziata Lenzo Romano

2. Giuseppe Lenzo (via regular mail and overnight federal express)
   8925 Collins Avenue
   Surfside, FL 33154

_____
Jeremy S. Simon