IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P.<br>1050 Connecticut Ave., N.W.<br>Washington, D.C. 20036<br><br>Plaintiff,<br><br>v.<br><br>GIUSEPPE LENZO<br>8925 Collins Avenue<br>Surfside, Florida 33154<br><br>and<br><br>GIUSEPPE LENZO, as Trustee of<br>The Virginia Lenzo Trust<br>8925 Collins Avenue<br>Surfside, Florida 33154<br><br>and<br><br>GIUSEPPE LENZO, as Trustee of<br>The Tindaro Lenzo Trust<br>8925 Collins Avenue<br>Surfside, Florida 33154<br><br>and<br><br>NUNZIATA LENZO ROMANO<br>Via Galimberti 24<br>Biella, 13900 Italy<br><br>and<br><br>JANE DOE, Personal Representative<br>of Estate of Virginia Di Perna Lenzo<br>c/o Register of Wills of the<br>District of Columbia<br>500 Indiana Avenue, N.W.<br>Washington, D.C. 20001 | Civil Action No. |

```
                                      )
       Defendants.                    )
                                      )
_____)
```

## MEMORANDUM IN SUPPORT OF MOTION FOR
## ORDER INTERPLEADING DEFENDANTS AND DIRECTING
## THE DEPOSIT OF FUNDS INTO THE COURT REGISTRY

Plaintiff, Washington Square Limited Partnership, R.L.L.P. (hereinafter, "Plaintiff"), submits this memorandum in support of its motion, pursuant to 28 U.S.C. § 1335, for an order interpleading defendants and directing the deposit of the disputed rental payments into the registry of the Court.

## ARGUMENT

The federal interpleader statute, 28 U.S.C. § 1335, offers a mechanism for judicial relief to neutral parties, such as the Plaintiff herein, who are faced with conflicting and competing claims with respect to a single obligation. In this case, Plaintiff is faced with competing claims, by adverse parties, to certain rental payments that come due on January 1, 2006 in the total amount of $100,000, as more fully described in the accompanying motion. Plaintiff has a bona fide fear of multiple liability if the relief requested in the accompanying motion is not granted. If Plaintiff makes the referenced payments to one of the adverse claimants, it risks liability on the same obligation if the other claimants were to establish their entitlement to the same funds. If Plaintiff fails to make the referenced payments, Plaintiff risks an event of default under its lease.

Plaintiff is a neutral party that stands ready to meet its obligations under its lease, but cannot determine which of the Defendants is entitled to receive the payments at issue. Plaintiff's action for interpleader is appropriate under these circumstances. With the exception of depositing the interpleader funds with the Court, which is a subject of the

accompanying motion, Plaintiff has met the requirements for statutory interpleader under 28 U.S.C. § 1335. Specifically, the disputed property exceeds $500 in value and is being claimed by two or more adverse claimants of diverse citizenship. See 28 U.S.C. § 1335. The diversity required under 28 U.S.C. § 1335 is minimal diversity; that is, the court looks only to the diversity of the adverse claimants and requires only that, as here, two of the claimants be adverse under 28 U.S.C. § 1332(a).[1] See, e.g., Star Ins. Co. v. Cedar Valley Express, LLC, 273 F. Supp.2d 38, 41 (D.D.C. 2002) ("jurisdiction is proper . . . so long as at least two of the claimants are citizens of different states"); 28 U.S.C. § 1335(a)(1) (conferring jurisdiction provided "two or more adverse claimants" are of "diverse citizenship as defined in subsection (a) or (d) of section 1332").

Because the Complaint meets the jurisdictional requirements of section 1335, it is proper for this Court to at least provisionally accept jurisdiction over this action, issue summonses to all claimants directing them to appear and interplead in this action and direct the deposit of the disputed rental payments into the court registry. Star Ins. Co., 273 F. Supp.2d at 42. Notice to the putative defendants is not required under 28 U.S.C. § 1335 for the Court to grant the relief requested in the accompanying motion. Star Ins. Co., 273 F. Supp.2d at 42 (noting that provisional relief under the interpleader statute can be afforded without notice). However, as stated in the accompanying motion, Plaintiff has attempted to provide notice to the claimants.

In sum, the relief requested herein is necessary to protect a neutral party from the risk of exposure to multiple liability on a single obligation. The relief requested is not

---

[1] Minimal diversity has been alleged in this matter since at least one claimant, Giuseppe Lenzo, is a United States citizen, residing in Florida, whereas at least one other claimant, Nunziata Lenzo Romano, is a citizen of a foreign state (i.e., Italy). See 28 U.S.C. § 1332(a)(2).

prejudicial to any of the claimants since they will have an opportunity to be fully heard on the appropriateness of the interpleader action when they submit responsive pleadings following service of the requested summons. In the interim, their interests would be protected by the deposit of the disputed funds into the court registry, for ultimate disposition by further order of this Court.

## **CONCLUSION**

For the foregoing reasons, the relief requested in the accompanying motion should be granted.

Date: December 16, 2005

Respectfully submitted,

Jeremy S. Simon, D.C. Bar No. 447956
Thompson, Loss & Judge LLP
1919 Pennsylvania Ave., N.W.
Suite M-200
Washington, D.C. 20006
(202) 772-5170 (phone)
(202) 772-5180 (fax)

Counsel for Interpleader Plaintiff