## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P.<br>1050 Connecticut Ave., N.W.<br>Washington, D.C. 20036<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>GIUSEPPE LENZO<br>8925 Collins Avenue<br>Surfside, Florida 33154<br><br>　　　and<br><br>GIUSEPPE LENZO, as Trustee of<br>The Virginia Lenzo Trust<br>8925 Collins Avenue<br>Surfside, Florida 33154<br><br>　　　and<br><br>GIUSEPPE LENZO, as Trustee of<br>The Tindaro Lenzo Trust<br>8925 Collins Avenue<br>Surfside, Florida 33154<br><br>　　　and<br><br>NUNZIATA LENZO ROMANO<br>Via Galimberti 24<br>Biella, 13900 Italy<br><br>　　　and<br><br>JANE DOE, Personal Representative<br>of Estate of Virginia Di Perna Lenzo<br>c/o Register of Wills of the<br>District of Columbia<br>500 Indiana Avenue, N.W.<br>Washington, D.C. 20001 | CASE NUMBER: 1:05CV02420<br>JUDGE: Emmet G. Sullivan<br>DECK TYPE: General Civil<br>DATE STAMPED: 01/12/2006 |

```
                                          )
         Defendants                       )
                                          )
_____)
```

## ANSWER OF DEFENDANT NUNZIATA LENZO ROMANO

Defendant Nunziata Lenzo Romano ("Defendant"), one of the defendants in this action, through counsel, hereby files her Answer to Plaintiff's Complaint, stating as follows:

1. This is a matter of law and Defendant neither admits nor denies the allegation

2. Admitted in part, denied in part: Defendant denies that there are two 1/6 interests in the leased property as set out in this allegation. Defendant asserts that undivided title to the 1/3 interest of Virginia DiPerna Lenzo is in the estate of Virginia DiPerna Lenzo.

3. Admitted that Plaintiff stands neutral in this dispute and is unable to determine the respective rights of the Defendants to the rental payments at issue. Defendant does not have sufficient information to admit or deny that Giuseppe Lenzo expects payments to continue. Admitted that Defendant contends that she and her brother are each entitled to one-half of the rental payments attributable to Virginia DiPerna Lenzo as their mother's surviving heirs. Defendant denies that the rental payments are allocable to 1/6 interests, to the extent that the 1/6 interests refer to the trusts.

4. Admitted.

5. Admitted.

6. Defendant neither admits nor denies the intentions of the Plaintiff in regard to depositing funds in the Registry. Defendant lacks knowledge as to whether Defendant Giuseppe Lenzo asserts a competing interest, and on that basis the last allegation in paragraph 6 of the Complaint is denied.

7. Admitted.

8. Upon information and belief, Defendant admits paragraph 8 of the Complaint.

9. Defendant denies that Giuseppe Lenzo is Trustee and sole beneficiary of any Trust related to the parcel of land involved in this matter. Defendant admits that Exhibit A of the Complaint purports to establish a trust referred to as The Virginia Lenzo Trust, but Defendant denies that said trust had or has any legal effect.

10. Defendant denies that Giuseppe Lenzo is Trustee and sole beneficiary of any Trust related to the parcel of land involved in this matter. To the extent that Paragraph 10 describes "The Tindaro Lenzo Trust" Defendant lacks sufficient information to admit or deny that said trust had or has any legal effect.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admit that the Interpleader involves the interests of Virginia DiPerna Lenzo. Deny that the Trusts described in Paragraph 16 had or have any legal effect.

17. Admit that there is a document purporting to convey the interest as stated in Paragraph 17. Deny that the Trust had or has any legal effect.

18. Deny that there is an undivided one-sixth interest. Defendant asserts that there is an undivided one-third interest owned by the Estate of Virginia Di Perna Lenzo, for which a payment of $100,000 is due on the dates set out in Paragraph 18.

19. Admit that there is a document purporting to convey the interest as stated in Paragraph 17. Deny that the Trust had or has any legal effect.

20. Deny that there is an undivided one-sixth interest. Defendant asserts that there is an undivided one-third interest owned by the Estate of Virginia Di Perna Lenzo, for which a payment of $100,000 is due on the dates set out in Paragraph 18.

21. Admitted.

22. Admitted.

23. Admit the copies of the letters are valid. Deny that the letters refer to 1/6th interests in the Ground Lease Parcel. Defendant asserts that the letters demand that the full amount of the payments are owed to the estate of Virginia DiPerna Lenzo.

24. Admit, although denying that Defendant's counsel's letters contained a threat.

25. Admit that the public record is as the Plaintiff contends in Paragraph 25. Deny the remainder of Paragraph 25.

26. Defendant can neither admit nor deny Plaintiff's assertion of doubt.

WHEREFORE, Defendant requests that the Court adjudge:

1. That all funds placed in the registry of the court pursuant to the Court's Order of December 21, 2005, are found to be funds belonging to the estate of Virginia DiPerna Lenzo.

2. That henceforth all payments be divided 50% to Giuseppe Lenzo and 50% to Nunziata Lenzo Romano and paid directly to them by Plaintiffs.

3. That any funds in the Registry of the Court shall be divided 50% to Giuseppe Lenzo and 50% to Nunziata Lenzo Romano.

4. That Plaintiff's request for "its costs, including reasonable fees and costs, in connection with this Interpleader Action" be granted solely from proceeds due to Giuseppe Lenzo, the party whose claim to all of the funds is groundless and whose assertions necessitated interpleader,

THIS COURT'S jurisdiction under 28 U.S.C. § 1335

Defendant agrees that this Court has jurisdiction under 28 U.S.C. § 1335 to hear this interpleader.

Dated:  January 12, 2006                    Respectfully submitted:

                                            _____
                                            Michael J. Pollack, D.C. Bar No. 425184
                                            Law Office of Babak Movahedi, L.L.P
                                            1700 Q Street, N.W.
                                            Washington, D.C. 20009
                                            (202)-234-5522  (phone)
                                            (202)-234-5582  (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer on this 12th day of January 2006 was served by regular mail postage prepaid to:

Jeremy S. Simon, Esq.
Thompson, Loss & Judge, LLP
1919 Pennsylvania Ave., N.W.
Suite M-200
Washington, D.C. 20006
Counsel for Washington Square Limited Partnership, R.L.L.P.

Giuseppe Lenzo
8925 Collins Avenue
Surfside, Florida 33154

_____
Michael J. Pollack, D.C.