IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P.,<br><br>Plaintiff,<br><br>v.<br><br>GIUSEPPE LENZO, et al.<br><br>Defendants. | Civ. Action No. 05-2420 (EGS) |

**MOTION FOR ORDER AUTHORIZING
SERVICE OF PROCESS BY COMMERCIAL
CARRIER AND ORDINARY MAIL**

Plaintiff, through undersigned counsel, hereby moves for an order pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure authorizing service of process on defendant Giuseppe Lenzo, individually and as Trustee of the Tindaro Lenzo Trust and Virginia Lenzo Trust, by the methods of commercial carrier service and ordinary mail, postage pre-paid, at an address in Italy where he is presently located, and as grounds states:

1. On December 16, 2005, Plaintiff filed this action for statutory interpleader under 28 U.S.C. § 1335 with respect to certain rental payments which are the subject of competing claims among the defendants. The competing claims concern two, one-sixth (1/6) interests in the leased property which were formerly held of record in the name of Virginia Di Perna Lenzo, who died on February 26, 2005. Several years prior to her death, and specifically by Deed dated May 13, 2003, Virginia Di Perna Lenzo conveyed legal title to these one-sixth interests to two Trusts, the Virginia Lenzo Trust and the

Tindaro Lenzo Trust, which name her son, Giuseppe Lenzo as Trustee and sole beneficiary. Mr. Lenzo's sister, defendant Nunziata Lenzo Romano, disputes the validity of the title held by these Trusts, as set forth more fully in her Answer to the Complaint filed on or about January 12, 2006 (docket entry no. 7).

2. Mr. Lenzo has not answered the complaint and, to date, Plaintiff has been unable to formally serve him at his residence at the Mirage Condominiums, located at 8925 Collins Avenue, Surfside, Florida 33154. When Plaintiff attempted to serve Mr. Lenzo at his Florida residence in late December 2005, the property manager there advised that Mr. Lenzo was presently out of the country, was not expected to return for several months, and that his exact return date was not known. The property manager further advised that, during Mr. Lenzo's absence, mail addressed to Mr. Lenzo was being forwarded by management to an address overseas, but would not release that address without a subpoena.

3. Plaintiff issued a subpoena to obtain Mr. Lenzo's address in Italy and in response to that subpoena was advised of the following address for Mr. Lenzo: Giuseppe Lenzo, Via I Stella C.P. No. 62, 36011 Arsiero (VI) Italy. Plaintiff confirmed that mail being sent to that address by the property manager of the Mirage Condominiums is not being returned as non-deliverable.

4. Although there is a procedure for serving the summons and complaint on defendants in Italy through the designated Italian governmental authorities, that option is an expensive and time consuming procedure that may ultimately prove futile if Mr. Lenzo were to return to the United States before such procedure could be completed.

5.      By this motion, Plaintiff respectfully requests that this Court exercise its authority pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure to craft an alternate method of service that is fair and efficient under these circumstances. Specifically, Plaintiff seeks authority to serve the summons and complaint, and this court's order of December 21, 2005, on Mr. Lenzo by a commercial delivery service (i.e., DHL, Federal Express or an equivalent service) and, alternatively, by ordinary mail, postage pre-paid, directed to the referenced address in Italy.

6.      As set forth more fully in the accompanying memorandum of points and authorities, Rule 4(f)(3) affirmatively authorizes federal district courts to direct any form of service that is not prohibited by an international agreement. Service by mail is not prohibited under the applicable treaty between the United States and Italy (and, indeed, is affirmatively permitted under that treaty) and, under the circumstances presented here, is reasonably calculated to apprise Mr. Lenzo of this litigation (of which Plaintiff believes he already is aware).

7.      Plaintiff seeks approval for two methods of service -- by commercial carrier and ordinary mail -- so as to avoid a situation where Mr. Lenzo has the ability to thwart service by declining to sign for a commercial carrier delivery. The record demonstrates that Mr. Lenzo is on notice of this action, that he has chosen not to participate voluntarily, and that he therefore is likely to avoid service if given the opportunity. Accordingly, Plaintiff requests that the Court authorize service by ordinary mail, postage pre-paid, as an alternative method of service that may be attempted concurrently with delivery through a commercial carrier.

8. Plaintiff, through its counsel, has contacted counsel for defendant Nunziata Lenzo Romano, and has been authorized to represent that Ms. Romano consents to the relief requested in this motion. Since Ms. Romano is the only defendant that has appeared in this action, the motion would appear to be unopposed pursuant to Local Rule 7(m).

9. A proposed Order, supporting memorandum of points and authorities, and supporting Declarations of Douglas R. Frew and Jeremy S. Simon accompany this motion.

Date: January 26, 2006               Respectfully submitted,


/s/ Jeremy S. Simon
Jeremy S. Simon
D.C. Bar No. 447956
Thompson, Loss & Judge LLP
1919 Pennsylvania Ave., N.W.
Suite M-200
Washington, D.C. 20006
(202) 772-5170 (phone)
(202) 772-5180 (fax)

Counsel for Interpleader Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of January 2006, I caused to be served a true and correct copy of the foregoing, supporting memorandum of points and authorities, Declarations of Douglas R. Frew and Jeremy S. Simon, and proposed Order, via first-class mail, postage prepaid (or where applicable by pre-paid international mail), on Michael Pollack, Esq. and Giuseppe Lenzo at the addresses listed below.

1. Michael Pollack, Esq.
   Law Offices of Babak Movahedi, PLLC
   1700 Q. Street, N.W.
   Washington, D.C. 20009

   Counsel for Nunziata Lenzo Romano and for Floriana Nestore, the individual who has sought appointment as Personal Representative of the Estate of Virginia Di Perna Lenzo

2. Giuseppe Lenzo
   8925 Collins Avenue
   Surfside, FL 33154

3. Giuseppe Lenzo
   Via I Stella C.P. No. 62
   36011 Arsiero (VI) Italy

/s/ Jeremy S. Simon
Jeremy S. Simon