IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SQUARE LIMITED )<br>PARTNERSHIP, R.L.L.P. )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>GIUSEPPE LENZO, et al., )<br> )<br>Defendants. )<br>_____) | Civ. Action No. 05-2420 (EGS) |

**DECLARATION OF JEREMY S. SIMON**

I, Jeremy S. Simon, declare as follows:

1. I am counsel of record for the Plaintiff in the above-captioned matter.

2. On December 16, 2005, my office sent a copy of the complaint (with exhibits) via overnight Federal Express, addressed to Mr. Lenzo at his residence at the Mirage Condominiums, 8925 Collins Avenue, Surfside, Florida 33154, and received notification from Federal Express that the package was successfully delivered on December 17, 2005 and signed for by a receptionist at the Mirage.

3. On December 22, 2005, my office sent a copy of this Court's order of December 21, 2005 via overnight Federal Express, addressed to Mr. Lenzo at his residence at the Mirage Condominiums, 8925 Collins Avenue, Surfside, Florida 33154, and received notification from Federal Express that the package was successfully delivered on December 23, 2005 and signed for by a receptionist at the Mirage.

4. On January 4, 2006, after learning that the Mirage was forwarding Mr. Lenzo's mail to an overseas address, I issued a subpoena to The Continental Group, Inc.

("Continental"), which is the company that manages the Mirage Condominiums, requesting "documents sufficient to show any address for Giuseppe Lenzo, whether foreign or domestic, to which mail addressed to Giuseppe Lenzo at 8925 Collins Avenue, Surfside, FL 33154 is currently being forwarded by you."

5. On January 13, 2006, I received a response to the subpoena, by letter from the General Counsel for Continental, providing the following address: Giuseppe Lenzo, Via I Stella C.P. No. 62, 36011 Arsiero (VI) Italy. A true and correct copy of that letter is attached hereto. In a subsequent telephone conversation on January 13, 2006, the General Counsel for Continental advised that the Mirage was in fact sending mail addressed to Mr. Lenzo to this address in Italy and that such mailings were not being returned to the Mirage as non-deliverable.

6. Thereafter, I spoke with a representative of a company specializing in international service and was provided the attached informational brochure regarding options for service in Italy though Italian governmental authorities and, alternatively, through private service agents in Italy.

7. In late November of 2005, prior to the filing of the above-captioned action, Plaintiff received an unsolicited telephone call from an attorney in Florida who indicated that he expected to be representing Mr. Lenzo in connection with the interpleader action that was then being contemplated, but had not yet formally confirmed his retention. I spoke with this lawyer on December 16, 2005, and was advised that, despite the lawyer's prior indication, the lawyer would not, in fact, be representing Mr. Lenzo.

I declare under penalty of perjury that the foregoing is true and correct based on my personal knowledge, information and belief. Executed on January 25, 2006, in the District of Columbia.

_____
Jeremy S. Simon

# THE CONTINENTAL GROUP, INC.

PROPERTY SERVICES
Licensed Real Estate Broker

2950 N. 28th Terrace
Hollywood, Florida 33020
Phone: (954) 925-8200
Toll Free: 1(800) 927-4599
Fax: (954) 378-2298

January 12, 2006

**VIA FACSIMILE 202 772 5180**

Jeremy S. Simon, Esq.
Thompson Loss & Judge, LLP
1919 Pennsylvania Avenue NW, #M-200
Washington DC 20006-3458

Re: Washington Square vs. Lenzo (D.D.C. 05-2420)

Dear Mr. Simon:

Pursuant to your letter of January 5, 2006 and supporting Subpoena, please be advised the following is the current address we have for Giuseppe Lenzo:

Giuseppe Lenzo
Via I Stella C.P. No. 62
36011 Arsiero (VI) Italy

Very truly yours,

Anthony A. Kalliche
Executive V.P. & General Counsel
The Continental Group, Inc.

AAK/ld



# Service Of Judicial Documents In Italy

### This information is not intended as "legal advice" or "legal opinion"

The United States and Italy are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Done at the Hague, November 15, 1965, (Hague Service Convention). This method of service is recommended. Service by private agent is available, although it *may* be quashed in the originating court (depending upon your local statutes), is not valid in Italy and **any US judgment obtained on the basis of this service would not likely be enforceable *in Italy*.**

Service in Italy through the Hague Service Convention normally takes 2 months, but can take longer. No request for expedited service is acknowledged by the foreign judicial authorities. Because of this, we will provide a notarized affidavit indicating that the service is in progress, that we are in compliance with applicable statutes, and when we reasonably expect service to be completed. This can be used to support a motion to extend, if necessary, and is provided at no additional cost. The judicial authorities in Italy are not obligated to provide status and generally do not. We will, however, follow the progress of the service as closely as possible.

**Please note:** We may request that an order be obtained appointing our firm as an entity authorized to request service. We will prepare the order for you at no additional cost. It would be your responsibility to have it executed.

The following is required for us to effect service through the treaty:

1. One set of service documents for each entity
2. Name and address of entity to be served
3. Our service fee of **$465, per defendant.** You will also be responsible for any judicial expenses invoiced by the authorities in Italy. Additional shipping and copy costs are incurred if the documents exceed 75 pages (a minimum of $25 and increased relative to the size of the documents).
4. Translation fees, if we provide translation ($60 per page, based upon an average 250 word page. Exhibits and other documents are quoted upon viewing). If the documents are not translated, the judicial authorities in Italy can refuse to serve them.

Private agent service fees are dependent upon the location of the service, with average fees being $1,000, per defendant (additional entities at same address or vicinity reduced). If this is the method you choose, we require the address for service to obtain a quote (because fees are due in advance) and authorization from you indicating you have been informed of the potential problems. However, rather than risk challenges to an alternative method of service under Article 10, it would be prudent to not invite potential challenges or protracted appellate proceedings on questions of validity or adequacy of service by private agents in a Convention country.

### ALL FEES DUE IN ADVANCE



## CROWE FOREIGN SERVICES
## 1020 SW TAYLOR STREET, SUITE 240
## PORTLAND, OREGON 97205
### Phone: 503-222-3085 Fax: 503-222-3950
www.hagueserviceconvention.com

Fees subject to change. Please call ahead
Copyright © 2002 Crowe Foreign Services

**Updated March 1, 2004**