IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WASHINGTON SQUARE LIMITED
PARTNERSHIP, R.L.L.P.,

    *Plaintiff,*

v.

GIUSEPPE LENZO, individually;
GIUSEPPE LENZO, as Trustee of
The Virginia Lenzo Trust;
GIUSEPPE LENZO, as Trustee of
The Tindaro Lenzo Trust;
NUNZIATA LENZO ROMANO;
and JANE DOE, as Personal
Representative of Estate of Virginia
Di Perna Lenzo,

    *Defendants.*

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.: 1:05CV02420
Judge Emmet G. Sullivan
Deck Type: General Civil
Date Stamp: 01/12/2006

### *MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION, OR IN THE ALTERNATIVE, TO STAY OR ABATE ACTION PENDING RESOLUTION OF PREVIOUSLY FILED RELATED PROCEEDINGS IN OTHER COURTS*

Defendant, GIUSEPPE LENZO, individually, and as Trustee of the Tindaro Lenzo Trust

and of the Virginia Lenzo Trust, respectfully moves for dismissal of this action due to lack of

subject-matter jurisdiction, or in the alternative, for an order staying or abating this action

pending resolution of proceedings involving the disposition of the testamentary estate of Virginia

Di Perna Lenzo.  In support of this Motion, Defendant GIUSEPPE LENZO would show:

    1.    This Court lacks subject-matter jurisdiction over this purported interpleader action

under 28 U.S.C. § 1335, insofar as the allegations of the Complaint indicate that this action does

not involve a dispute between "two or more adverse claimants, of diverse citizenship" to the

rental payments due under the lease in question (under which Plaintiff holds possession of the

subject property).  To the contrary, the allegations of the Complaint affirmatively disclose that

Defendant JANE DOE has not asserted any claim to such rental payments, and the allegations provide no reason to believe that JANE DOE may assert such a claim at any time in the future. Thus, the only competing stakeholders in this case are in fact GIUSEPPE LENZO and NUNZIATA LENZO ROMANO, and because the Affidavit of GIUSEPPE LENZO, which is filed concurrently with this Motion, establishes that GIUSEPPE LENZO is in fact a citizen and resident of Italy, as is NUNZIATA LENZO ROMANO, the requisite diversity of citizenship is lacking in this case, and this Court therefore lacks subject-matter jurisdiction to entertain such action.

2.      In the alternative, assuming *arguendo* that the requirements for diversity jurisdiction over a statutory interpleader action were otherwise satisfied in this case, this Court is barred from exercising such jurisdiction in the instant case by virtue of the "probate exception" to federal court jurisdiction, insofar as the claims of NUNZIATA LENZO ROMANO in this case are based upon the contention that the Virginia Lenzo Trust and the Tindaro Lenzo Trust were both effectively revoked by the purported holographic will of Virginia Di Perna Lenzo executed October 3, 2004, and such claims thus involve issues inextricably related to the probate of the testamentary estate of Virginia Di Perna Lenzo, (Administration No. 1173-05) pending in the Superior court of the District of Columbia, Probate Division. Thus, this Court should refuse to exercise jurisdiction in this case, even if the general requirements for diversity jurisdiction in a Section 1335 interpleader action may be satisfied in this case.

3.      In the further alternative, assuming *arguendo* that the general requirements for diversity jurisdiction have been established, and that the exercise of such jurisdiction is not barred by the "probate exception," this Court nevertheless should grant a stay or abatement of this action, pending resolution of probate proceedings in the Superior Court of the District of

Columbia, Probate Division, which proceedings antedated the filing of this action, and which involve issues related to the issues raised by the pleadings in this case. The interests of judicial economy and the convenience of the parties require that this action be stayed or abated pending the resolution of such probate proceedings.

WHEREFORE, Defendant GIUSEPPE LENZO respectfully requests that this Court enter an order dismissing this action for lack of subject-matter jurisdiction, or in the alternative, enter an order staying or abating this action pending final resolution of the Superior Court of the District of Columbia, Probate Division, proceedings referenced in the instant Complaint for Interpleader, and grant such other and further relief as may be deemed just and equitable.

