UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P. )<br><br>    Planitiff,  )<br><br>    v.  )<br>        )<br>GIUSEPPE LENZO, *et al.*  )<br>        )<br>    Defendants.  )<br>        )<br>AND  )<br>        )<br>NUNZIATA LENZO ROMANO  )<br>        )<br>    Cross-Claimant,  )<br>        )<br>    v.  )<br>        )<br>GIUSEPPE LENZO  )<br>        )<br>    Cross-Defendant.  )  | CASE NUMBER 1:05CV02420<br><br>JUDGE: Emmet G. Sullivan<br><br>DECK TYPE: General Civil<br><br>DATE STAMP: 2/23/2006 |

## **CROSS-CLAIM**

Defendant/Cross-Claimant, Nunziata Lenzo Romano (Nunziata), through counsel, hereby files her cross-claim against Defendant/Cross-Defendant Giuseppe Lenzo (Giuseppe).

In support of this cross-claim Nunziata states as follows:

1. Nunziata and Guiseppe are defendants in the underlying interpleader action and the cross-claim is proper under Fed. Rule Civ. P. 13(g) in that the subject of this cross-claim

arises out of the transaction or occurrence that is the subject matter of the original action and/or property that is the subject matter of the original action.

2. This court has jurisdiction pursuant to 28 U.S.C. §1332(a) inasmuch as there is diversity of citizenship and the matter exceeds $75,000.00 and pursuant to 28 U.S.C. §1335 inasmuch as there is diversity of citizenship and the value at stake exceeds $500.00.

3. The underlying interpleader action is based on competing claims against the proceeds of a ground lease, as described in detail in the Interpleader Complaint.

4. Nunziata's claims are based upon the divise of a 50% share of the proceeds from the ground lease by reason of the will of Virginia DePerna Lenzo, who died testate in February 2005.

5. For several years Guiseppe has received, by reason of two purported trusts allegedly created on May 13, 2003, and described in detail in the Interpleader Complaint, the full amount of the proceeds from the ground lease that should have been paid to Virginia DePerna Lenzo and, upon her death divided equally among her heirs (Nunziata and Giuseppe).

6. Virginia DePerna Lenzo executed a written document on October 3, 2004, in which she states "[a]ny and all papers or documents formally signed by me in relation to the property situated in L St. 1742-1744 N.W. Washington, D.C. U.S.A.

   should be considered null and void." (The property that generated the proceeds from the ground lease.)

7. The January 2005 payment of $100,000 should have gone to Virginia DePerna Lenzo and the July 2005 payment of $100,000 should have been divided equally between Nunziata and Giuseppe.

8. Giuseppe received full payment of the January and July 2005 payments of $100,000 each, and failed to transmit Nunziata's share to her.

9. Since the time of the death of Virginia DePerna Lenzo, Giuseppe has exercised control over that certain real estate located at 3409 Broad Branch Terrace, N.W., Washington, D.C. 20008, even though that property became the property of Nunziata, pursuant to the will, and has failed to compensate Nunziata for the value of the use of that property.

WHEREFORE, Cross-claimant requests that the Court adjudge:

1. Nunziata is entitled to receipt of $50,000, plus interest, from Giuseppe as her 50% share of the July 2005 payment of the ground lease made to Giuseppe.

2. Nunziata is entitled to the fair market value rent, plus interest, of the property at 3409 Broad Branch Terrace, N.W., Washington, D.C. 20008, from February 2005 to the time of judgment.

3. The $50,000.00 to which Giuseppe would otherwise be entitled from the proceeds of the January 2006 ground rent that has been paid into the Court, be paid to Nunziata to offset any judgment resulting from this cross-claim.

4. Should any further payments of proceeds from the ground rent be deposited with the Court by the Plaintiff in the Interpleader Action, none of Giuseppe's share of those funds shall be disbursed to Giuseppe by the Court until funds from Giuseppe's share have been paid to Nunziata to the extent necessary to satisfy any judgment issued by this Court.

5. Nunziata is entitled to reasonable attorneys' fees and costs concerning this matter.

6. Such other relief that the Court deems appropriate.

Respectfully Submitted:

_____
Michael J. Pollack, Esq.
Law Office of Babak Movahedi, PLLC
1700 Q Street, N.W.
Washington, D.C. 20009
202-234-5522
202-234-5582 (fax)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion on this Twenty third day of February 2006 was served by regular mail postage prepaid to:

Jeremy S. Simon
Thompson, Loss & Judge LLP
1919 Pennsylvania Ave., N.W.
Washington, D.C. 20006

Giuseppe Lenzo
8925 Collins Avenue
Surfside, FL 33154

Giuseppe Lenzo
Via I Stella C.P. No. 62
36011 Arsiero (VI) Italy

Michael J. Pollack, Esq.
Law Office of Babak Movahedi, PLLC
1700 Q Street, N.W.
Washington, D.C. 20009
202-234-5522
202-234-5582 (fax)