IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P.**,

    Plaintiff,

vs.

**GIUSEPPE LENZO**, individually;
**GIUSEPPE LENZO**, as Trustee of
The Virginia Lenzo Trust;
**GIUSEPPE LENZO**, as Trustee of
The Tindaro Lenzo Trust;
**NUNZIATA LENZO ROMANO**;
and **JANE DOE**, as Personal
Representative of Estate of Virginia
Di Perna Lenzo,

    Defendants.
_____/

CASE NO.: 1:05CV02420
JUDGE: Emmet G. Sullivan
DECK TYPE: General Civil
DATE STAMP: 01/12/2006

### REPLY MEMORANDUM OF LAW OF GIUSEPPE LENZO IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION, OR IN THE ALTERNATIVE, TO STAY OR ABATE ACTION PENDING RESOLUTION OF PREVIOUSLY FILED RELATED PROCEEDINGS IN ANOTHER COURT

Defendant, GIUSEPPE LENZO, individually, and as Trustee of the Tindaro Lenzo Trust and the Virginia Lenzo Trust, respectfully submits this Reply Memorandum of Law in Support of his previously filed Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or in the alternative, to Stay or Abate Action Pending Resolution of Previously-filed Related Proceedings in Another Court. In this Memorandum Defendant GIUSEPPE LENZO will respond to the contentions of Plaintiff WASHINGTON SQUARE LIMITED PARTNERSHIP regarding the purpose and scope of the probate exception to federal-court jurisdiction.

THE PROBATE EXCEPTION BARS THE ASSUMPTION OF JURISDICTION OVER THIS CASE, INSOFAR AS THE CLAIMS ASSERTED HEREIN CONSTITUTE DIRECT CHALLENGES TO THE OVERALL SCHEME FOR POSTMORTEM DISPOSITION OF THE ASSETS OF VIRGINIA DI PERNA LENZO, AS ESTABLISHED BY THE *INTER VIVOS* TRUSTS AS WELL AS HER WILL.

Plaintiff argues that the probate exception is inapplicable to this case for several reasons. First it asserts that the involvement of the alleged holographic will of Virginia Di Perna Lenzo is not being offered as a testamentary instrument, but instead merely as a written revocation of the previously-established *inter vivos* trusts. It thus contends the probate exception is inapplicable because this case involves a dispute over a trust as opposed to a will contest. (Plaintiff's Memorandum in Opposition to Motion to Dismiss or Stay, pp. 15-16). Plaintiff also asserts that this Court may exercise subject-matter jurisdiction over this case without violating the probate exception because there is no "exclusive" probate court in the District of Columbia, and because while a petition for probate of the decedent's estate has been filed, no personal representative has yet been appointed and thus there is no ongoing probate proceeding, technically speaking. (*Id.* at 13-16, 18-20). It contends that the probate exception does not apply to interpleader actions (*Id.* at 17-18). Finally, Plaintiff seeks to distinguish *In re Marshall,* 392 F.3d 1118 (9th Cir. 2004), *cert. granted,* 126 S.Ct. 35, 162 L.Ed.2d 933 (Sept. 27, 2005), based on the foregoing arguments concerning the purpose and scope of the probate exception.

Plaintiff's characterization of the probate exception is not consistent with existing law, and its argument that the probate exception does not apply should be rejected. Recent decisions support application of the exception to actions involving *inter vivos* trusts under circumstances similar to those in the instant case.

In addition to the cases cited in Defendant's Initial Points and Authorities in support of his Motion to Dismiss or Stay, other cases supporting application of the probate exception in this case include *Dragan v. Miller,* 679 F.2d 712, 715 (7th Cir. 1982), in which the court noted that the exception applied to all proceedings "ancillary" to probate proceedings, or those proceedings contemplated by state law which may affect the ultimate outcome of the probate proceedings. The *Dragan* court described the underlying objectives and policies of the probate exception to be promotion of certainty and judicial economy, as well as deference to state courts with respect to issues of state law with which they were likely to be more familiar and have a greater expertise, as compared with federal courts. The court noted that the organizational structure of courts in a particular state has some bearing on these considerations, although it declined to give conclusive weight to such factors. 679 F.2d at 714-16.

