IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P.,<br><br>Plaintiff,<br><br>v.<br><br>GIUSEPPE LENZO, et al.<br><br>Defendants. | Civ. Action No. 05-2420 (EGS) |

### UNOPPOSED MOTION FOR ORDER EXTENDING THE PERIOD FOR SERVICE UNDER RULE 4(M) BY SIXTY DAYS

Plaintiff, through undersigned counsel, hereby moves for an order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure to extend the period to effectuate service under Rule 4(m), and as grounds states:

1.  This is an action for statutory interpleader under 28 U.S.C. § 1335 as set forth more fully in Plaintiff's Complaint of Interpleader ("Complaint"), filed on December 16, 2005.

2.  Plaintiff owns a commercial office building in Washington, D.C. known as "Washington Square," a portion of which is built on land that Plaintiff leases from multiple parties pursuant to a ground lease. Under the ground lease, rental payments are due in semi-annual installments, with the next semi-annual installment of rent due on July 1, 2006.

3.  This interpleader action involves two, one-sixth (1/6) interests in the ground lease parcel which were formerly held of record in the name of Virginia Di Perna

Lenzo, who died on February 26, 2005. According to the public record, prior to her death, and specifically by Deed dated May 13, 2003, Virginia Di Perna Lenzo conveyed legal title to these interests to two Trusts, the Virginia Lenzo Trust and the Tindaro Lenzo Trust, which name her son, Giuseppe Lenzo as Trustee and sole beneficiary.

4. Defendants have made competing claims to the semi-annual rental payments allocable to this 1/3 interest in the ground lease parcel. On the one hand, Virginia Di Perna Lenzo's son, Defendant Giuseppe Lenzo, is the Trustee and sole beneficiary of the two Trusts that, according to the public record, hold legal title to the interests formerly held by Virginia Di Perna Lenzo in the leased property. In contrast, Virginia Di Perna Lenzo's daughter, Defendant Nunziata Lenzo Romano, asserts that the referenced Trusts were revoked by Virginia Di Perna Lenzo prior to her death.

5. Plaintiff has served all defendants in this action, except the defendant denominated as "Jane Doe," who is described in the Complaint as being the person or entity to be appointed as Personal Representative of the Estate of Virginia Di Perna Lenzo in connection with a petition for standard probate filed in the Office of the Register of Wills in the Probate Division of the Superior Court of the District of Columbia (the "Probate Division"). To Plaintiff's knowledge, as of the filing date of this motion, no Personal Representative has been appointed by the Probate Division, although Plaintiff understands that such an appointment, if any, is expected to occur in the near future. Plaintiff is prepared, upon appointment of a Personal Representative and to the extent necessary, to move to substitute the "Jane Doe" defendant with any individual or entity so appointed.

6. Pursuant to Rule 4(m), the period for completing service of process on the defendants named in the Complaint expires on or about April 15, 2006, unless extended by court order. Accordingly, Plaintiff seeks an extension of 60 days to the period set forth in Rule 4(m), or from the date an order issues pursuant to this motion, whichever is later, to effectuate service on any remaining defendant. Based on information presently available, the requested extension should provide sufficient time for the appointment of a Personal Representative by the Probate Division, if any is to be appointed, the substitution of parties to the extent necessary, and service of process.

7. Plaintiff, through its counsel, has contacted counsel for defendant Nunziata Lenzo Romano, and has been authorized to represent that Ms. Romano consents to the relief requested in this motion. Plaintiff, through its counsel, has contacted counsel for defendant Giuseppe Lenzo, and has been authorized to represent that Mr. Lenzo consents to the relief requested in this motion, without prejudice to his pending motion to dismiss.

8. A proposed Order is attached.

## Points And Authorities

Rule 4(m) of the Federal Rules of Civil Procedure.

Date: April 7, 2006                                         Respectfully submitted,

/s/ Jeremy S. Simon
Jeremy S. Simon
D.C. Bar No. 447956
Thompson, Loss & Judge LLP

1919 Pennsylvania Ave., N.W.
Suite M-200
Washington, D.C. 20006
(202) 772-5170 (phone)
(202) 772-5180 (fax)

Counsel for Interpleader Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of April 2006, I caused to be served a true and correct copy of the foregoing and proposed Order, via first-class mail, postage prepaid on the following:

1. Michael Pollack, Esq.
   Law Offices of Babak Movahedi, PLLC
   1700 Q. Street, N.W.
   Washington, D.C. 20009

2. Joseph DeGance, Esq.
   3471 N. Federal Highway
   Suite 300
   Fort Lauderdale, FL 33306

3. Michael A. Dymersky, Esq.
   Furey, Doolan & Abell, LLP
   8401 Connecticut Avenue
   Suite 1100
   Chevy Chase, MD 20815

/s/ Jeremy S. Simon
Jeremy S. Simon