IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-2420 (EGS) |
| GIUSEPPE LENZO, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

## GIUSEPPE LENZO'S RESPONSE TO
## NOTICE OF SUPPLEMENTAL AUTHORITY
## WITH RESPECT TO PENDING MOTION TO DISMISS

Defendant Giuseppe Lenzo (Giuseppe"), by and through undersigned counsel, respectfully responds to Plaintiff Washington Square Limited Partnership, R.L.L.P.'s Notice Of Supplemental Authority With Respect To Pending Motion To Dismiss as follows.

1.  Invoking the axiom, "the jurisdiction of the federal courts, 'having existed from the beginning of the Federal government, [can] not be impaired by subsequent *state* legislation creating courts of probate,'" the United States Supreme Court in *Marshall v. Marshall* concluded "that Texas may not reserve to its probate courts the exclusive right to adjudicate." (Emphasis added). *Id.*, 2006 U.S. Lexis 3456 **37-38 (May 1, 2006), *quoting McClellan v. Carland*, 217 U.S. 268, 281 (1910). The court system in the District of Columbia (both federal and local), however, is unique in the nation, *Shutack v. Shutack*, 516 F. Supp. 219 (D.D.C. 1981), and Giuseppe respectfully submits for that reason that *Marshall v. Marshall* is inapposite.

2.  The District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub. L. No. 91-358, Title I, 84 Stat. 475, codified at D.C. Code §§ 11-101 *et seq.* (1981) ("Court

Reform Act"), is decidedly *not* a *state* enactment, but rather it is an act of Congress.[1] And "the congressional intent [of the Court Reform Act] was clearly that the federal courts of the District *shall be relieved* of matters more suitable for resolution in the local courts," including probate and trust matters. (Emphasis added). *In re Estate of Shutack*, 469 A.2d 427, 429 (D.C. 1983) (jurisdiction of trust matters lay in the Superior Court pursuant to the provisions of the Court Reform Act), *citing Palmore v. United States*, 411 U.S. 389, 403-04, 93 S. Ct. 1670, 36 L. Ed. 2d 342 (1973).

3.      It is precisely this "*sui generis* exception," *Marshall v. Marshall*, 2006 U.S. Lexis 3456 *44 (Stevens, J, concurring), that distinguishes this case from *Marshall*, and which differentiates the limitations on federal courts' jurisdiction over probate and trust matters in the District of Columbia from the rest of the United States. Inasmuch as Giuseppe's motion to dismiss simply invokes Congress' statutory command, it ought to be granted and Washington Square Limited Partnership, R.L.L.P.'s interpleader action should be dismissed forthwith.[2]

Respectfully submitted,

/s/
Joseph DeGance, *Pro Hac Vice*
3471 N. Federal Highway
Suite 300
Fort Lauderdale, Florida  33306
Tel.:   (954) 566-1531
Fax:    (954) 566-2382
*Lead Attorney for Defendant*
GIUSEPPE LENZO

---

[1] Congress on July 29, 1970, enacted the Court Reform Act, which took effect on February 1, 1971.

[2] In *Marshall*, the Supreme Court acknowledged that "[t]he matter of preclusion remains open for consideration on remand," *id.*, 2006 U.S. Lexis 3456 *38 n.5, and that very real possibility in this case should itself incline this Court toward deferring to the Probate Division proceeding pending in the District of Columbia Superior Court.

_____/s/_____
Michael A. Dymersky
D.C. Bar No. 370593
FUREY, DOOLAN & ABELL, LLP
8401 Connecticut Avenue
Suite 1100
Chevy Chase, Maryland  20815
Tel.:   (301) 652-6880
Fax:   (301) 652-8972
*Local Counsel for Defendant*
*GIUSEPPE LENZO*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of May 2006, copies of the foregoing were served by filing with the Court's CM/ECF System upon the following: Jeremy S. Simon, Esquire, Thompson, Loss & Judge LLP, 1919 Pennsylvania Avenue, N.W., Suite M-200, Washington, D.C., 20006, and Michael J. Pollack, Esquire, Cohen & Buckley, LLP, 1301 York Road, Suite 706, Baltimore, MD 21093, and Babak Movahedi, Esquire, 1700 Q Street N.W., Washington, D.C., 20009.

_____/s/_____
Michael A. Dymersky
