IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GIUSEPPE LENZO, et al.<br><br>　　　　Defendants. | Civ. Action No. 05-2420 (EGS) |

**UNOPPOSED MOTION FOR ORDER
EXTENDING THE SERVICE PERIOD AN ADDITIONAL 60 DAYS**

Plaintiff, through undersigned counsel, hereby moves for an order extending the period to effectuate service on the Personal Representative defendant an additional sixty days, and as grounds states:

1.　This is an action for statutory interpleader under 28 U.S.C. § 1335 as set forth more fully in Plaintiff's Complaint of Interpleader ("Complaint"), which is incorporated herein by reference.

2.　As described more fully in the Complaint, Plaintiff leases a parcel of land on which its office building in Washington, D.C. is located under the terms of a Lease Agreement dated July 24, 1980, which is attached as Exhibit B to the Complaint (the "Ground Lease").  The parcel of land under lease, defined in the Complaint as the "Ground Lease Parcel," has multiple owners who, pursuant to the terms of the Ground Lease, are entitled to semi-annual payments of rent from Plaintiff in accordance with their respective interests.

3.  This interpleader action involves two, one-sixth (1/6) interests in the Ground Lease Parcel which were formerly held of record in the name of Virginia Di Perna Lenzo, who died on February 26, 2005. According to the public record, prior to her death, and specifically by Deed dated May 13, 2003, Virginia Di Perna Lenzo conveyed legal title to these interests to two Trusts, the Virginia Lenzo Trust and the Tindaro Lenzo Trust, which name her son, Giuseppe Lenzo as Trustee and sole beneficiary.

4.  Defendants have made competing claims to the semi-annual rental payments allocable to this one-third (1/3) interest in the Ground Lease Parcel. On the one hand, Virginia Di Perna Lenzo's son, Defendant Giuseppe Lenzo, is the Trustee and sole beneficiary of the two Trusts that, according to the public record, hold legal title to the interests formerly held by Virginia Di Perna Lenzo in the leased property. In contrast, Virginia Di Perna Lenzo's daughter, Defendant Nunziata Lenzo Romano, asserts that title to the Ground Lease Parcel held in those Trusts reverted back to Virginia Di Perna Lenzo prior to her death and that she is entitled to a share of the rental payments as Virginia Lenzo's heir.

5.  Plaintiff has served all defendants in this action, except the defendant denominated as "Jane Doe," who is described in the Complaint as being the person or entity to be appointed as Personal Representative of the Estate of Virginia Di Perna Lenzo. By order dated May 3, 2006, the Probate Division of the Superior Court of the District of Columbia ordered that Giuseppe Lenzo and Floriana Nestore be appointed to act as Co-Personal Representatives of the Estate of Virginia Di Perna Lenzo with

authority only to act jointly. Based on information presently available, those appointments have not been finalized.

6. On May 15, 2006, Giuseppe Lenzo provided notice of his intention to resign as co-Personal Representative and, on May 30, 2006, Mr. Lenzo filed a "Written Statement of Resignation" with the Probate Division. Plaintiff understands that the stated resignation is subject to court approval and that, as of the date of this motion, no court approval regarding the stated resignation has issued. Accordingly, based on information presently available, the appointment of a Personal Representative has not been finalized.

7. By order dated April 12, 2006, Plaintiff was afforded an additional sixty days to the service period that otherwise would have expired on April 15, 2006 to effectuate service on the Personal Representative defendant. Plaintiff requests an additional sixty day extension to that period, to and including August 15, 2006, which based on information presently available, is expected to be sufficient time for the Probate Division to finalize the appointment of a Personal Representative.

8. Plaintiff, through its counsel, has contacted counsel for defendant Nunziata Lenzo Romano, and has been authorized to represent that Ms. Romano consents to the relief requested in this motion. Plaintiff, through counsel, has contacted counsel for defendant Giuseppe Lenzo, in his respective capacities, and has been authorized to represent that Mr. Lenzo consents to the relief requested in this motion on the condition that this motion, and the accompanying proposed Order, reference that Mr. Lenzo's consent is without prejudice to his pending motion to dismiss.

9. A proposed Order is attached.

## Points And Authorities

Rule 4(f)(m) of the Federal Rules of Civil Procedure

Date: June 8, 2006				Respectfully submitted,


					/s/ Jeremy S. Simon
					Jeremy S. Simon
					D.C. Bar No. 447956
					Thompson, Loss & Judge LLP
					1919 Pennsylvania Ave., N.W.
					Suite M-200
					Washington, D.C. 20006
					(202) 772-5170 (phone)
					(202) 772-5180 (fax)

					Counsel for Interpleader Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on this 8th day of June 2006, I caused to be served a true and correct copy of the foregoing and proposed Order, via first-class mail, postage prepaid on the following:

1. Michael Pollack, Esq.
   Law Offices of Babak Movahedi, PLLC
   1700 Q. Street, N.W.
   Washington, D.C. 20009

2. Joseph DeGance, Esq.
   3471 N. Federal Highway
   Suite 300
   Fort Lauderdale, FL 33306

3. Michael A. Dymersky, Esq.
   Furey, Doolan & Abell, LLP
   8401 Connecticut Avenue
   Suite 1100
   Chevy Chase, MD 20815

/s/ Jeremy S. Simon
Jeremy S. Simon