IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P.,<br><br>    Plaintiff,<br><br>    v.<br><br>GIUSEPPE LENZO, et al.<br><br>    Defendants. | Civ. Action No. 05-2420 (EGS) |

**UNOPPOSED MOTION FOR ORDER GRANTING
LEAVE TO AMEND COMPLAINT TO SUBSTITUTE FLORIANA
NESTORE IN PLACE OF THE JANE DOE DEFENDANT AND
EXTENDING THE SERVICE PERIOD AN ADDITIONAL 30 DAYS**

Plaintiff, through undersigned counsel, hereby moves for an order granting leave to amend the complaint to substitute Floriana Nestore, recently appointed as Personal Representative of the Estate of Virginia Di Perna Lenzo, in place of the defendant denominated "Jane Doe, Personal Representative of the Estate of Virginia Lenzo," and extending the period to effectuate service under Rule 4(f)(m) by an additional thirty days, and as grounds states:

1.    This is an action for statutory interpleader under 28 U.S.C. § 1335 as set forth more fully in Plaintiff's Complaint of Interpleader ("Complaint"), which is incorporated herein by reference.

2.    As described more fully in the original Complaint in this matter, Plaintiff leases a parcel of land on which its office building in Washington, D.C. is located under the terms of a Lease Agreement dated July 24, 1980, which is attached as Exhibit B to the

Complaint (the "Ground Lease"). The parcel of land under lease, defined in the Complaint as the "Ground Lease Parcel," has multiple owners who, pursuant to the terms of the Ground Lease, are entitled to semi-annual payments of rent from Plaintiff in accordance with their respective interests.

3. This interpleader action involves two, one-sixth (1/6) interests in the Ground Lease Parcel which were formerly held of record in the name of Virginia Di Perna Lenzo, who died on February 26, 2005. According to the public record, prior to her death, and specifically by Deed dated May 13, 2003, Virginia Di Perna Lenzo conveyed legal title to these interests to two Trusts, the Virginia Lenzo Trust and the Tindaro Lenzo Trust, which name her son, Giuseppe Lenzo as Trustee and sole beneficiary.

4. Defendants have made competing claims to the semi-annual rental payments allocable to this one-third (1/3) interest in the Ground Lease Parcel. On the one hand, Virginia Di Perna Lenzo's son, Defendant Giuseppe Lenzo, is the Trustee and sole beneficiary of the two Trusts that, according to the public record, hold legal title to the interests formerly held by Virginia Di Perna Lenzo in the leased property. In contrast, Virginia Di Perna Lenzo's daughter, Defendant Nunziata Lenzo Romano, asserts that title to the Ground Lease Parcel held in those Trusts reverted back to Virginia Di Perna Lenzo prior to her death and that she is entitled to a share of the rental payments as Virginia Lenzo's heir.

5. Plaintiff has served all defendants in this action, except the defendant denominated as "Jane Doe," who is described in the Complaint as being the person or entity to be appointed as Personal Representative of the Estate of Virginia Di Perna

2

Lenzo. According to the records of the Probate Division, by order dated June 23, 2006, Floriana Nestore was appointed Personal Representative of the Estate of Virginia DiPerna Lenzo and, on June 26, 2006, Letters of Administration for that estate were issued by the Probate Division to Floriana Nestore.

6.  Accordingly, Plaintiff moves the court to substitute Floriana Nestore as the defendant denominated as "Personal Representative for the Estate of Virginia Di Perna Lenzo" in lieu of the existing "Jane Doe" defendant and to direct the clerk to issue a summons to Floriana Nestore in that capacity. An amended complaint, reflecting a change in the name of the Personal Representative defendant, corresponding changes in the allegations pertaining to the Personal Representative defendant, and limited changes reflecting subsequent developments in this matter, accompanies this motion.

7.  By order dated June 9, 2006, the period for serving the Personal Representative defendant was extended to August 15, 2006. Plaintiff requests an additional thirty days to effectuate service on Ms. Nestore.

8.  As only minimal diversity is required to bring this action pursuant to 28 U.S.C. §1335(a)(1), and Plaintiff alleges that minimal diversity exists among the existing parties, the substitution of Floriana Nestore in place of the "Jane Doe" defendant will have no jurisdictional impact in this matter.

9.  Plaintiff, through its counsel, has contacted counsel for defendant Nunziata Lenzo Romano, and has been authorized to represent that Ms. Romano consents to the relief requested in this motion. That same counsel also represents Floriana Nestore, and has likewise advised that Ms. Nestore consents to the relief requested in this motion. Plaintiff, through counsel, has contacted counsel for defendant Giuseppe Lenzo,

in his respective capacities, and has been authorized to represent that Mr. Lenzo consents to the relief requested in this motion without prejudice to his pending motion to dismiss.

    10.    A proposed Order is attached.

### Points And Authorities

Rule 4(f)(m) of the Federal Rules of Civil Procedure

Rule 15 of the Federal Rules of Civil Procedure

Date: August 2, 2006                        Respectfully submitted,

/s/ Jeremy S. Simon
Jeremy S. Simon
D.C. Bar No. 447956
Thompson, Loss & Judge LLP
1919 Pennsylvania Ave., N.W.
Suite M-200
Washington, D.C. 20006
(202) 772-5170 (phone)
(202) 772-5180 (fax)

Counsel for Interpleader Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of August 2006, I caused to be served a true and correct copy of the foregoing and proposed Order, via first-class mail, postage prepaid on the following:

1. Michael Pollack, Esq.
   Law Offices of Babak Movahedi, PLLC
   1700 Q. Street, N.W.
   Washington, D.C. 20009

2. Joseph DeGance, Esq.
   3471 N. Federal Highway
   Suite 300
   Fort Lauderdale, FL 33306

/s/ Jeremy S. Simon
Jeremy S. Simon