# TRUST AGREEMENT

THIS TRUST AGREEMENT (this "Agreement") is made this _13_ day of _April_, 2003, by VIRGINIA LENZO, as Settlor (hereinafter called the "Settlor") and GIUSEPPE LENZO as Trustee (hereinafter, together with any successor in office, called the "Trustee") to establish a trust to be known as "The Virginia Lenzo Trust."

The Settlor is married to TINDARO LENZO, and all references in this Agreement to the Settlor's spouse, the Settlor's husband, or to Tindaro shall be to TINDARO LENZO. All references in this Agreement to the Settlor's son or to Giuseppe shall be to GIUSEPPE LENZO, and all references in this Agreement to Giuseppe's descendants shall include descendants born or adopted after the date of this Agreement. The Settlor intentionally does not include her other child as a beneficiary.

Concurrently with the execution of this Agreement, the Settlor has executed a deed granting to the Trustee, as a tenant-in-common, a one-half (1/2) interest in the property listed in Schedule A, annexed hereto, and by this reference made a part hereof. The Trustee hereby acknowledges receipt thereof. Such property, together with any further transfers hereto, and the proceeds and reinvestments thereof, is hereinafter called the "Trust Estate." The Trustee may receive any additional property that is acceptable to the Trustee and is delivered by the Settlor or any other person. Each Trustee hereunder agrees to hold and administer the Trust Estate in trust in accordance with the terms and provisions as hereinafter set forth:

## FIRST: DISPOSITIVE PROVISIONS

The Trustee shall administer and distribute the Trust Estate as follows:

### 1.1 Payment of Income and Principal During Settlor's Lifetime

During the lifetime of the Settlor, the Trustee shall pay the net income and principal of the Trust Estate to or for the benefit of the Settlor or as the Settlor may direct, and shall accumu-

late and add to principal any net income not so paid or applied. In addition, if the successor Trustee determines that the Settlor is under a disability, the Trustee may (i) pay to or apply for the benefit of the Settlor's husband so much or all of the net income and principal of the Trust Estate as the Trustee shall determine to be advisable for the health, education, maintenance and support of the Settlor's husband and (ii) may make gifts, as limited hereafter, either outright, in trust, in accordance with the Uniform Transfers to Minors Act or any successor provision of law, or to a Qualified Tuition Plan account under section 529 of the Code. The following provisions shall apply to such gifts:

(a)     The Trustee may make gifts only to or for the benefit of any one or more of the Settlor's husband and descendants or the spouse of any descendant (including Giuseppe, whether or not he is serving as Trustee). The donees need not be treated equally or proportionately, one or more permissible donees may be excluded entirely, and the pattern followed on the occasion of any such gift or gifts need not be followed on any later occasion.

(b)     Any gift to or for the benefit of an individual other than the Settlor's husband shall be limited in amount to an aggregate value not in excess of, and shall be made in such manner as to qualify in its entirety as to such donee for, the exclusions from federal gift tax allowed under sections 2503(b) and 2503(e) of the Code, taking into account sections 529 and 2513(a) of the Code; provided, however, that any gift to or for the benefit of the Trustee hereunder shall be limited to the maximum amount over which an individual may have a power of appointment without its lapse in such year being a release of such power under section 2514(e) of the Code.

(c)     In the case of gifts made in trust, the Trustee may execute a deed of trust for such purpose, designating one or more persons as trustee, including the Trustee, and may make additions to an existing trust.

In all regards, any concern for preserving a fund to be turned over upon the Settlor's death shall be entirely subordinated to a policy of providing for the Settlor and her husband in a liberal and generous manner and in accordance with the standard of living to which they were accustomed as of the date of this Agreement.

**1.2    Disposition After Death of Settlor**

Upon the death of the Settlor, the remaining Trust Estate shall be distributed to any one or more persons or organizations, in such amounts and proportions and upon such trusts, terms and conditions as the Settlor may appoint by Will specifically referring to this general power of appointment, or to the extent not effectively appointed, as provided in Sections 1.3 through 1.6 of this Agreement.

**1.3    Settlor's Debts, Funeral Expenses, Expenses of Administration and Taxes**

The Trustee may pay the Settlor's debts, provided that no secured debt need be paid prior to its maturity; the expenses of the Settlor's last illness, funeral and cremation or burial, without court approval and without regard to any limitations on the amount thereof; and the expenses of administering the Settlor's estate.  In addition, the Trustee shall pay from the Residuary Trust Estate all estate, inheritance, transfer, succession, generation-skipping and other taxes of any kind imposed by reason of the Settlor's death, including interest and penalties thereon (hereinafter referred to as "death taxes"), without apportionment, payable with respect to property passing under this Agreement other than any generation-skipping transfer (hereinafter "GST") tax due as a result of a disclaimer.

In the payment of any debt, expense, bequest or tax pursuant to the provisions of this Section, the Trustee shall not discharge such obligations with assets or the proceeds of assets which, if they were not used to discharge such obligations, would not be includable in the Settlor's estate for purposes of any one or more death taxes.

