# LAW OFFICES OF BABAK MOVAHEDI, PLLC
### A PROFESSIONAL LIMITED LIABILITY COMPANY

BABAK MOVAHEDI (DC & MD)

ATTORNEYS AT LAW

1700 Q STREET, N.W.
WASHINGTON, D.C. 20009
202-234-5522   FAX 202-234-5582

INTERNATIONAL OFFICE:
TEHRAN, IRAN
65 SEOUL STREET
VANAK, TEHRAN, IRI
9821-803-9460
FAX: 9821-804-3924

December 6, 2005

Jeremy Simon, Esq.
Thompson, Loss & Judge, LLP
Suite M-200
1919 Pennsylvania Ave., N.W.
Washington, DC 20036-3458

Dear Mr. Simon,

It is our understanding that you represent the Washington Square Limited Partnership in regard to an interpleader action involving the payment of the portion of rent due to Virginia DiPerna Lenzo (now deceased). This firm represents Mrs. Lenzo's daughter, Nunziata Lenzo Romano, and we also represent Floriana Denise Nestore, who has filed a petition with the Registrar of Wills in the District of Columbia to be appointed Personal Representative under the will of Virginia DiPerna Lenzo's estate. We are authorized to accept service on behalf of Nunziata Lenzo Romano and Folriana Nestore in connection with the interpleader action.

Nunziata Lenzo Romano is one of two beneficiaries under the will of her Mother, Virginia DiPerna Lenzo. The other beneficiary is Ms Romano's brother, Guiseppe Lenzo. In the year 2003, Virginia Lenzo purportedly created two trusts involving the proceeds of the rent from Washington Square Limited Partnership: The Virginia Lenzo Trust and the Tindaro Lenzo Trust. On October 3, 2004, in a hand-written document, Virginia Lenzo states:

> "Any and all papers or documents formally signed by me in relation to the property situated in L St. 1742-1744 N.W. Washington D.C. U.S.A. should be considered null and void."

This document, therefore revokes both the Virginia Lenzo Trust and the Tindaro Lenzo Trust.

The Virginia Lenzo Trust is specifically revocable. The Tindaro Lenzo Trust was revoked by Virginia Lenzo in the October 3, 2004 written instrument, because she was the settlor of the trust and none of the actions that Tindaro Lenzo could have taken under the Trust (as described in the May 13, 2003 deed from the FDIC to Virginia DiPerna Lenzo) to adversely effect the corpus were taken to divest ownership of the proceeds from the trust prior to it being revoked.

While we are confident that the Trusts were revoked, if the revocation of the Tindaro Lenzo trust is found to be invalid, Nunziata Lenzo Romano may have an additional claim to 50% of the Tindaro Lenzo Trust because upon Tindaro Lenzo's death, his interest

www.movahedilaw.com

would have gone to Virginia DiPerna Lenzo and then 50% of that interest would go to Nunziata Lenzo Romano.

In addition, our clients expect to put forward claims against Guiseppe Lenzo for mishandling and misappropriating proceeds from prior payments made by Washington Square Limited Partnership pursuant to the Trust agreements. Virginia DiPerna Lenzo made written demands to Washington Square Limited Partnership that payment of the rents be divided between Nunziata and Guiseppe. His misdeeds, together with those written demands, we contend, also provide further evidence of written revocation of both Trusts.

For all of these reasons, we believe both trusts to be invalid, and thus urge that you make arrangements to have the January 1, 2006 payment and any other funds that become due before an Order of the Court is issued, placed into an interest bearing escrow account, or be paid into the DC Court and included in the interpleader action that you have indicated will be filed. Should the Washington Square Limited Partnership choose not to take this prudent step to insure that all future payments ultimately reach the correct party or parties in interest and the Court ultimately determines that payments should have been made to our clients by Washington Square Limited Partnership, our clients would avail themselves of all legal remedies.

Sincerely,

Michael J. Pollack

cc: Joel Simon, Esq.