UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P., </br></br>  Plaintiff, </br></br>  v. </br></br> GIUSEPPE LENZO, *et al.*, </br></br>  Defendants. | Civil Action No. 05-2420 (EGS) |

**MEMORANDUM OPINION AND ORDER**

This is a statutory interpleader action brought under 28 U.S.C. § 1335.  Pending before the Court are two motions: (1) defendant Giuseppe Lenzo's ("Giuseppe") Motion to Dismiss for Lack of Subject Matter Jurisdiction; and (2) defendant Nunziata Lenzo Romano's ("Nunziata") Motion for Leave to File Cross Claim. Upon careful consideration of the motions, the responses and replies thereto, the Court GRANTS in part and DENIES in part defendant Giuseppe's motion, and GRANTS defendant Nunziata's motion.

**I.   BACKGROUND**

Plaintiff Washington Square Limited Partnership, R.L.L.P. owns an office building at 1050 Connecticut Avenue, N.W., Washington, D.C.[1]  Am. Compl. ¶ 13.  Plaintiff leases a part of

---

[1] This property is also referred to by the parties as being located at L. St. 1742-1744 N.W., Washington, D.C.. *See* Am.

the land on which its office building is located from multiple owners who, pursuant to the terms of a lease agreement with plaintiff, are entitled to semi-annual payments of rent in accordance with their respective interests. *Id.* at ¶ 2.  This case involves only two, one-sixth interests in the property, which were owned by Virginia Di Perna Lenzo. *Id*.  Virginia Di Perna Lenzo died on February 26, 2005.  Several years prior to her death, she conveyed legal title to these two, one-sixth interests to her son, defendant Giuseppe, as Trustee and sole beneficiary. *Id.*  Since the conveyance, plaintiff has been paying the semi-annual rent to Giuseppe. *Id.*

On October 21, 2005, a petition for standard probate of the estate of Virginia Di Perna Lenzo was filed in the Probate Division of the Superior Court of the District of Columbia. *Id.* at ¶ 22.  The petition seeks to probate a Will dated July 3, 1995 (hereinafter "1995 Will"), which identifies defendants Nunziata, and Giuseppe as heirs of the estate. *Id.*

Prior to her death, on October 3, 2004, Virginia Di Perna Lenzo handwrote a document (hereinafter "2004 handwritten document") in Italy, which states that "[a]ny and all papers or documents formally signed by me in relation to the property situated in L St. 1742-1744 N.W. Washington, D.C., U.S.A. should be considered null and void." *Id.* at ¶ 24.  Defendant Nunziata

---

Compl. ¶ 24.

claims that her mother's 2004 handwritten document revoked her prior conveyance of the two, one-sixth interests in the property to her brother defendant Giuseppe.  Specifically, Nunziata alleges that the interests reverted to her mother's estate prior to her death, and that she is entitled to half of the rental proceeds to be split with Giuseppe. *Id.* at ¶ 3.  Therefore, she has asked the plaintiff to pay the semi-annual rent payment to the estate of Virginia Di Perna Lenzo, as opposed to Giuseppe. *Id.* at ¶ 23.  Defendant Giuseppe claims that the 2004 handwritten document has no effect on the estate and he is entitled to the full share of the rent from the property in question.  As a result, plaintiff, who stands neutral in this dispute, is now unsure to whom the semi-annual rental payments should be made. *Id.* at ¶¶ 3, 26.

Faced with conflicting and competing demands for payment of the semi-annual rent, plaintiff filed its Complaint for Interpleader and a Motion for Order Interpleading Defendants and Directing the Deposit of Funds into the Court Registry on December 16, 2005.  The Court granted the plaintiff's motion, allowing the interpleader action to proceed on a provisional basis and for the funds to be deposited into the Court's registry.

