UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P. ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| GIUSEPPE LENZO, *et. al* ) ) | Case Number 1: 05CV02420 |
| Defendants. ) ) | Judge: Emmet G. Sullivan |
| AND ) ) | Deck Type: General Civil |
| Nunziata Lenzo Romano ) ) | Date Stamp: 9/20/2006 |
| Cross-Claimant, ) ) | |
| v. ) ) | |
| Giuseppe Lenzo ) ) | |
| Cross-Defendant. ) | |

## ANSWER AND CROSS-CLAIM

Defendant Floriana Nestore ("Defendant"), one of the defendants in this action, through counsel, hereby files her answer to Plaintiff's Amended Complaint, stating as follows:

1. This is a matter of law and Defendant neither admits nor denies the allegation

2. Admitted in part, denied in part: Defendant denies that there are two 1/6 interests in the leased property as set out in this allegation. Defendant asserts that undivided title to the 1/3 interest of Virginia DiPerna Lenzo is in the estate of Virginia DiPerna Lenzo.

3. Admitted that Plaintiff stands neutral in this dispute and is unable to determine the respective rights of the Defendants to the rental payments at issue. Defendant does not have sufficient information to admit or deny that Giuseppe Lenzo expects payments to continue. Admitted that Defendant Nunziata Romano contends that she and her brother are each entitled to one-half of the rental payments attributable to Virginia DiPerna Lenzo as their mother's surviving heirs. Defendant denies that the rental payments are allocable to 1/6 interests, to the extent that the 1/6 interests refer to the trusts.

4. Admitted

5. Admitted

6. Admitted, except Defendant neither admits nor denies the future intentions of the Plaintiff in regard to depositing funds in the Registry.

7. Admitted

8. Upon information and belief, Defendant admits paragraph 8 of the Complaint.

9. Defendant denies that Giuseppe Lenzo is Trustee and sole beneficiary of any Trust related to the parcel of land involved in this matter. Defendant admits that Exhibit A of the Complaint purports to establish a trust referred to as The Virginia Lenzo Trust, but Defendant denies that said trust had or has any legal effect.

10. Defendant denies that Giuseppe Lenzo is Trustee and sole beneficiary of any Trust related to the parcel of land involved in this matter. To the extent that Paragraph 10 describes "The Tindaro Lenzo Trust" Defendant lacks sufficient information to admit or deny that said trust had or has any legal effect.

11. Admitted

12. Admitted

13. Admitted

14. Admitted

15. Admitted

16. Admit that the Interpleader involves the interests of Virginia DiPerna Lenzo. Deny that the Trusts described in Paragraph 16 had or has any legal effect.

17. Admit that there is a document purporting to convey the interest as stated in Paragraph 17. Deny that the Trust had or has any legal effect.

18. Deny that there is an undivided one-sixth interest. Defendant asserts that there is an undivided one-third interest owned by the Estate of Virginia DiPerna Lenzo, for which payment of $100,000 is due on the dates set out on Paragraph 18.

19. Admit that there is a document purporting to convey the interest as stated in Paragraph 19. Deny that the Trust had or has any legal effect.

20. Deny that there is an undivided one-sixth interest. Defendant asserts that there is an undivided one-third interest owned by the Estate of Virginia DiPerna Lenzo, for which payment of $100,000 is due on the dates set out in Paragraph 20.

21. Admitted

22. Admitted

23. Admit the copies of the letters are valid. Deny that the letters refer to the $1/6^{th}$ interests in the Ground Lease Parcel. Defendant asserts that the letters demand that the full amount of the payments are owed to the estate of Virginia DiPerna Lenzo.

24. Admit, although denying that the letters contained a threat.

25. Admit that the public record is as the Plaintiff contends in Paragraph 25. Deny the remainder of Paragraph 25.

26. Defendant can neither admit nor deny Plaintiff's assertion of doubt.

WHEREFORE, Defendant requests that the Court adjudge:

1. That all funds placed into the registry of the Court by this action be found to be funds belonging to the estate of Virginia DiPerna Lenzo;

2. That any assessment of costs or fees be granted solely from proceeds due to Giuseppe Lenzo, the party whose claim to all of the funds is groundless and whose assertions necessitated interpleader

## CROSS-CLAIM

Defendant/Cross-Claimant Floriana Nestore ("Floriana"), through counsel, hereby files her cross-claim against Defendant/Cross-Defendant Giuseppe ("Giuseppe").