Respectfully submitted,

By: _____ /s/ _____

Joseph DeGance, *Pro Hac Vice*[*] Applicant
3471 N. Federal Highway
Suite 300
Fort Lauderdale, Florida 33306
Tel: (954) 566-1531
Fax: (954) 566-2382
Email: jldegance@hotmail.com

*Attorney for Defendant*
*GIUSEPPE LENZO*

_____ /s/ _____

Michael A. Dymersky
D.C. Bar #370593
Furey, Doolan & Abell, LLP
8401 Connecticut Avenue
Suite 1100
Chevy Chase, Maryland 20815
Tel: (301) 652-6880
Fax: (301) 652-8972
Email:mdymersky@fdalaw.com

*Local Counsel for Defendant*
*GIUSEPPE LENZO*

---

[*] *Proc Hac Vice* motion and affidavit filed contemporaneously with the instant motion papers.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of February 2006, copies of the foregoing were served by filing with the Court's CM/ECF System upon the following: Jeremy S. Simon, Esquire, Thompson, Loss & Judge LLP, 1919 Pennsylvania Avenue, N.W., Suite M-200, Washington, D.C., 20006, and Michael J. Pollack, Esquire, Law Offices of Babak Movahedi, PLLC, 1700 Q Street N.W., Washington, D.C., 20009.

/s/
Michael A. Dymersky

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WASHINGTON SQUARE LIMITED
PARTNERSHIP, R.L.L.P.,

    *Plaintiff,*

v.

GIUSEPPE LENZO, individually;
GIUSEPPE LENZO, as Trustee of
The Virginia Lenzo Trust;
GIUSEPPE LENZO, as Trustee of
The Tindaro Lenzo Trust;
NUNZIATA LENZO ROMANO;
and JANE DOE, as Personal
Representative of Estate of Virginia
Di Perna Lenzo,

    *Defendants.*

:   Case No.: 1:05CV02420
:   Judge Emmet G. Sullivan
:   Deck Type: General Civil
:   Date Stamp: 01/12/2006

## *MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION, OR IN THE ALTERNATIVE, TO STAY OR ABATE ACTION PENDING RESOLUTION OF PREVIOUSLY FILED RELATED PROCEEDINGS IN OTHER COURTS*

This is an action by Plaintiff, WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P., for statutory interpleader under 28 U.S.C. § 1335. Plaintiff alleges that it is the lessee under a lease, and that it is in doubt concerning the person entitled to receive a portion of the rent payments due under such lease, as a result of conflicting claims to such payments by the respective Defendant/stakeholders. Defendant GIUSEPPE LENZO has moved to dismiss this interpleader action due to lack of subject-matter jurisdiction, or, in the alternative, has moved to stay or abate this action pending resolution of probate proceedings in Administration No. 1173-05, pending in the Superior Court of the District of Columbia, Probate Division, and he offers the following points and authorities in support therof.

## BACKGROUND

The Complaint alleges that Defendant GIUSEPPE LENZO claims entitlement to the rental payments by virtue of the fact that he is entitled to such payments based on the "record title" to the property in question. However, the Complaint also asserts that Defendant NUNZIATA LENZO ROMANO has also asserted entitlement to such rent payments, based on the contention that a holographic will executed by Virginia Di Perna Lenzo in Italy, on October 3, 2004, effectively revoked two *inter vivos* trusts that had been executed on April 15, 2003, by Virginia Di Perna Lenzo and her husband Tindaro Lenzo. NUNZIATA LENZO ROMANO contends that, as a result of such alleged revocation of the *inter vivos* trusts, the right to receive the rental payments reverted back to Virginia Di Perna Lenzo, and such Defendant claims entitlement to such payments, by virtue of her status as sole beneficiary under the purported October 3, 2004 holographic will.

The Complaint also names JANE DOE, as personal representative of the estate of Virginia Di Perna Lenzo, as a Defendant/stakeholder in this case, although the Complaint contains no allegations indicating that JANE DOE has made any claim to the rental payments at issue in this case. Furthermore, the facts alleged in the Complaint do not provide any reason to believe that such Defendant/stakeholder will assert a claim to the rental payments in dispute at any time in the future, insofar as the facts alleged in the Complaint indicate that pending probate proceedings in the District of Columbia probate court for the administration of the estate of Virginia Di Perna Lenzo are based upon a will executed on July 3, 1995, long before creation of the two *inter vivos* trusts that allegedly were revoked by execution of the October 3, 2004 holographic will.