Such a view is also consistent with the very recent decision in *Evans v. Pearson Enterprises, Inc.,* 434 F.3d 839 (6th Cir. 2006), in which the court declined to apply the probate exception to a claim involving breach of an *inter vivos trust* which was "unrelated to any probate proceeding," but emphasized that issues involving trusts which do bear such a relationship to a probate proceeding that is "occurring or envisioned" at the time of the lawsuit, 434 F.3d at 847, are within the scope of the exception, stating:

> To argue ... that state legislation always defines the boundaries of the probate exception, and thus federal jurisdiction, would contravene *Markham* and misinterpret precedent from this circuit that is wholly consistent with *Markham.* Bank One contends that federal courts have no jurisdiction to hear Evans' claim for breach of trust because this circuit has examined a probate court's exclusive jurisdiction when mapping the contours of the probate exception and because Michigan law places issues regarding all trusts (not simply testamentary trusts) within the exclusive jurisdiction of the probate court, *see* M.C.L. § 700.1302(b). Although this court has held that "[t]he standard for determining whether federal jurisdiction may be exercised is whether under

state law the dispute would be cognizable only by the probate court," *Lepard v. NBD Bank,* 384 F.3d 232, 237 (6th Cir.2004) (citing *McKibben v. Chubb,* 840 F.2d 1525, 1529 (10th Cir.1988)), this court has examined the exclusive jurisdiction of probate courts only when a claim concerned a decedent's estate. *See, e.g., Bedo v. McGuire,* 767 F.2d 305 (6th Cir.1985); *Starr v. Rupp,* 25 Ohio Misc. 224, 421 F.2d 999, 1005 (6th Cir.1970). These examinations of probate jurisdiction are consistent with *Markham* because we were ensuring that federal jurisdiction did not interfere with probate administration. Because the Supreme Court, in determining that a suit could proceed despite its relationship with estate administration, held that federal equity jurisdiction cannot be "curtailed by state legislation as to its [the state's] own courts," *Waterman v. Canal-Louisiana Bank & Trust Co.,* 215 U.S. 33, 45-46, 30 S.Ct. 10, 54 L.Ed. 80 (1909), it follows that state legislatures cannot circumscribe federal jurisdiction over trusts. *See Golden v. Golden,* 382 F.3d 348, 360 (3d Cir.2004).

Trusts as a general matter have historically been subject to federal jurisdiction, and "[m]any, if not most, courts have held that the probate exception does not apply to actions involving trusts." *Sianis v. Jensen,* 294 F.3d 994, 999 (8th Cir.2002); *see also* Peter Nicolas, *Fighting the Probate Mafia: A Dissection of the Probate Exception to Federal Court Jurisdiction,* 74 S. Cal. L.Rev. 1479, 1493 & n. 70 (2001). Congress granted federal courts jurisdiction over suits that could have been brought in that English chancery court, *see* Nicolas at 1500, and, in colonial times, the English High Court of Chancery had exclusive jurisdiction over trusts, *see id.* at 1513-14. In contrast, the probate exception exists, in part, because probate matters, as opposed to trusts, were not heard in the English High Court of Chancery or common-law courts. *See Markham,* 326 U.S. at 494, 66 S.Ct. 296.

Although it is true that *federal courts have properly applied the probate exception to claims concerning trusts that act as will substitutes*, the revocable trust in this case is not a will substitute. Refusing to hear cases regarding will substitutes is consistent with *Markham* because adjudication concerning will substitutes would frequently interfere with probate administration. The cases to which Bank One refers for the proposition that federal courts do not have jurisdiction to hear any claim regarding inter vivos trusts involve deaths and trusts that were will substitutes. *See Storm v. Storm,* 328 F.3d 941; *Marshall,* 392 F.3d 1118; *Golden,* 382 F.3d 348; *Georges v. Glick,* 856 F.2d 971 (7th Cir.1988). Evans' claim does not involve any death or estate management. Instead, Evans is the settlor, who controls the rest of her revocable trust and brings an in personam action against the trustee for

> damages. The circumstances surrounding the revocable trust do not impinge the concerns of a trust acting as a will substitute, and there is no justification, therefore, for the federal courts to invoke the probate exception to avoid hearing her claim for breach of revocable trust.
>
> If, in contrast, exclusive probate jurisdiction under state law were to determine federal jurisdiction, nothing would prevent a state from purposefully moving whole bodies of law into its probate courts to constrict federal diversity jurisdiction. Moreover, such a holding would create a perverse incentive for parties to structure transactions with trusts to avoid federal jurisdiction. For these reasons, the district court had jurisdiction to hear Evans' claim for breach of the revocable trust.