The Trustee may rely on the certification of the Settlor's executors as to the amount of any such debts, expenses, bequests, taxes, interest or penalties.  The Trustee shall be fully discharged as to any payment to the Settlor's executors or directly to taxing authorities or any other person to whom an amount is due.

### 1.4    Residuary Trust Estate

The Trustee shall administer and distribute all principal held hereunder that remains after paying or providing for the disposition of items and matters in the preceding Sections of this Agreement (hereinafter the "Residuary Trust Estate"), as follows:

(a)    If the Settlor's husband shall survive the Settlor, the Trustee shall set aside and hold the Residuary Trust Estate in a separate trust, herein designated the "Marital Trust," which shall be administered and distributed pursuant to Section 1.5 hereof.

(b)    If the Settlor's husband shall not survive the Settlor, the Trustee shall administer and distribute Residuary Trust Estate pursuant to Paragraph (e) of Section 1.5 hereof.

### 1.5    Marital Trust

The Trustee shall administer and distribute the Marital Trust as follows:

(a)    The net income thereof, commencing on the date of the Settlor's death, shall be paid to the Settlor's husband during her life at least quarter-annually. The Settlor's husband may direct the Trustee to convert any unproductive property to productive property within a reasonable time.

(b)    In addition, the Trustee may from time to time make payments from principal to the Settlor's husband in such amounts as the Trustee deems appropriate for the health, education, maintenance and support of the Settlor's husband, in the Trustee's sole discretion.

(c)    An Independent Trustee may also make payments from principal to the Settlor's husband, without limit, at such times and in such amounts as the Independent Trustee determines is advisable, in such Trustee's sole discretion. No Trustee who is not an Independent Trustee may participate in a decision under this Paragraph.

(d)    Upon the death of the Settlor's husband, the Trustee shall first deduct and pay to the appropriate taxing authorities (or to the Settlor's husband's Executor for transmission to the appropriate taxing authorities, in the discretion of the Trustee) the difference between (i) the death taxes payable by reason of the Settlor's husband's death and (ii) the amount of any such taxes that would have been payable if no such taxes were payable by reason of the Settlor's husband's death with respect to the principal of the Marital Trust. Such payments may be made by the Trustee upon receiving from the Settlor's husband's Executor a certification as to the sums needed for such purpose, in which event the Trustee shall be entitled to rely on such certification.

(e)    Upon the death of the Settlor's husband, or upon the Settlor's death if the Settlor's husband shall not survive the Settlor, the Trustee shall administer and distribute (i) any balance of the Marital Trust remaining after the application of the preceding Paragraph or (ii) the Residuary Trust Estate, as the case may be, as follows:

(1)    To the Settlor's son, Giuseppe, if he is then living.

(2)    If Giuseppe is not then living, to such of his descendants who are then living, *per stirpes*.

(3)    If neither Giuseppe nor any descendant of his is then living, to Giuseppe's wife, if they were married and living together at the time of his death.

(4)    In default of all of the foregoing, to the then-living heirs-at-law (other than the District of Columbia) of Giuseppe, determined under the laws then in effect in the District of Columbia, as if Giuseppe had died at that time unmarried, without a Will and possessed of such principal.

## 1.6    Retention of Property for Beneficiaries Under a Disability

Any property (whether income or principal) distributable outright under this Agreement to a beneficiary who is under a disability may be retained by the Trustee in a separate trust and may be invested and applied (together with any income earned by it) from time to time for the beneficiary's benefit in any way that the Trustee may deem appropriate (except that any distribution to the Settlor's husband from the Marital Trust shall be applied or expended currently for the benefit of the Settlor's husband).

Such property shall be distributed to the beneficiary when he or she is free of disability, or, in the case of death during disability, shall be paid to his or her estate.

If the continued retention of property under this Section should be impracticable because of the small size of the fund, the Trustee may distribute the property for the beneficiary's benefit. Any property held for a minor may be deposited in a savings account made payable to the minor at majority at a savings institution selected by the Trustee.

**1.7    Amendment by the Settlor**

The Settlor reserves the right to amend or revoke this Agreement in whole or in part by written instrument delivered to the Trustee, but the rights, duties, powers, liabilities and immunities of the Trustee shall not be altered or modified without the Trustee's written consent.

**1.8    Irrevocability**

This Agreement shall become irrevocable upon the death of the Settlor.

**SECOND:  TRUSTEES**

The appointment of Co-Trustees and successor Trustees, provisions governing resignation and compensation of the Trustees, and the general rules governing the relationship of the Trustees as between themselves and as to interested or third parties are as follows:

**2.1    Designation and Qualification of Co-Trustees and Successor Trustees**

If GIUSEPPE LENZO shall cease to serve as Trustee without having designated a successor Trustee who is willing and able to serve, then RONALD E. PACHELI is designated to serve as successor Trustee.

At any time, the Trustees of any trust hereunder acting by unanimous vote may designate an individual, bank or trust company to serve as an additional Trustee of such trust.  In addition, each Trustee may designate an individual, bank or trust company to serve as successor Trustee (or alternate successor Trustee) in the case of the Trustee's inability to act, which designation may be subject to conditions or take effect at a future time, and may revoke any such designation before it takes effect and make others instead; provided that after the qualification of each Trustee's successor, all other designations shall lapse.