**II.  LEGAL FRAMEWORK**

   **A.   Statutory Interpleader**

A statutory interpleader action is brought under the Federal Interpleader Act, 28 U.S.C. § 1335, and is proper where "a party is exposed to multiple claims on a single obligation, and wishes to obtain adjudication of such claims and its obligation in a single proceeding." *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 40 (D.D.C. 2002) (citing *Commercial Union Ins. Co. v. U.S.*, 999 F.2d 581, 583 (D.C. Cir. 1993)). It is an equitable remedy that may be used to achieve an orderly distribution of a limited fund. *Id.*

There are generally two stages to an interpleader action. *Id.* The first involves a determination of whether the plaintiff has met the statutory prerequisites for the invocation of the interpleader remedy. *Id.* The jurisdictional requirements are that (1) the plaintiff have custody of the disputed property, which must exceed $ 500 in value; (2) the plaintiff deposit the disputed property into the registry of the court; and 3) two or more adverse claimants of diverse citizenship claim or may claim an interest in the disputed property. *See* 28 U.S.C. § 1335.

The second stage consists of a determination of the respective rights of the claimants to the disputed property. *Star Ins. Co.*, 273 F. Supp. 2d at 41. The plaintiff bears the burden of demonstrating that these statutory requirements are met. *Id.* There is, however, no set procedure governing how the court is to decide the jurisdictional question, and all parties

must be given an opportunity to be heard on the issue of the appropriateness of an interpleader action before a final jurisdictional determination is made. *Id.* Additionally, a court may accept provisional jurisdiction over an action where the plaintiff alleges that the statutory requirements have been met and the plaintiff has deposited the funds in question into the court's registry. *Id.* Here, the Court, having granted provisional jurisdiction, *see* Order, Dec. 22, 2005, must now determine whether jurisdiction is proper in view of defendant's objections.

### B. Standard of Review

A motion under Fed. R. Civ. P. 12(b)(1) presents a threshold challenge to the court's jurisdiction. *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). *See also* 4 Wright & Miller, Fed. Prac. & Proc. § 1350 (2002 Supplement)("subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place"). A court may resolve a Rule 12(b)(1) motion based solely on the complaint, or if necessary, may look beyond the allegations of the complaint to affidavits and other extrinsic information to determine the existence of jurisdiction. *Haase*, 835 F.2d at 908. *See also Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992). The standard of review is virtually identical to that used for 12(b)(6) motions, however, the plaintiff bears the

burden of proving jurisdiction. *See Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999).

The Court will not grant a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Accordingly, at this stage of the proceedings, the Court accepts as true all of the complaint's factual allegations. *See Does v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). Plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged." *Kowal*, 16 F.3d at 1276.

**III. DEFENDANT GIUSEPPE'S MOTION TO DISMISS**

Defendant Giuseppe argues that this Court does not have subject-matter jurisdiction for two reasons. First, the minimal diversity requirement for an interpleader complaint is not met in this case because both he and defendant Nunziata are Italian citizens and are domiciled in Italy. Second, defendant Giuseppe argues that the "probate exception" is applicable to this case because this case is essentially a dispute over a probate matter which the Superior Court for the District of Columbia is better suited to resolve.

Plaintiff responds that there is diversity between the claimants because defendant Giuseppe was domiciled in Florida at the time the complaint was filed and defendant Nunziata was domiciled in Italy.  Plaintiff further responds that the probate exception does not apply because (1) there is no statutory "probate court" in D.C.; (2) the 2004 handwritten document is not being relied upon as a testamentary instrument and therefore this action does not involve probate law; and (3) there was no parallel probate dispute pending at the time this lawsuit was filed.

>   **A.   Defendant Giuseppe and Defendant Nunziata were of Diverse Citizenship At the Time the Complaint was Filed.**

A statutory interpleader action requires that two or more of the adverse claimants be of diverse citizenship. 28 U.S.C. § 1335.  An interpleader action, however, only requires minimum diversity, as opposed to complete diversity under 28 U.S.C. §1332(a). *See also Star Ins. Co.*, 273 F. Supp. 2d at 41 ("jurisdiction is proper . . . so long as at least two of the claimants are citizens of different states").