In support of this cross-claim Floriana states as follows:

1. Floriana and Giuseppe are defendants in the underlying interpleader action and the cross-claim is proper under Fed. Rules Civ. P. 13(g) in that the subject of this cross-claim arises out of the transaction or occurrence that is the subject matter of the original action and/or property that is the subject matter of the original action.

2. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a) inasmuch as there is diversity of citizenship and the matter exceeds $75,000.00 and pursuant to 28 U.S.C. § 1335 inasmuch as there is diversity of citizenship and the value at stake exceeds $500.00.

3. The underlying interpleader action is based on competing claims against the proceeds of a ground lease, as described in detail in the Interpleader Complaint.

4. Floriana's claims as personal representative of the Estate of Virginia DiPerna Lenzo are based on the 1995 will of Virginia DiPerna Lenzo, who died testate in February, 2005.

5. For several years Giuseppe has received, by reason of two purported trusts allegedly created on May 13th, 2003, and described in detail in the Interpleader Complaint, the full amount of the proceeds from the ground lease that should have been paid to Virginia DiPerna Lenzo and, upon her death, to her Estate.

6. Virginia DiPerna Lenzo executed a written document on October 3, 2004, in which she states "[a]ny and all papers or documents formally signed by me in relation to the property situated in L St. 1742-1744 N.W. Washington, D.C. U.S.A. should be considered null and void." (The property that generated the proceeds from the ground lease.)

7. The January 2005 payment of $100,00 should have gone to Virginia DiPerna Lenzo and the July 2005 payment of $100,000 should have been paid to her Estate.

8. Giuseppe received full payment of the January and July 2005 payments of $100,000.

9. Since the time of the death of Virginia DiPerna Lenzo, Giuseppe has exercised control over that certain real estate located at 3409 Broad Branch Terrace, N.W., Washington, D.C. 20008 and 5149 Linnean Terrace N.W., Washington, D.C. 20008, even though those properties became property of the Estate, pursuant to

the will, and has failed to compensate the Estate for the whole value of the use and/or rental of those properties.

WHEREFORE, Cross-claimant requests that the Court adjudge:

1. The Estate is entitled to receipt of $100,000, plus interest, from Giuseppe based on its right to the July 2005 payment of the ground lease, which was collected by Giuseppe after the date of Virginia DiPerna's death.

2. The Estate is entitled to the fair marker value rent, plus interest, of Giuseppe's use of either of the properties at 3409 Broad Branch Terrace, N.W., Washington, D.C. 20008 and 5149 Linnean Terrace, N.W., Washington, D.C. 20008 and is entitled to any actual rent collected by Giuseppe in connection with either of those properties, from February 2005 to the time of the judgment.

3. Such other relief that the Court deems appropriate.

Dated: September 20, 2006            Respectfully submitted:

_____

Babak Movahedi
Law Office of Babak Movahedi, L.L.P.
1767 P Street, N.W.
Washington, D.C. 20009
(202)-255-3355 (phone)
(202)-462-9197

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of September 2006, I caused to be served a true and correct copy of the foregoing and proposed Answer and Cross-claim, via first-class mail, postage pre-paid on the following:

1. Babak Movahedi
   Law Offices of Babak Movahedi, PLLC
   1700 Q Street, N.W.
   Washington, D.C. 20009

2. Joseph DeGance, Esq.
   3471 N. Federal Highway
   Suite 300
   Fort Lauderdale, FL 33306

3. Jeremy Simon
   Thompson, Loss, & Judge LLP
   1919 Pennsylvania Avenue, N.W.
   Suite M-200
   Washington, D.C. 20006

4. Robert F Comstock
   5225 Wisconsin Avenue, N.W.
   Suite 300
   Washington, D.C. 20015