- 2 -

<u>ARGUMENT</u>

I.    <u>Diversity jurisdiction is absent in this case insofar as the conflicting claims to the
rental payments in dispute are not made by claimants of "diverse citizenship"</u>

The first reason why this action must be dismissed for lack of subject-matter jurisdiction

is because this case does not present the requisite diversity of citizenship to support the exercise

of jurisdiction by this Court.  This action is brought pursuant to 28 U.S.C. § 1335, which

provides:

> **§ 1335. Interpleader**
>
> (a) The district courts shall have original jurisdiction of any civil
> action of interpleader or in the nature of interpleader filed by any
> person, firm, or corporation, association, or society having in his or
> its custody or possession money or property of the value of $500 or
> more, or having issued a note, bond, certificate, policy of
> insurance, or other instrument of value or amount of $500 or more,
> or providing for the delivery or payment or the loan of money or
> property of such amount or value, or being under any obligation
> written or unwritten to the amount of $500 or more, if
>
> (1) ***Two or more adverse claimants, of diverse citizenship*** as
> defined in subsection (a) or (d) of section 1332 of this title, ***are
> claiming or may claim to be entitled to such money or property,***
> or to any one or more of the benefits arising by virtue of any note,
> bond, certificate, policy or other instrument, or arising by virtue of
> any such obligation; and if (2) the plaintiff has deposited such
> money or property or has paid the amount of or the loan or other
> value of such instrument or the amount due under such obligation
> into the registry of the court, there to abide the judgment of the
> court, or has given bond payable to the clerk of the court in such
> amount and with such surety as the court or judge may deem
> proper, conditioned upon the compliance by the plaintiff with the
> future order or judgment of the court with respect to the subject
> matter of the controversy.
>
> (b) Such an action may be entertained although the titles or claims
> of the conflicting claimants do not have a common origin, or are
> not identical, but are adverse to and independent of one another.

(emphasis added). The diversity requirements for a statutory interpleader action are not as demanding as those applicable to diversity cases in general, insofar as the statute does not require "complete diversity," but only that the dispute to the property be between at least two claimants of "diverse citizenship." *See, State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 530, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).

 The instant case fails to present a case involving even the "minimal" diversity required to support an interpleader action, because (1) the allegations in the Complaint to the effect that Defendant/stakeholder GIUSEPPE LENZO is a citizen and resident of the State of Florida are not correct, as is evidenced by the Affidavit of such Defendant/stakeholder which is filed contemporaneously with this Motion; such affidavit demonstrates that GIUSEPPE LENZO is, in fact, a citizen and domiciliary of Italy, as is Defendant/stakeholder NUNZIATA LENZO ROMANO, and (2) the allegations of the Complaint fail to indicate either that Defendant/stakeholder JANE DOE has asserted any claim to the rental payments in dispute, or that there is any reason to believe that such Defendant/stakeholder will assert a claim to such rental payments in the future, so that this action is in reality merely a dispute between two citizens and residents of Italy, over which this Court has no subject-matter jurisdiction.

 The Complaint in this case alleges, "upon information and belief," that Defendant/stakeholder GIUSEPPE LENZO, who is sued in both his individual capacity and as Trustee of the Virginia Lenzo and Tindaro Lenzo trusts, is a citizen of the United States residing in Florida. (Complaint, ¶ 8). However, the record in this case demonstrates that such allegation is not in fact correct. For one thing, service of process upon GIUSEPPE LENZO in this case was not accomplished by serving him in Florida, but instead by service in Italy, pursuant to this Court's previous order authorizing such service. More importantly, the Affidavit of GIUSEPPE

- 4 -

LENZO establishes that he is not, in fact, a citizen of Florida as alleged, but rather a citizen and resident of Italy. Such sworn testimony by this Defendant/stakeholder is sufficient to overcome the allegation to the contrary in the Complaint, particularly where such allegation was made on the basis of "information and belief." *See, Romig v. Gillett,* 187 U.S. 111, 23 S.Ct. 40, 47 L.Ed 97 (1902) (allegation based on "information and belief" insufficient to support *in personam* jurisdiction on basis of service by publication); *Hutchison v. Colgate & Co.,* 52 App.D.C. 46, 280 F. 1020 (1922).

It should also be noted that the Italian citizenship of GIUSEPPE LENZO is determinative of whether the claims of the two trusts involved in this case establish the requisite diversity, as well as the individual claims of such Defendant/stakeholder. Citizenship of a trustee for diversity-jurisdiction purposes is generally determined by where the trustee resides, rather than by the citizenship of any beneficiaries of the trust. *See, Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 462-463, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). However, insofar as GIUSEPPE LENZO is both the trustee and the beneficiary of the Virginia Lenzo and Tindaro Lenzo Trusts, the "citizenship" of these trusts would also be Italy, even if an alternative standard focusing on the beneficiary rather than the trustee were used instead.