434 F.3d at 848-49 (emphasis added; footnote omitted).

The foregoing authorities demonstrate that Plaintiff's insistence upon a showing that exercise of jurisdiction in this case will interfere with the "exclusive" jurisdiction of a probate court over a "pending" probate proceeding, in order for the probate exception to apply, is too inflexible and demanding a standard. In fact, the correct standard is whether hearing the action will require a federal court to resolve issues that would better be determined by a state court.

Such considerations mandate application of the probate exception in this case. As discussed at length in Defendant's Initial Points and Authorities, the matters sought to be determined by the instant case are "ancillary" to probate of the Estate of Virginia Di Perna Lenzo insofar as resolution of the contention that the document allegedly executed by the decedent on October 3, 2004 effectively revoked the prior *inter vivos* trust will have a significant impact on the size of the estate to be distributed pursuant to the probate proceedings. Furthermore, this is an issue that properly can be brought within probate proceedings in the District of Columbia. As Plaintiff itself notes on pages 16 and 17 of its Memorandum in Opposition, proceedings to include in the estate property titled in a name other than the decedent's may be properly maintained in the course of probate of a decedent's estate.

Plaintiff asserts that there is no "pending" probate proceeding involving the estate of Virginia Di Perna Lenzo, so that the probate exception is inapplicable. However, at the very least it is clear that such proceedings are certainly "envisioned" at the present time, so as to warrant application of the rule. As of the date of this writing, the probate court of the District of Columbia has accepted the 1995 will of Virginia Di Perna Lenzo for probate, and has directed counsel for GIUSEPPE LENZO and NUNZIATA LENZO ROMANO to agree upon personal representatives acceptable to them both. These parties have agreed to jointly nominate GIUSEPPE LENZO and Floriana Nestore to serve as co-personal representatives of the estate, and such nominations have been made to the Probate Court, although not yet acted upon by it.

The conclusion that the claims sought to be litigated in this case are subject to the probate exception is strengthened by the fact that probate jurisdiction in the District of Columbia extends to trusts as well as wills. *See, In re Estate of Shutack*, 469 A.2d 427 (D.C. 1983); *Reardon v. Riggs National Bank of Washington*, 677 A.2d 1032 (D.C. 1996). Thus, the fact that the instant case involves an *inter vivos* trust that the decedent created as an estate-planning device, rather than a will, does not preclude application of the probate exception. *See, Matter of Trust Created by Hill on Dec. 31, 1917 ex rel. Schroll*, 728 F. Supp. 564 (D. Minn. 1990) (probate exception barred exercise of jurisdiction over action involving trust that was subject to authority of state probate court).

Finally, Plaintiff's suggestion that the probate exception does not apply to interpleader actions is not supported by the law. *See, Vangrack, Axelson & Williamowsky, P.C. v. Estate of Abbasi*, 261 F. Supp.2d 352 (D. Md. 2003) (applying probate exception to interpleader action so as to bar certain claims deemed to interfere with state probate court authority).

In light of the foregoing considerations, the probate exception to federal jurisdiction bars the exercise of subject-matter jurisdiction in this case.

                        Respectfully submitted,

                        _____/s/_____
                        Joseph DeGance, *Pro Hac Vice*
                        3471 N. Federal Highway
                        Suite 300
                        Fort Lauderdale, Florida 33306
                        Tel.:   (954) 566-1531
                        Fax:   (954) 566-2382
                        Attorney for Defendant
                        GIUSEPPE LENZO


                        _____/s/_____
                        Michael A. Dymersky
                        D.C. Bar No. 370593
                        8401 Connecticut Avenue
                        Suite 1100
                        Chevy Chase, Maryland 20815
                        Tel.:   (301) 652-6880
                        Fax:   (301) 652-8972
                        Local Counsel for Defendant
                        GIUSEPPE LENZO


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March 2006, copies of the foregoing were served by filing with the Court's CM/ECF System upon the following: Jeremy S. Simon, Esquire, 1919 Pennsylvania Avenue, N.W., Suite M-200, Washington, D.C. 20006, and to Michael J. Pollack, Esquire, 1700 Q Street N.W., Washington, D.C. 20009.

                        _____/s/_____
                        Michael A. Dymersky