The Settlor intends that at all times there shall be at least one individual serving as Trustee of each trust hereunder.  Accordingly, if at any time no individual is serving as Trustee of a trust hereunder, whether by reason of renunciation, resignation, disability or death, the vacancy with respect to such trust shall be filled by appointment made by the beneficiary of such trust to

whom distributions may be made at such time or his or her guardian, if he or she is under a disability. If no such successor is appointed as aforesaid within three (3) months of any vacancy, the Settlor authorizes the Managing Partner of the law firm of Shaw Pittman LLP or its successor to appoint such a successor.

The individual(s) serving from time to time as Trustee of any trust hereunder shall have the right to remove any corporate Trustee, with or without cause, and to replace it with another corporate Trustee or leave such office vacant. If no individual Trustee is serving, such rights may be exercised by the beneficiary of such trust to whom distributions may be made at such time or his or her guardian, if he or she is under a disability.

Each designation, removal and revocation under this Section shall be made by a duly acknowledged instrument placed among the trust records, and in the case of a removal, delivered to the Trustee so removed. Any designated successor or Co-Trustee shall qualify by a duly acknowledged acceptance of such office placed among the trust records.

## 2.2    Exoneration from Bond

No bond or other security shall be required of any Trustee appointed by this Agreement or pursuant to Section 2.1 in any jurisdiction.

## 2.3    Resignation

Any Trustee may resign at any time without prior approval by any court. The Trustee shall resign by a duly acknowledged instrument delivered to any other Trustee then serving and to the persons authorized to appoint a successor Trustee. The instrument of resignation shall specify the date when the resignation shall take effect, which date (except as the successor or remaining Trustee shall otherwise consent) shall be at least thirty (30) days after delivery of such instrument.

Any individual Trustee serving hereunder, including the Settlor, shall be deemed to have resigned upon the written certification of two physicians (one of whom is the Trustee's regularly attending physician) that, in the opinion of such physicians, the Trustee is unable to handle his or her personal financial affairs due to physical or mental infirmity.

Any Trustee who ceases to serve for any reason may nonetheless retain property sufficient to pay expenses or any other proper charges.

2.4    **Compensation**

Any Trustee shall be entitled to receive reasonable compensation for the Trustee's services as provided in any agreement between such Trustee and the Settlor or any individual Trustee hereunder. In the absence of such agreement, a Trustee shall be entitled to receive reasonable compensation for its services. If the Trustee is performing duties in connection with the settlement of the Settlor's estate that are comparable to those performed by an executor of a decedent's estate, the Trustee shall be entitled to receive compensation at the same rates applicable to executors. The Trustee also shall be entitled to reimbursement for any and all costs, charges and expenses reasonably incurred and necessary or proper for the administration of the Trust. Any compensation and reimbursements may be paid without court approval.

2.5    **Decisions of Trustees**

Where more than two (2) Trustees shall be acting hereunder, the decision of the majority shall control, except as otherwise provided herein; however, only Independent Trustees may make the decisions reserved for them. No Trustee shall be liable or accountable to any person, whether or not a beneficiary under this Agreement, for any payment, distribution, investments or exercise of power made over the recorded objection of such Trustee. Such written objection shall be kept with the trust records.

2.6    **Trustee Dealing with Self and Third Parties**

The Trustee shall not be disqualified in the exercise of any powers conferred by the pro-

visions of this Agreement because of any interest the Trustee may have in any enterprise, and the

Trustee may enter into and participate in dealings between any of the trusts hereunder, with any

beneficiary hereunder, with any fiduciary acting hereunder, with fiduciaries of other trusts or es-

tates even if any such fiduciary is also acting hereunder, or with himself or herself as Trustee in

any manner, including purchases from and sales to this trust of any property or any other thing,

upon the condition, however, that any such transactions shall not be for less than full and ade-

quate consideration. No person or organization dealing with the Trustee hereunder shall be re-

quired to inquire into or to investigate the Trustee's authority for entering into any transaction or

to see to the Trustee's application of the proceeds of any such transaction.

2.7    **Accounts**

The Trustee shall not be required to prepare or file for approval any inventory, appraisal

or accounts with any court or beneficiary, but the Trustee may from time to time present ac-

counts to an adult beneficiary or a parent or guardian of a beneficiary who is under a disability.

The written release of such person shall discharge the Trustee with respect to all acts or omis-

sions to the date of said account (except for any that were fraudulent, dishonest or committed in

bad faith) without the necessity of court approval, and such release shall bind all persons at any

time having or claiming any interest hereunder in such trust. Notwithstanding the foregoing, no

Trustee hereunder may approve an account or deliver a release with respect to any account on

behalf of any beneficiary, including himself or herself. No successor Trustee shall be required to

inquire into or audit the proceedings of any predecessor Trustee or to make any claim against

such predecessor Trustee, and a successor Trustee shall not be accountable or liable to any per-

son for failure to make such inquiry or audit. Nothing contained in this Section shall be deemed

to give any person acting in conjunction with the Trustee any power or right to enlarge or shift

beneficial interests of any beneficiary or potential beneficiary of any trust hereunder or to restrict the Trustee from seeking judicial approval of the Trustee's accounts.