Diversity of citizenship is determined as of the time of the filing of the complaint. *See Cory v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 392 n.12 (3d Cir. 1991).  A person must be both a citizen of the United States and be domiciled within a particular state.

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989); *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). When one of the claimants possesses dual citizenship, as is the case here with defendant Giuseppe, the American citizenship takes priority. *See Cory*, 85 F.3d at 250 (citing cases); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504 (2d Cir. 1991). Thus, if a defendant maintains dual citizenship, but is domiciled in a state in the United States, the party's citizenship in that state determines diversity.

"Domicile is determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Prakash v. American Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984). The court may examine "a number of generally accepted indicia of domiciliary status including sworn declaration of domicile; voting registration; state driver's license; ownership of personal property in a given state; bank accounts and club membership." *Naegele v. Albers*, 355 F. Supp. 2d 129, 135 (D.D.C. 2005). *See also Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (looking to current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes to determine domiciliary

8

status).  A person's intent to establish domicile must be supported by evidence. *Sadat*, 615 F.2d at 1181 ("[i]ntent is a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct") (quoting *Berhalter v. Irmisch*, 75 F.R.D. 539, 541 (W.D. N.Y. 1977)).  Additionally, a party's mere assertions of intent will not suffice. *Lew*, 797 F.2d at 750 ("[the courts have also held that domicile is evaluated in terms of 'objective facts,' and that 'statements of intent are entitled to little weight when in conflict with the facts.'"). The plaintiff bears the burden of proof when jurisdiction is challenged. *Naegele*, 355 F. Supp. 2d at 135.

The plaintiff has demonstrated that defendant Giuseppe established Florida as his domicile and had not revoked it at the time this lawsuit was filed.  Plaintiff has shown that Giuseppe claimed a homestead exception for his residence in Florida[2], was a registered voter in Florida, maintained a Florida driver's license, held title to an automobile in Florida, and paid taxes on his home in Florida. *See* Ex. A-E, Pl.'s Opp. to Def. Giuseppe's Mot. to Dismiss.

Defendant Giuseppe submitted an affidavit asserting that he had moved to Italy at the time this lawsuit was filed.  The

---

[2] Under Florida law, declaring a homestead requires the property owner to attest, under penalty of perjury, that he was then a "permanent resident of the State of Florida."  Ex. A, Pl.'s Opp. to Def. Giuseppe's Mot. to Dismiss.

public record, however, indicates no objective criteria to support this change of domicile by the date on which this suit was filed. In fact, defendant Giuseppe revoked his declaration of homestead only after this lawsuit was initiated. *See* Ex. A., Pl.'s Opp. to Def. Giuseppe's Mot. to Dismiss (a letter from Miami-Dade County Property Appraisal Department stating that defendant Giuseppe cancelled the homestead exemption as of March 3, 2006). While it may be true that defendant Giuseppe has moved to Italy and now "intends" to stay there; the evidence submitted by the plaintiff persuades the Court that he was domiciled in Florida at the time this suit was filed. Therefore, the Court concludes that the plaintiff has met its burden of demonstrating that defendant Giuseppe was domiciled in Florida at the time this lawsuit was filed, and that the Court has diversity jurisdiction over this case.

**B. The Probate Exception Applies to This Case.**

The probate exception is a judicially created doctrine, *see Marshall v. Marshall,* 126 S. Ct. 1735, 1741 (2006), which ensures that a federal court does not have jurisdiction to probate a will or administer an estate. *Markham v. Allen*, 326 U.S. 490, 494 (1946). A federal court may exercise limited jurisdiction over the parties "so long as the federal court does not interfere with the probate proceedings." *Id.* The primary reasons behind the probate exception are judicial economy and the "relative

expertness" of state courts in adjudicating probate matters. *See Storm v. Storm*, 328 F.3d 941, 944 (7th Cir. 2003).