Thus, it is clear that the claims to the disputed rental payments that have been made by NUNZIATA LENZO ROMANO, as well as those asserted by GIUSEPPE LENZO, both in his individual capacity and in his capacity as Trustee of the two trusts, all involve claims to the disputed property by citizens or nationals of Italy. If there is any basis for exercise of diversity jurisdiction in this case, therefore, it must be found, if at all, as a result of the "claim" to the property made by Defendant/stakeholder JANE DOE. A careful examination of the allegations of the Complaint, however, discloses that such Defendant/stakeholder has not in fact asserted

any claim to the rental payments in dispute, and that the allegations of the Complaint do not provide any reason to believe that such a claim will be made in the future. Therefore, the requisite diversity is lacking, and this Court must dismiss the Complaint in Interpleader for lack of subject-matter jurisdiction.

As previously noted, the Complaint fails to allege that JANE DOE has made any claim to the rental payments in dispute. (Complaint ¶¶ 23-26). Furthermore, based on the facts alleged, it is inconceivable that JANE DOE could assert any claim to the rental payments in dispute in this case, regardless of whether or not the Court accepts the contention of NUNZIATA LENZO ROMANO that the October 3, 2004 holographic will revoked the two prior trusts.

If the Court rules in favor of NUNZIATA LENZO ROMANO on this point, then the rental payments in dispute would belong to her. On the other hand, if the Court rejects this contention, then the right to the rental payments would belong to GIUSEPPE LENZO, on the rationale that Virginia Di Perna Lenzo made a valid *inter vivos* conveyance of the property in question to a trust, under which GIUSEPPE LENZO is both Trustee and beneficiary. The only possible way that JANE DOE could conceivably assert a claim to the rental payments involved in this case is to contend both that the October 3, 2004 holographic will is invalid, and also that the original creation of the trusts in April 2003 and/or the original transfer of the leasehold property to the trusts, was somehow invalid. No party claiming any entitlement to the disputed rental payments in this case has done so on the basis that the initial creation of the trusts and/or the conveyance of the leasehold property to the trusts were invalid from the outset, and any contention that JANE DOE may assert a clam to the rental payments on this basis in the future rests on sheer speculation alone.

Thus, the alleged claims of JANE DOE to the rental payments in dispute in this case should be disregarded. The facts alleged do not provide a reasonable basis for concluding that such Defendant has or may assert any claim to the disputed rental payments, and the presence of this Defendant in the action therefore should be disregarded. *See, Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568 (5th Cir. 2004) (discussing principle under which claims against party who has been joined solely for purposes of manipulating jurisdiction should be disregarded in determining existence of subject-matter jurisdiction). The fact that JANE DOE has not been served with process in this case is an additional reason to disregard Plaintiff's inclusion of such Defendant/stakeholder in this case.

Based on the foregoing, the instant case does not present a proper case for exercise of subject-matter jurisdiction. The dispute in this case over entitlement to the rent payments in question is solely between two citizens and residents of Italy, NUNZIATA LENZO ROMANO and GIUSEPPE LENZO. Accordingly, this Court lacks subject-matter jurisdiction even under the "minimal diversity" required to support a statutory interpleader action, and the case therefore should be dismissed.

II.    Assuming *arguendo* that subject-matter jurisdiction otherwise was established, the exercise of such jurisdiction in this case is barred by the "probate exception" to federal subject-matter jurisdiction

Even if the requirements for diversity jurisdiction in a statutory interpleader action had been met in this case, it would still be impermissible for this Court to assume subject-matter jurisdiction over this action, insofar as doing so would inextricably involve the Court in matters that are better determined by state probate courts than federal tribunals.

The central issue raised by the dispute between the various stakeholders over entitlement to the rent payments due under the lease is whether the alleged execution in Italy by Virginia Di

Perna Lenzo on October 3, 2004 of a holographic will constituted a valid revocation of her

previous actions in establishing the Virginia Lenzo Trust and/or conveying her interest in the

subject lease to such trust. Such issue is one that properly should be decided by a probate court.