**2.8    Liability**

The Trustee shall not be liable for any loss, damage or expense arising from the administration of any trust hereunder, except for any occasioned by the Trustee's gross negligence, dishonesty or bad faith. The Trustee shall not be liable for any acts or omissions of any agent properly selected or delegated authority hereunder with reasonable care. No Trustee shall be liable for any loss, damage or expense caused by any other Trustee, including those caused by the exercise or nonexercise of any powers delegated pursuant to the provisions of this Agreement to another Trustee.

**2.9    Trustee Acts in Fiduciary Capacity**

Every person, firm or corporation contracting or otherwise dealing with the Trustee shall look only to the property of the Trust Estate for payment of any obligation arising under this Agreement, and no Trustee shall be personally liable therefor even though the Trustee did not exempt such Trustee from personal liability when entering into any transaction regarding the Trust Estate.

**THIRD:   TRUSTEE'S POWERS**

**3.1    Grant of Powers**

In addition to any powers granted by law, the Settlor grants to the Trustee the powers specified in this Section, all of which shall be exercised solely in a fiduciary capacity, in the sole and absolute discretion of the Trustee, without need for court approval and effective until final distribution of all assets.

(a)    Retention of Property. To hold and retain any property in the form in which it may be at the time of the receipt by the Trustee, including cash, securities or other interests in any corporate Trustee or affiliate thereof, as long as Trus-

tee shall deem advisable, without responsibility for diversification and without any liability for any loss of principal or income by reason of such retention.

(b)   _Investment of Trust Estate._  To invest and reinvest in any property of any kind whatsoever and wheresoever situated, including real property, stocks (including stock of any corporate Trustee or an affiliate thereof), limited or general partnership interests, secured or unsecured bonds or other obligations, shares of investment trusts, common trust funds (including securities issued or funds managed by any corporate Trustee or an affiliate thereof) and insurance policies. Unless otherwise specifically stated in this Agreement, the Trustee generally shall have the same powers of investment that an individual would possess with respect to his or her own funds.

(c)   _"Prudent Investor" Rule Waived._  In addition to the investment powers conferred herein, to acquire and retain investments not regarded as traditional for trusts, including investments that would be forbidden or would be regarded as imprudent, improper or unlawful by the "prudent person" rule, "prudent investor" rule or any other rule or law that restricts a fiduciary's capacity to invest.  The Settlor hereby expressly waives the application of any such rule because the Settlor believes it is in the best interests of the beneficiaries of every trust hereunder to give the Trustee broad discretion in managing the assets of any trust created hereunder.  In making investments, the Trustee may disregard any and all of the following factors:

(1)   Whether a particular investment, or the trust investments collectively, will produce a reasonable rate of return or result in the preservation of principal.

(2)   Whether the acquisition or retention of a particular investment or the trust investments collectively are consistent with any duty of impartiality as to the different beneficiaries.  The Settlor intends that no such duty shall exist.

(3)   Whether the trust is diversified.  The Settlor intends that no duty to diversify shall exist.

(4)   Whether any or all of the trust investments would traditionally be classified as too risky or speculative for trusts.  The entire trust may be so invested.  The Settlor intends the Trustee to have sole and absolute discretion in determining acceptable risk and proper investment strategy.

(d)   _Management of Trust Estate._  To insure, maintain, improve, sell, exchange, lease, or otherwise dispose of any property upon such terms and prices as the Trustee determines; to grant options and execute option agreements for the sale or lease of property, without obligation to repudiate the same in favor of better offers; to mortgage, exchange, maintain, restrict, subdivide, develop, dedicate,

partition, alter or abandon any real property; to lease or rent the same for any term whatsoever; to grant easements concerning and to otherwise encumber real estate; to modify, renew, satisfy or foreclose mortgages or other obligations in whole or in part, and to waive any defaults in the performance of the terms thereof; to prosecute and defend all claims hereunder, abstain from enforcing any claim, and make any reasonable compromise of a claim; and to execute and deliver any and all instruments in connection with these powers, upon such terms and conditions as the Trustee may determine.

(e)    <u>Exercise Rights of Owners of Corporate Securities</u>.  In respect of any stocks, bonds or securities, to hold such property in the name of a nominee, in street name, or by other title-holding device; to vote such securities and to grant proxies to vote; to approve or object to any action or nonaction of any corporation or of the board of directors of any corporation including any plan of merger, consolidation, reorganization, foreclosure, liquidation, dissolution or voting trust and to deposit securities thereunder; to exercise options to purchase stock or other property; to participate in a public or private sale of securities issued by any corporation and to do all acts necessary to consummate such sale, whether or not any of the Settlor's fiduciaries is a controlling shareholder as defined in the securities laws of the United States or any state thereof; and generally to exercise all the rights of securities holders of any corporation.