To determine whether the probate exception applies, the Court must undertake a two-part inquiry. *Moser v. Pollin*, 294 F.3d 335, 340 (2d Cir. 2002). First, the Court must determine whether it is being asked to directly probate a will or administer an estate. *Id.* Second, the Court must determine whether the action is *indirectly* related to the probate of a will or the administration of an estate such that the Court would be required to "interfere" with the probate proceedings. *Id.* A dispute over the probate exception usually arises from the second prong as it is rare that a federal court is directly asked to probate a will. *Id.*

Here, no party is asking the Court to directly probate a will or administer an estate. However, the issue presented in this case--to whom should plaintiff pay the semi-annual rent in view of the 2004 handwritten document and the 1995 Will--is indirectly related to the administration of Virginia Di Perna Lenzo's estate. Virginia Di Perna Lenzo wrote a will in 1995 that divided her assets evenly between her two children, the defendants in this case. She then conveyed the 1050 Connecticut Avenue property to her son, defendant Giuseppe, in an *inter vivos* trust. In 2004, however, Virginia Di Perna Lenzo handwrote a document that was recorded in Italy which nullified any

11

conveyance she made with regard to the 1050 Connecticut Avenue property.  In view of such facts, the Court cannot determine to whom the plaintiff should pay the semi-annual rent without first addressing what impact, if any, the 2004 handwritten document has on the division of property according to the terms of the 1995 Will.  Therefore, the probate exception applies and the probate division of the Superior Court of the District of Columbia[3] is better positioned to resolve the underlying dispute.  After all, state courts are relative experts in adjudicating probate matters.  *See Storm*, 328 F.3d at 944.

The plaintiff, however, alleges that because the dispute over the nature and applicability of the 2004 handwritten document is a trust revocation issue involving contract and trust laws, and not a probate issue, the probate exception is not applicable.  In determining whether the underlying issues are *indirectly* related to the probate of a will or the administration of an estate such that the Court would be required to "interfere" with the probate proceedings, the Court will look beyond the mere

---

[3] One of plaintiff's arguments as to why the probate exception is not applicable to this case is that there is no statutory probate court in the District of Columbia.  That argument has no merit.  Jurisdiction over probate matters was vested in the Superior Court of the District of Columbia by the Court Reform Act, D.C. Code § 11-921 (1973).  The Court Reform Act created a state court system in the District, which resembles that of other state court systems.  *Andrade v. Jackson*, 401 A.2d 990, 992 (D.C. 1979).  The Superior Court was divided into several divisions, of which one is the probate division.  *Id.* at 992-93.

labels used to characterize the dispute at hand.  Since the division of the property according to the 1995 Will cannot be determined without first addressing the status of the *inter vivos* trust, the two issues are inextricably intertwined.  Therefore, because a decision on whether the trust was revoked is central to how the probate matters will be resolved in this case, the probate exception applies.  Accordingly, the Court will stay the proceedings in this case pending resolution of the probate issues in the Superior Court of the District of Columbia.[4]

---

[4] Rather then dismissing this case due to applicability of the probate exception, the Court will maintain jurisdiction over this action while the Superior Court resolves the underlying dispute regarding the administration of Virginia Di Perna Lenzo's estate. After all, since the first stage of the interpleader action has been met and the rent monies for January and July 2006 have been deposited into this Court's registry, staying this case, as opposed to dismissal, would avoid needless duplicative litigation.

Plaintiff argues that because there is no pending parallel action in a state court, this Court should not stay this case. *See NY Life Distributors, Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 382 (3d Cir. 1995) (a district court can stay or abate a case if there is a pending parallel action in state court); *Johns v. Rozet*, 770 F. Supp. 11, 15 (D.D.C. 1991) (the parallel dispute must contain the same claims and parties).  Plaintiff is correct in that there is no pending Superior Court case that would fully resolve the issues before this Court.  What is pending in Superior Court is a petition for standard probate of the estate of Virginia Di Perna Lenzo in its Probate  Division.  Because the resolution of that petition will aid this Court in resolving the issue of to whom the plaintiff should pay the rental payments, the Court will maintain jurisdiction over this case while the Superior Court resolves the probate issues.  Once Virginia Di Perna Lenzo's net probate estate is ascertained, this Court can determine what portion, if any, of the rent should be paid to each of the defendants.