In the recent case of *In re Marshall,* 392 F.3d 1118 (9th Cir. 2004), *cert. granted,* 126

S.Ct. 35, 162 L.Ed.2d 933 (Sept. 27, 2005), the court outlined the scope of the "probate

exception" to federal court jurisdiction, as applied to a claim alleging tortious interference with a

prospective inheritance. After holding that the doctrine applied in "federal question" cases as

well as those where jurisdiction was predicated on diversity of citizenship, the Court described in

detail the parameters of the principle as follows:

> We have few precedents which address the probate
> exception so we shall consider and borrow from the established
> body of case law more thoroughly developed in our sister circuits.
> In particular, we adopt the framework for analysis laid out by the
> Second Circuit in Moser v. Pollin, 294 F.3d 335, 340 (2d
> Cir.2002), because it mirrors the explanation of the probate
> exception as set forth by the Supreme Court in Markham [v. Allen,
> 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946)].
>
> In *Moser* the Second Circuit engaged in a two part inquiry
> to determine whether the controversy before it implicated probate
> matters such that the probate exception to federal jurisdiction
> applied. 294 F.3d at 340. The first part of the inquiry focuses on
> the question whether the matter is purely probate in nature, in that
> the federal court is being asked directly to probate a will or
> administer an estate. Id. As the Moser court noted "since few
> practitioners would be so misdirected as to seek, for example,
> letters testamentary or letters of administration from a federal
> judge," the answer to this question is almost always "No." Id. ***The
> second part of the inquiry focuses on whether the matter is
> probate related by determining whether, by exercising
> jurisdiction over the matter, the federal court would: (1) interfere
> with the probate proceedings; (2) assume general jurisdiction of
> the probate; or (3) assume control over property in custody of the
> state court.*** Id. (citing Markham, 326 U.S. at 494, 66 S.Ct. 296). ***If
> the answer to any of these questions is yes, then the probate
> exception applies.***

\* \* \*

*The reach of the probate exception encompasses* not only direct challenges to a will or trust, but also *questions which would ordinarily be decided by a probate court in determining the validity of the decedent's estate planning instrument.* Such questions include fraud, undue influence upon a testator, and tortious interference with the testator's intent. See Sutton, 246 U.S. at 207-08, 38 S.Ct. 254 (holding that in Texas a suit that is essentially a claim to property subject to administration in an estate is not within the jurisdiction of the federal courts); see also Turja v. Turja, 118 F.3d 1006, 1008-10 (4th Cir.1997) (holding that the probate exception applies to claims of undue influence and lack of testamentary capacity); Beren v. Ropfogel, 24 F.3d 1226, 1228-29 (10th Cir.1994) (declining to hear tort claims of interference with expected inter vivos gifts or testamentary dispositions because "the state probate proceeding afforded plaintiffs an 'adequate and available' remedy in state court to contest [the] will" and "[t]he risk of inconsistent results is obvious"); Dragan v. Miller, 679 F.2d 712, 714-17 (7th Cir.1982) (refusing to hear a suit by a decedent's natural heirs against the beneficiaries of a will for intentional interference with the expectancy of an inheritance); Starr v. Rupp, 25 Ohio Misc. 224, 421 F.2d 999, 1003-07 (6th Cir.1970) (refusing to consider claims for breach of fiduciary duty that had already been rejected by the state court).

J. Howard Marshall II expressly declared that it was his intention to give, devise and bequeath all of his property to E. Pierce Marshall, family trusts, and to various charities through the provisions of his 1982 trust, as amended. Virtually all J. Howard Marshall II's property was to be conveyed post mortem to E. Pierce Marshall under the terms of the 1982 trust, as amended, for the express uses and purposes detailed as part of the terms of the written trust. The Texas probate court, as the supervisor of estate administration, was required to sort through all claims regarding distribution of the trust corpus. As the probate judge observed, the parties appearing in Texas were there to resolve:

> the question of what [J. Howard Marshall II] had and what he did with it and whether that was proper or improper. All of that was before the Court. Howard Marshall III complained of every transaction that was done since 1979. Every transaction in connection with his estate plan was before this Court, and all of those transactions were

found to be valid by the jury, and the Court is going
to find them to be valid.

**The district court's invalidation of the 1982 trust,** as
amended, *was a necessary step supporting the conclusion that
Vickie Lynn Marshall was entitled to a money judgment for
damages.* The district court specifically determined that the trust
was forged and was procured by fraud in direct and irreconcilable
conflict with the Texas probate court's judgment entered consistent
with the findings of a jury. The district court's finding that J.
Howard Marshall II intended to favor Vickie Lynn Marshall with a
multi-million dollar gift, devise or bequest of property from his
estate stands in direct conflict with the probate court's finding that
J. Howard Marshall II did not intend to give, and did not give,
Vickie Lynn Marshall any further gift either during his lifetime or
post mortem.