(f)    <u>Form Organizations</u>.  To form or cause to be formed, alone or with others, corporations, partnerships, limited partnerships, limited liability companies, business trusts and other business organizations under the laws of any state or country, and to transfer and convey to such business organizations all or any part of the assets of any trust hereunder in exchange for stocks, bonds, notes or other interests therein.

(g)    <u>Authorization to Lend and to Borrow Money</u>.  To extend credit and make any secured or unsecured loans to any persons or organizations, in any amounts and on any terms; to borrow money (including from any corporate Trustee or an affiliate thereof); to execute promissory notes or other obligations for amounts so borrowed; and to secure the payment of any such obligation by mortgage or pledge of any trust assets.

(h)    <u>Cash Accounts</u>.  To retain reasonable amounts of cash uninvested in any bank or trust company, including any corporate Trustee or an affiliate thereof, for any reasonable periods of time.

(i)    <u>Insurance Policies</u>.  To purchase and/or maintain insurance on the life of the Settlor or any other person in which any beneficiary hereunder has an insurable interest, to pay premiums thereon and to perform any acts necessary to collect the proceeds of any insurance policy that are payable to the Trustee.  With respect to any life insurance policy that the Trustee owns, the Trustee shall have exclusive power to exercise all of the incidents of ownership therein.  The Trustee shall not, however, be responsible for the partial or complete lapse of any such

policy because trust assets are insufficient to satisfy policy premiums or other charges. The Trustee also need not review any insurance policy held hereunder, initiate any change in any insurance coverage, or withdraw funds from any such policy, even if the Trustee knows facts that otherwise would make such review or changes advisable. The Settlor intends to relieve the Trustee of all liability with respect to any policy of insurance held hereunder. With respect to any insurance policy that the Trustee does not own, the Trustee need only safeguard any policies delivered to the Trustee, collect any proceeds thereof and fulfill such further obligations as the Trustee and the owner may agree.

(j)    <u>Environmental Concerns</u>. To inspect property for the purpose of determining compliance with any federal, state or local law, rule, regulation or ordinance affecting such property that relates to protection of the environment or health (an "Environmental Law") and to take any action necessary to address a change in, or to prevent, abate or remedy any actual or threatened violation of an Environmental Law. The Trustee may refuse to accept property if the Trustee determines that any such property is (i) contaminated by any substance defined as hazardous or toxic or otherwise regulated by an Environmental Law (a "hazardous substance") or (ii) has been used for any activity involving any hazardous substance. The Trustee may disclaim any power granted by any document, statute or rule of law that may cause the Trustee to incur personal liability under any Environmental Law. The Trustee may charge the cost of any inspection, abatement or remedial action against the income or principal of the Trust, and the Trustee shall not be personally liable for any decrease in the value of the Trust Estate caused by the Trustee's complying with any Environmental Law.

(k)    <u>Personal Use Property</u>. To allow any beneficiary of any trust hereunder holding personal use property or residential real property (and his or her guardian, if any) to use such property, free from rent and free from liability for ordinary wear and tear or for damage caused by accident or natural disaster, to the extent such use is consistent with the beneficiary's interest in such trust.

(l)    <u>Allocation of Receipts and Expenditures</u>. To determine whether any receipt or expenditure, the nature of which is not completely clear under the applicable law and the general principles of the law of trusts, shall be credited or charged to principal or income or partly each, and to determine whether to establish reasonable reserves for amortization, depreciation and depletion. Notwithstanding the foregoing, the Trustee may charge expenses to income from property for which an estate tax marital or charitable deduction is claimed only to the extent that the payment of those expenses from income will not reduce or eliminate the deduction.

(m)    <u>Right to Divide Trusts</u>. To divide the Trust Estate or any trust hereunder into separate trusts, including in a qualified severance as defined in section 2642 of the Code and to allocate property among such separate trusts pro rata or non-pro rata, all as the Trustee shall determine is beneficial to minimize taxes, simplify the administration of the Trust Estate, or for any other purpose.

(n)    <u>Right to Merge Trusts</u>.  To merge the assets of any trust created hereunder (other than the Marital Trust) into the assets of any other trust that has substantially similar terms and the same beneficiary or beneficiaries, of which the Trustee also serves as trustee or co-trustee, provided that if the ultimate remainder provisions are not identical, the Trustee of the resulting merged trust shall keep a record of the initial proportions of the trusts so merged, so that if such ultimate remainders become operative, the remaining principal of the resulting merged trust shall pass proportionately according to the original governing provisions of the trusts so merged.  After any such merger, the merged trusts may be treated as one trust.  If the duration of two trusts is measured or limited by a provision refer-ring to the death of the survivor of a group of individuals, such provisions shall be considered substantially similar even if the groups include different individuals, as long as all members of one group are included in the other.  If such trusts are combined, the duration of the combined trust shall be measured or limited by the group that has fewer members.

(o)    <u>Right to Combine Trusts for Investment</u>.  To combine the assets of any separate trusts under this Agreement (other than the Marital Trust) into one or more administrative investment units for convenience of administration and in-vestment.