**IV.   DEFENDANT NUNZIATA'S MOTION FOR LEAVE TO FILE CROSS-CLAIM.**

Defendant Nunziata alleges that she is entitled to a fifty percent share of the proceeds from the ground lease at issue based on the 1995 Will.  She further argues that the rent payments for the year 2005 were erroneously made to defendant Giuseppe.  Payments should have been divided between the two defendants, and that future rent payments should also be divided accordingly.  Defendant Nunziata asks for fair market value of the rent, plus interest for the year 2005 and fifty percent of future proceeds.

Defendant Giuseppe opposes the motion for the same reasons that he moved to dismiss the complaint, namely that the Court lacks subject-matter jurisdiction based on lack of diversity and the existence of the probate exception.  In addition to these assertions, defendant Giuseppe argues that the proposed cross-claim fails to state a claim upon which relief may be granted. The Court's reasons as to why diversity jurisdiction exists and the probate exception applies to this case have been discussed fully above, therefore, the Court will not repeat them here. Accordingly, the Court will turn to the only outstanding issue in defendant Giuseppe's opposition that defendant Nunziata has

failed to state a claim upon which relief may be granted.[5]

### A. Defendant Nunziata Has Stated a Cross Claim Upon Which Relief May Be Granted.

The Court finds that defendant Nunziata has presented a cross claim upon which relief may be granted. The purpose behind a cross-claim is to "promote the expeditious and economical adjudication in a single action of the entire subject matter arising from one set of facts." *Providential Development Co. v. U.S. Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956). It is not limited to "definite or matured causes of action." *Id.* Further, a cross-claim may be "broad enough to include a claim of a contingent nature, the ultimate outcome of which depends upon the determination of other features or issues in the case." *Id.*

Defendant Giuseppe argues that defendant Nunziata did not sufficiently describe the connection between the facts alleged in her cross complaint. The Court disagrees. In her cross complaint, defendant Nunziata explains how she is entitled to fifty percent of her mother's estate and that defendant Giuseppe has been receiving one hundred percent of the rental proceeds. Defendant Nunziata further asserts that the 2004 handwritten

---

[5] Plaintiff also filed a response to defendant Nunziata's motion. Plaintiff states in its response that it takes no position on defendant Nunziata's motion, other than that the Court has subject matter jurisdiction over the interpleader action, including any cross claims the defendants may assert against each other. *See* Pl. Resp. to Def. Nunziata's Mot. for Leave to File Cross Claim, pp. 1-2.

document written by her mother before her death revoked the trust that gave defendant Giuseppe claim to the proceeds of the rent. Accordingly, defendant Nunziata has stated a cross-claim upon which relief may be granted.

**V.   CONCLUSION**

For the foregoing reasons, the Court hereby

**ORDERS** that defendant Giuseppe's Motion to Dismiss is **DENIED in part and GRANTED in part**; and it is

**FURTHER ORDERED** that defendant Nunziata's Motion for Leave to File Cross Claim is **GRANTED**; and it is

**FURTHER ORDERED** that this case is **STAYED** until further order of this Court; and it is

**FURTHER ORDERED** that the parties are to inform the Court as soon as the petition for standard probate of the estate of Virginia Di Perna Lenzo has been resolved by the Probate Division of the Superior Court of the District of Columbia; and it is

**FURTHER ORDERED** that plaintiff is to deposit into the registry of the Court the semi-annual installment of rent payments totaling $ 100,000 pursuant to the Lease Agreement, *see* Ex. B, Pl.'s Am. Compl., every January 1 and July 1 of each year from this date forward until further order of this Court.

**IT IS SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**United States District Judge**
**September 20, 2006**