The bankruptcy court's judgment was based specifically on
Vickie Lynn Marshall's interest in J. Howard Marshall II's estate.
In the bankruptcy court Vickie Lynn Marshall's damages were
fixed in a dollar sum, less whatever future sum was to be received
from the Texas probate proceedings in the Estate of J. Howard
Marshall II. The district court's damage award is likewise based on
the theory that property that was distributed from the trust estate of
J. Howard Marshall II to E. Pierce Marshall should have been
distributed to Vickie Lynn Marshall instead.

Although Vickie Lynn Marshall styles her action as a tort
action, it is clear that *the exercise of federal jurisdiction would*
and, in this case, did *interfere with the Texas probate court
proceedings.* Vickie Lynn Marshall argues that her counterclaim is
a personal one against E. Pierce Marshall as an individual and not
against the estate. She cites Breaux v. Dilsaver for the proposition
that the probate exception is inapplicable to an action against an
administrator of an estate in his personal capacity because the
judgment would be satisfied from the defendant's own property
and not from the decedent's estate. 254 F.3d 533, 536-37 (5th
Cir.2001). Breaux did not involve a challenge to the validity of the
decedent's will or the distribution of estate property. Id. at 537. The
personal representative's performance of his duties under the will
was the only matter at issue. Id. at 535. Here this is not the case. In
her brief, Vickie Lynn Marshall argues that she is entitled to
nothing either from the 1982 trust, as amended, or the estate itself.
Rather, she contends that she is entitled to the amount that J.
Howard Marshall II intended to give her, in the form of a separate
catch-all trust, but for the improper interference by E. Pierce

- 10 -

Marshall. ***Regardless of the way in which Vickie Lynn Marshall
seeks to characterize her lawsuit, "it is in substance nothing
more than a thinly veiled will contest."*** Moser, 294 F.3d at 340-
41. "[M]ere labels--whether an action is styled as a tort action or
will contest--are not decisive in our probate-exception analysis."
Storm v. Storm, 328 F.3d 941, 945 (7th Cir.2003). When the
district court entered a judgment in favor of Vickie Lynn Marshall
in the form of a damage award based upon what the court thought
she should have received from J. Howard Marshall II's estate, the
power of the Texas probate court was negated.

The Seventh Circuit, in a case very similar to this one,
addressed some of these same issues. In Storm v. Storm, the
grandson of the decedent filed an action seeking to obtain damages
for tortious interference with an inheritance expectancy. 328 F.3d
at 942. The court held that while the plaintiff

> phrases his action as one involving tortious
> interference with his inheritance expectancy, ***the
> practical effect of his lawsuit would be similar to
> that of a successful will contest:*** the terms of the
> final, allegedly invalid testamentary instruments
> would essentially be bypassed, while [the plaintiff]
> would receive, as damages, the assets he would
> have otherwise been entitled to under what he says
> are [the decedent's] actual will and trust.

Id. at 945. Here the terms, held to be valid by the Texas probate
court, of J. Howard Marshall II's 1982 trust, as amended, were
bypassed by the district court when it granted damages "in the
amount that J. Howard intended to give her." Although Vickie
Lynn Marshall couches her claims in terms of tortious interference,
if we were to uphold the decision of the district court we would
essentially be allowing Vickie Lynn Marshall a second chance to
litigate her claim against the estate of J. Howard Marshall II.

Vickie Lynn Marshall also contends that the probate
exception is not applicable because her counterclaim concerns E.
Pierce Marshall's interference with an *inter vivos* gift and that the
gift was not a testamentary disposition. We find no support for this
argument. ***The probate exception applies not only to contested
wills, but also to trusts that direct a post mortem disposition of
the trustor's property.*** See Golden ex rel. Golden v. Golden, 382
F.3d 348, 359 (3d Cir.2004) (agreeing with Storm, 328 F.3d at
947, that "causes of action involving trusts are treated under the
probate exception in the same way as actions involving wills"). An

- 11 -

inter vivos trust which disposes of property upon the death of the settlor is a recognized will substitute. See Georges v. Glick, 856 F.2d 971, 974 n. 2 (7th Cir.1988); see also Storm, 328 F.3d at 947.

Vickie Lynn Marshall cannot avoid the probate exception simply by stating that the trust which she claims was to be created for her benefit was an inter vivos trust. Here, the trust put into question by Vickie Lynn Marshall (the 1982 trust, as amended), not only controlled the distribution of J. Howard Marshall II's property during his lifetime, but also provided for the post mortem disposition of trust property. The trust executed by J. Howard Marshall II constituted the centerpiece of his estate plan. By declaring that the trust was invalid, the bankruptcy and district courts directly interfered with the Texas probate court's administration of the decedent's estate.