(p)    <u>Ancillary Trustees</u>.  To act in any jurisdiction where permitted by law to do so, to designate one or more individuals or institutions to be ancillary Trustees in any jurisdiction where ancillary administration is necessary, to negoti-ate and determine the compensation to be paid to any ancillary Trustee whether or not such compensation would otherwise be authorized by law, and to remove and replace any ancillary fiduciary appointed hereunder.  The Settlor hereby appoints any ancillary Trustees so designated, and directs that they need not post bond or enter security in such jurisdictions.  With respect to any property subject to ancil-lary administration, the Settlor hereby grants to the ancillary Trustees all of the powers, authorities and discretion granted herein to the named Trustee, but any action requiring the investment of additional funds or the assumption of additional obligations shall require the written consent of the named Trustee.

(q)    <u>Location of Assets</u>.  To keep any property at any place in the United States or abroad.

(r)    <u>Retention of Professional Services</u>.  To employ and compensate investment and legal counsel, accountants, brokers and other specialists, and, whenever there shall be no corporate fiduciary in office, a corporate custodian, and to delegate to such persons (including an account executive at a securities firm) discretion with respect to the investment or sale of any assets held here-under.

(s)    <u>Delegation of Ministerial Powers</u>.  To delegate to any other then-serving Trustee or any other person full authority to perform ministerial acts, in-cluding the authority to sign checks and to authorize the investment of trust assets.

(t)    <u>Distributions in Cash or Kind</u>.  To effect any payment, division or distribution of principal or income in kind or in money, and to assign different properties or kinds of property to and among the beneficiaries receiving such payments or distributions pro rata or non-pro rata, at valuations determined by the Trustee and without regard to the income tax basis of any property.

(u)    <u>Tax Elections</u>.  To make any and all tax elections and allocations available to the Trustee, without any obligation to make equitable adjustments among the beneficiaries or between income and principal accounts.  The Trustee may also prepare and file or join in the preparation and filing of any tax returns that may be necessary or proper.

(v)    <u>In General</u>.  To do any and all other acts that the Trustee shall deem proper to effectuate the powers specifically conferred upon the Trustee by this Agreement.

## 3.2    Limitations on Trustee's Powers

Notwithstanding any other provision in this Agreement, no Trustee may exercise any powers granted hereunder that would give such Trustee or any person to whom the Trustee's powers may be imputed a general power of appointment described in section 2041 or 2514 of the Code or an incident of ownership described in section 2042 of the Code over any insurance policy held by the Trustee insuring the life of such Trustee or any person to whom the Trustee's powers may be imputed.  This Section shall not apply to the Settlor.  No part of the net income or principal hereof shall be paid or applied to discharge any Trustee's legal obligation to support a beneficiary hereunder (other than himself or herself if the Trustee is a beneficiary).

## FOURTH:  DEFINITIONS AND GENERAL PROVISIONS

The following definitions and general provisions shall apply to this Agreement:

## 4.1    Particular Words

(a)    <u>Adopted Persons</u>.  For all purposes of this Agreement, a person's adopted child and his or her descendants shall be considered to have and shall be given exactly the same status as that of a child who was born to such person and the descendants of such a child, provided that the adoption occurred before the adopted child attained the age of eighteen (18) years.

(b)     <u>Code</u>. All references herein to the "Code," unless otherwise indicated, are to the Internal Revenue Code of 1986, as amended. Any reference to a specific section of the Code shall also refer to any successor provision of law.

(c)     <u>Disability</u>. Except as otherwise provided herein, a person shall be considered to be under a disability while under the age of twenty-one (21) years or at any time when such person shall in the opinion of the Trustee be unable by reason of advanced age, illness or other condition (including, but not limited to, substance abuse or cult influence) to manage his or her affairs.

(d)     <u>Executor</u>. The word "Executor" as used herein shall also apply to any personal representative or administrator.

(e)     <u>Gender; Number</u>. The use of any gender in this Agreement shall be deemed to be and include the other genders, and the use of the singular herein shall be deemed to be and include the plural (and vice versa), whenever appropriate.

(f)     <u>Independent Trustee</u>. With respect to any trust created under this Agreement, all references to an Independent Trustee shall be a Trustee who is not a beneficiary of such trust or a person whose powers may be imputed to a beneficiary, such as a related or subordinate party as defined in section 672(c) of the Code with respect to a beneficiary who appointed such Trustee. Whenever no Independent Trustee is serving, the powers granted solely to the Independent Trustee may not be exercised.

(g)     <u>*Per Stirpes* Distribution</u>. Any direction to distribute property "*per stirpes*" to a person's then-living descendants means that division shall be made equally among the children of such person who are then living or who are then deceased but who have one or more then-living descendants regardless of whether any child of such person is then living, and the share representing each deceased child shall be divided similarly among such child's then-living descendants. Within the line of descent, ancestors living at the designated time shall take to the exclusion of their descendants.