We agree with the contention of E. Pierce Marshall that *the probate exception to federal court jurisdiction applies in this case because Vickie Lynn Marshall's claims were simply a disguised attack on J. Howard Marshall II's 1982 trust,* as amended, *and on the postmortem disposition of his property as provided in the trust.*

*Id.*, 392 F.3d at 1132-1136 (emphasis and bracketed matter added; footnotes omitted).

The probate exception applies in the instant case for the same reason that it was applicable in *Marshall, supra,* and in the *Storm* case cited therein. The claims of NUNZIATA LENZO ROMANO in this case are merely "disguised attacks" on the overall scheme for testamentary disposition of the property of Virginia Di Perna Lenzo, as established by her 1995 will and the 2003 creation of the *inter vivos* trust and subsequent transfer to the trust of her interest in the subject leasehold. For this Court to assume subject-matter jurisdiction over this claim would require the Court to interfere in matters that properly should be decided by the Superior Court of the District of Columbia, Probate Division.

As has been previously observed, there is no inconsistency between the terms of the 1995 will executed by Virginia Di Perna Lenzo and the subsequent creation of the *inter vivos* trust in 2003 and conveyance of Virginia's interest in the lease to the trust. The status of the 1995 will

- 12 -

as the Last Will of Virginia Di Perna Lenzo is not precluded by recognition of the validity of the subsequent creation of the trust and conveyance thereto of Virginia's interest in the lease. However, the claims made by NUNZIATA LENZO ROMANO in this case clearly challenge the decedent's testamentary scheme, by asserting that the alleged October 3, 2004 holographic will revoked both the 1995 will and the trusts created in 2003. This involves a direct attack upon the testamentary scheme established by Virginia Di Perna Lenzo by the 1995 will and 2003 trusts, and triggers application of the probate exception in this case. This action therefore should be dismissed on the basis of the probate exception, even if it is assumed that the general requirements for diversity jurisdiction in a statutory interpleader action have been satisfied.

III.    <u>Assuming that subject-matter jurisdiction exists, this action Court should nevertheless abstain from exercising jurisdiction</u>

Even if it is assumed *arguendo* that the exercise of subject-matter jurisdiction by this Court in the instant case is not absolutely barred by the lack of the requisite diversity and/or the "probate exception," this Court nevertheless has discretion to abstain from exercising such jurisdiction, and the instant case presents a situation in which such discretion should be invoked.

In *Koehring Co. v. Hyde Construction Co.,* 424 F.2d 1200 (7th Cir. 1970), the court held that it was proper for a district court to abstain from exercising jurisdiction in a statutory interpleader action, even though the minimal requirements for diversity jurisdiction had been met, where the plaintiff had alternative remedies available under state law to determine the priorities of the allegedly conflicting claims that had been made upon the plaintiff. The court said:

> [W]e agree with the remarks of Professor Moore, who has stated:
>
>> * * * It should also be within the discretion of the interpleader court, sitting as a court of equity, to decline to exercise jurisdiction when there is an

- 13 -

action pending elsewhere wherein the liability of
the stakeholder to all claimants may be fairly and
conclusively determined. In such a case, the fear of
multiple vexation and inconsistent liability which
serves as the premise for interpleader relief may be
absent; this, in addition to the prior lodging of
jurisdiction in another tribunal, may properly
convince the interpleader court that it is both safe
and prudent to stay its hand. If these conditions are
met, there is no reason to believe that the
interpleader statute comples the exercise of
jurisdiction, thus depriving the court of the
discretion traditionally exercised to deny equitable
relief when there is another adequate remedy 'at
law.' There is strong support for this proposition in
the federal cases. [citation omitted]

Considering the ample procedures available
for their protection in Mississippi, we perceive no
equity in the position of the appellants. Moreover,
to encourage a practice of denying the state courts
of general jurisdiction the right to enforce their own
judgments through the device of federal interpleader
would be most disruptive of a healthy federalism.
There are strong reasons for the federal courts to
relinquish their jurisdiction in favor of the state
courts, where the exercise of jurisdiction involves
an unnecessary interference by injunction with the
lawful action of state officers.

*Id.*, 424 F.2d at 1204-05 and n.8 (citation omitted). *See also, Commerce & Industry Ins. Co. v.*

*Cablewave Ltd.,* 412 F. Supp. 204, 207 (S.D. N.Y. 1976) (interpleader relief may be denied if

there is an adequate remedy elsewhere); *Consolidation Coal Co. v. Bailey,* 308 F. Supp. 1251,

1253 (N.D. W.Va. 1970) ("when it appears that a party has an adequate remedy at law,

interpleader, being an equitable remedy, will be denied"); *Truck-A-Tune, Inc. v. Re,* 23 F.3d 60

(2d Cir. 1994).