(h)     <u>Successor Fiduciaries</u>. Where the context permits, all references herein to the Settlor's Executor or the Trustee acting under this Agreement shall be construed to apply to any substituted, successor, additional or remaining Executor or Trustee, and any such substituted, successor, additional or remaining Trustee shall be vested with the same rights, duties, powers, obligations and immunities as the Trustee originally named. Any corporation resulting from any merger, conversion, reorganization or consolidation to which any corporation acting as a fiduciary hereunder shall be a party, or any corporation to which shall be transferred all or substantially all of any such corporation's trust business, shall be the successor of such corporation as such fiduciary hereunder without the execution or filing of any instrument or the performance of any further act and shall have the same powers, authorities and discretion as though originally named

herein; and any references herein to the prior corporate fiduciary shall instead be deemed to refer to such successor corporate fiduciary.

**4.2    Tax Treatment of Marital Trust**

(a)    The Settlor authorizes the Settlor's Executor and/or Trustee to elect to qualify a portion or all of the principal of the Marital Trust as "qualified terminable interest property," so that the portion so elected shall qualify for the marital deduction, in the Executor's sole discretion. If such fiduciary should elect to so qualify less than all of the principal of the Marital Trust, the Trustee in the Trustee's discretion may at any time divide the Marital Trust into two separate trusts, an Elected Marital Trust and a Nonelected Marital Trust, to reflect such partial election. Such division shall be made according to the fair market value of the assets of the Marital Trust at the time of the division. Each such separate trust shall be administered and distributed in accordance with the provisions of Section 1.5 and all references in this Agreement to the Marital Trust shall be deemed to refer to each such trust.

(b)    If the federal estate tax is in effect at the Settlor's death, the Settlor intends to obtain the marital deduction for the full amount of the "qualified terminable interest property" elected with respect to the Marital Trust. If the federal estate tax is not then in effect, the Settlor intends that the income interest of the Settlor's husband in the Marital Trust shall be a "qualifying income interest for life" within the meaning of section 1022(c)(5) of the Code. Any provisions of this Agreement that may appear to conflict with or in any way defeat the Settlor's said intention shall be so construed or applied as to accomplish such intention.

**4.3    Survivorship**

(a)    For all purposes of this Agreement, any beneficiary shall be deemed to have predeceased the Settlor if such beneficiary shall not be living thirty (30) days after the date of the Settlor's death.

(b)    For all purposes of this Agreement, an infant who is in gestation on a certain date and is later born alive shall be considered living on such date.

**4.4    Spendthrift Provision**

The principal of the trusts hereunder and the income therefrom, so long as the same are

held by the Trustee, shall be free from the control, debts, liabilities and assignments of any bene-

ficiary interested therein and shall not be subject to execution or process for the enforcement of

judgments or claims against the beneficiary; nor shall any beneficiary have the power to appoint

any agent or attorney-in-fact to collect or receive any income or principal, except with the spe-

cific written approval of the Trustee. Notwithstanding the foregoing, if the Settlor's husband is not a U.S. citizen at the Settlor's death, the Settlor's husband may assign all or a portion of his beneficial interest hereunder to a qualified domestic trust as defined in section 2056A of the Code. This Section shall not apply to the Settlor.

**4.5    Powers of Appointment**

Notwithstanding anything in this Agreement to the contrary, no person holding a power of appointment over any trust hereunder may exercise such power in favor of a person who is not a qualified heir for the purposes of sections 2032A and 2057 of the Code, in the case of a trust holding property subject to the elections thereunder.

**4.6    Discretionary Distributions**

In exercising discretion to pay income or principal from the Trust Estate or any trust hereunder, the Trustee may take into account the income from other sources and the personal assets of any beneficiary. The Trustee shall give primary consideration to the needs of the Settlor's husband and then to the needs of the Settlor's son, and then to the needs of other beneficiaries. The Trustee may exclude any beneficiary from any discretionary distribution, need not treat all beneficiaries equally or proportionately and need not follow the same pattern in all such distributions. Any such discretionary payments may either be made to a beneficiary or applied for a beneficiary's benefit.

**4.7    Manner of Payment of Income and Principal by Trustee**

Payments made for the benefit of a beneficiary may be made directly to the beneficiary or to any other person(s) providing services to or otherwise benefiting the beneficiary, including, but not limited to, the beneficiary's parent, guardian or attorney-in-fact, or to a custodian under the Uniform Transfers to Minors Act (or similar legislation) selected by the Trustee, and the receipt of any such payee shall be a full release therefor. Except in the case of any Marital Trust,

an Independent Trustee may make such a payment to the trustee of any other trust benefiting the same beneficiary or beneficiaries, including any trust established by such Trustee. The Trustee may pay any income that has accrued as of the death of any mandatory income beneficiary to such person's estate, or the Trustee may add such income to the trust principal, in the Trustee's sole discretion.

**4.8    Disclaimer**

The Settlor hereby authorizes any person to disclaim in whole or in part any interest or power granted hereunder to such person, including fiduciary powers. Any disclaimer shall be made by a duly acknowledged instrument executed by such person and delivered to the Trustee. Such instrument need not take effect immediately and may be contingent. In the event that any person having disclaimer rights shall be deceased or under a disability, these rights may be exercised by such person's attorney-in-fact, conservator, guardian, committee or executor. The Trustee may disclaim in whole or in part any property passing to any trust hereunder and any power granted to the Trustee on behalf of such Trustee and successor Trustees.