The instant case presents an appropriate occasion for abstention.  The central issue raised

by the Complaint in Interpleader in this case – whether the alleged holographic will dated

October 3, 2004 effectively revoked the previously established trusts, so as to re-vest in Virginia Di Perna Lenzo the right to receive the rental payments in dispute – can and should be litigated in connection with the probate of the estate of such Decedent. Plaintiff should not be permitted to make a federal case out of what is essentially a will contest. This Court therefore should abstain from exercising jurisdiction, even if it is assumed the Court has the power to do so.

IV.    <u>Assuming that subject-matter jurisdiction exists and abstention is not appropriate, this action nevertheless should be stayed or abated pending resolution of ongoing probate proceedings in the Superior Court for the District of Columbia, Probate Division</u>

Assuming that the Court is of the opinion that jurisdiction exists and abstention is not proper, the Court nevertheless should stay or abate this action pending completion of the probate proceedings in the Superior Court for the District of Columbia, Probate Division, which proceedings were instituted prior to the filing of this action, and which involve issues similar and/or related to the issues raised by the pleadings in this case.

The law is well established that it is appropriate for a United States District Court to stay or abate proceedings brought before it, on the ground that there are alternative proceedings pending in state court between the same parties in which the same or related issues have been raised. As stated in *Ystueta v. Parris,* 486 F. Supp. 127 (N.D. Ga. 1980):

> Despite early decisions to the contrary, it is now generally recognized that a district court does have the power to grant a discretionary stay of a federal action which is substantially duplicated by a pending state action between the same parties.

*Id.*, 486 F. Supp. at 128 (citation omitted). *See also, Mahaffey v. Bechtel Assocs. Prof'l Corp., D.C.,* 226 U.S. App. D.C. 7, 699 F.2d 545, 546 (D.C. Cir. 1983) ("When federal jurisdiction predicated upon diversity of citizenship is properly asserted, the prior commencement of an action in a local court may justify abatement of the federal action").

- 15 -

In short, the circumstances of the instant case counsel in favor of such a stay or abatement, even if this Court is not inclined to refrain from exercising subject-matter jurisdiction outright. The state probate proceeding was commenced prior to this interpleader action, and thus is entitled to preference under the "first in time" principle. Also, considerations of federalism and judicial economy both favor allowing the dispute between these parties to be determined in the probate court. There is no "federal question" presented in this case; to the contrary, the issue is essentially a "will contest" disguised as a dispute over entitlement to rent payments due under a lease. The issues presented are of the type within the specialized competence and jurisdiction of the Superior Court for the District of Columbia, Probate Division, and this Court should, at the very least, enter an order staying or abating this proceeding until the probate case may be resolved.

## CONCLUSION

For the reasons discussed above, this action should be dismissed, or in the alternative, the Court should enter an order staying or abating this action pending final resolution of the proceedings in Administration No. 1173-05 pending in the Superior Court of the District of Columbia, Probate Division.

Respectfully submitted,


By: _____/s/_____
Joseph DeGance, *Pro Hac Vice*[*] Applicant
3471 N. Federal Highway
Suite 300
Fort Lauderdale, Florida 33306
Tel: (954) 566-1531
Fax: (954) 566-2382
Email: jldegance@hotmail.com

*Attorney for Defendant*
*GIUSEPPE LENZO*




_____/s/_____
Michael A. Dymersky
D.C. Bar #370593
Furey, Doolan & Abell, LLP
8401 Connecticut Avenue
Suite 1100
Chevy Chase, Maryland 20815
Tel: (301) 652-6880
Fax: (301) 652-8972
Email: mdymersky@fdalaw.com

*Local Counsel for Defendant*
*GIUSEPPE LENZO*

---

[*] *Pro Hac Vice* motion and affidavit filed contemporaneously with the instant motion papers.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of February 2006, copies of the foregoing

were served by filing with the Court's CM/ECF System upon the following: Jeremy S. Simon,

Esquire, Thompson, Loss & Judge LLP, 1919 Pennsylvania Avenue, N.W., Suite M-200,

Washington, D.C., 20006, and Michael J. Pollack, Esquire, Law Offices of Babak Movahedi,

PLLC, 1700 Q Street N.W., Washington, D.C., 20009.

_____/s/_____
Michael A. Dymersky

- 18 -