**4.9    Severability of Provisions**

If any provision of this Agreement or its application to any person or in any circumstances shall be invalid and unenforceable, the application of such provision to persons and in circumstances other than those as to which it is invalid or unenforceable and the other provisions of this Agreement shall not be affected by such invalidity or unenforceability.

**4.10    Notices Under Agreement**

Any notice required by this Agreement to be given to any person shall be deemed to have been properly given when mailed, postage prepaid, by registered or certified mail, to the person to be notified at the last known address of such person, according to the records of the one giving the notice. If any such notice is required to be given to any person who is under a disability,

such notice shall be deemed to have been properly given when mailed, as aforesaid, to any person to whom the Trustee is authorized to make payments of income and principal for such person.

**4.11    Agreement in Duplicate; Counterparts**

This Agreement has been executed in duplicate and may be executed in counterparts, with the same effect as if all signing parties had signed the same document.  All counterparts shall be construed together and constitute the same instrument.

**4.12    Governing Law**

The validity, construction and effect of the provisions of this Agreement in all respects shall be governed and regulated according to and by the laws of the District of Columbia.

**4.13    Situs**

The original situs of the trust created hereunder shall be the District of Columbia.  The situs hereof may be maintained in any jurisdiction (including outside the United States), as the Trustee, in the exercise of sole and absolute discretion, may determine, and thereafter transferred at any time or times to any jurisdiction selected by the Trustee.  Upon such transfer of situs, the Trust Estate may thereafter, at the election of the Independent Trustee of said trust, be administered exclusively under the laws of (and subject, as required, to the exclusive supervision of the courts of) the jurisdiction to which it has been transferred.  Accordingly, if the Trustee

[Balance of page intentionally left blank.]

hereunder elects to change the situs of any such trust, the Trustee of said trust is hereby relieved of any requirement of having to qualify in any other jurisdiction and of any requirement of having to account in any court of such other jurisdiction.

IN WITNESS WHEREOF, VIRGINIA LENZO, as Settlor, and GIUSEPPE LENZO, as Trustee, have as of the date noted set their hands to this Agreement.

WITNESS:

Signature
Print Name: _ALEX PALOMO._

Signature
Print Name: _Cher Stanton_

VIRGINIA LENZO,
Settlor

GIUSEPPE LENZO,
Trustee

THE VIRGINIA LENZO TRUST

SCHEDULE A

Lot Numbered Fifty-Five (55) in Square One Hundred Sixty-Three (163), as per plat recorded March 6, 1981, in the Office of the Surveyor for the District of Columbia, in Book 168 at Page 18, less and except all of said Lot Numbered Fifty-Five (55) in Square One Hundred Sixty-Three (163) except for that part known and described as former Lot 49 in Square 163 in the District of Columbia, in the subdivision made by Wilhelmina Hense, as per plat recorded in Liber No. 48 at Folio 105, of the Records of the District of Columbia, said parcel conveyed being more particularly described by metes and bounds as follows:  Beginning at a point on the south line of L Street, N.W., 70 feet east of the intersection of the south line of L Street, N.W., and of the east line of 18th Street, N.W., and being the northwest corner of former Lot 49 in Square 163, thence the following four (4) courses and distances:

1.    East 40 feet along the south line of L Street, N.W., to the northeast corner of former Lot 40; thence

2.    South 54 feet along the east line of former Lot 49 to the southeast corner of former Lot 49; thence

3.    West 40 feet along the south line of former Lot 49 to the southwest corner of former Lot 49; thence

4.    North 54 feet along the west line of former Lot 49 to the south line of L Street, N.W., being the northwest corner of former Lot 49 and the point and place of beginning.

# ACKNOWLEDGMENTS

OFFICE OF THE STAFF JUDGE ADVOCATE     )
HQ, USASETAF (ABN)                 )    ss:
UNIT 31401, BOX 7                 )
APO AE 09630

On this 15 day of April, 2003, before me personally appeared VIRGINIA LENZO, known to me or satisfactorily proven to be the individual described in and who executed the foregoing and annexed Trust as Settlor, who acknowledged the execution of the same to be her free act and deed.

_____ (SEAL)

Title : _____

My Commission Expires: _____

Mark Christensen
Department of the Army Civilian
Attorney Advisor

OFFICE OF THE STAFF JUDGE ADVOCATE     )
HQ, USASETAF (ABN)                 )    ss:
UNIT 31401, BOX 7                 )
APO AE 09630

On this 15 day of April, 2003, before me personally appeared GIUSEPPE LENZO, known to me or satisfactorily proven to be the individual described in and who executed the foregoing and annexed Trust as Trustee, who acknowledged the execution of the same to be his free act and deed.

_____ (SEAL)

Title : _____

My Commission Expires: _____

Mark Christensen
Department of the Army Civilian
Attorney Advisor

Document #: 1223271 v.4

-23-