IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P.**,

    Plaintiff,

vs.

    CASE NO.: 1:05CV02420
    JUDGE:  Emmet G. Sullivan
    DECK TYPE:  General Civil
    DATE STAMP:  01/12/2006

**GIUSEPPE LENZO**, *et al.*

    Defendants,

AND

**NUNZIATA LENZO ROMANO**,

    Cross-Claimant,

vs.

**GIUSEPPE LENZO**,

    Cross-Defendant.
_____/

### GIUSEPPE LENZO'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIM OF FLORIANA NESTORE

Cross-Defendant GIUSEPPE LENZO, by and through undersigned counsel, respectfully submits this Answer and Affirmative Defenses to the Cross-Claim filed by FLORIANA NESTORE.

## ANSWER

For his Answer, GIUSEPPE LENZO responds to the allegations of the Cross-Claim as follows:

1. Admitted that FLORIANA NESTORE and GIUSEPPE LENZO are both Defendants in the underlying interpleader action, and admitted that the claim of FLORIANA NESTORE pertaining to the property located at L Street 1742-1744 N.W., Washington, D.C., is a proper cross-claim under Rule 13(g), Federal Rules of Civil Procedure, insofar as such cross-claim arises out of the same transaction or occurrence and/or pertains to the same property that is the subject matter of the interpleader action. However, GIUSEPPE LENZO denies that the cross-claim is proper under Rule 13(g), Federal Rules of Civil Procedure, insofar as the cross-claim asserts entitlement to the properties located at 3409 Broad Branch Terrace, N.W., Washington, D.C., and at 5149 Linnean Terrace, N.W., Washington, D.C., and the claims with respect to such properties neither arise out of the same transaction or occurrence nor involve the same property that is the subject matter of the underlying interpleader action.

2. Denied.

3. Admitted.

4. Admitted that claims of FLORIANA NESTORE as alleged in the Cross-Claim are based upon the 1995 will of Virginia Di Perna Lenzo. Denied that the properties that are the subject matter of the claims of FLORIANA NESTORE are part of the estate of Virginia Di Perna Lenzo.

5. Admitted that as a result of the creation of two trusts on May 13, 2003, GIUSEPPE LENZO has received the full amount of the proceeds of the subject ground lease for the period of time in dispute. Denied that such proceeds should have been paid to Virginia Di Perna Lenzo and/or her estate, as alleged in the Cross-Claim.

6. Denied.

7. Denied.

8. Admitted.

9. Admitted that GIUSEPPE LENZO has exercised control over the properties located at 3409 Broad Branch Terrace, N.W., Washington, D.C., and at 5149 Linnean Terrace, N.W., Washington, D.C., since the death of Virginia Di Perna Lenzo. Denied that such properties are part of the estate of Virginia Di Perna Lenzo, or that such properties pass pursuant to the will of Virginia Di Perna Lenzo, insofar as such properties were conveyed by Virginia Di Perna Lenzo prior to her death. Denied that

GIUSEPPE LENZO owes any moneys to the estate of Virginia Di Perna Lenzo as a result of his exercise of control over such properties.

## DEFENSES

10. *First Defense*:  **October 3, 2004 document is forgery**.  The document allegedly executed by Virginia Di Perna Lenzo on October 3, 2004, which is the basis for the claims of FLORIANA NESTORE in this case to the property that is the subject of the underlying interpleader action, was not in fact executed by Virginia Di Perna Lenzo, and her purported signature on such document is a forgery.

11. *Second Defense*:  **October 3, 2004 document, if authentic, is not effective to revoke prior trusts.**  Even if the October 3, 2004 document relied upon by FLORIANA NESTORE as the basis for her Cross-Claim was in fact executed by Virginia Di Perna Lenzo as alleged, such document is not effective to revoke either the Tindaro Lenzo Trust or the Virginia Di Perna Lenzo Trust, insofar as neither of such documents was a document which Virginia Di Perna Lenzo had previously signed "in relation to the property situated in L St. 1742-1744 N.W. Washington, D.C. U.S.A." Virginia Di Perna Lenzo had never previously signed the Tindaro Lenzo Trust, and at the time she had signed the documents creating the Virginia Di

Perna Lenzo Trust, such trust did not include, nor make any reference to, the property located at L. St. 1742-1744 N.W., Washington, D.C.  Therefore, neither trust is within the scope of the alleged expression of intent by Virginia Di Perna Lenzo to revoke documents she had formerly signed with reference to such property.

An additional reason why the October 3, 2004 document allegedly signed by Virginia Di Perna Lenzo is not effective to revoke the Tindaro Lenzo Trust is because such trust was by its terms irrevocable.  Once created by Tindaro Lenzo, it was therefore not subject to revocation by Virginia Di Perna Lenzo.

Additional reasons why the October 3, 2004 document allegedly signed by Virginia Di Perna Lenzo is not effective to revoke the Virginia Di Perna Lenzo Trust are:  (1) that such trust explicitly states that any attempted revocation of such Trust requires notice to the Trustee, GIUSEPPE LENZO, and no such notice was given in this case; and (2) the October 3, 2004 document clearly was intended to be a testamentary instrument, and therefore could take effect, if at all, only upon the death of Virginia Di Perna Lenzo, but such trust was by its terms irrevocable upon the death of Virginia

Di Perna Lenzo, and therefore the purported revocation could not be given effect at that time.

12.     *Third Defense:* **October 3, 2004 document, if authentic, is not effective to revoke prior deeds.**  Even if the October 3, 2004 document relied upon by FLORIANA NESTORE as the basis for her Cross-Claim was in fact executed by Virginia Di Perna Lenzo as alleged, such document is not effective to revoke any prior deeds that may have been executed by Virginia Di Perna Lenzo with respect to the property located at L. St. 1742-1744 N.W., Washington, D.C.  As a matter of law, a deed of conveyance of real property, once executed by a grantor, cannot be revoked by a subsequent instrument executed by such grantor, where the original deed of conveyance did not reserve to the grantor any right of revocation.

13.     *Fourth Defense:* **Lack of subject-matter jurisdiction over Cross-Claim with respect to properties located at 3409 Broad Branch Terrace, Washington, D.C. 20008, and at 5149 Linnean Terrace, N.W., Washington, D.C.**  To the extent the Cross-Claim asserts entitlement to the possession, control and/or rental proceeds of properties located at 3409 Broad Branch Terrace, Washington, D.C. 20008, and at 5149 Linnean Terrace, N.W., Washington, D.C., such is not a proper cross-claim under

Rule 13(g), Federal Rules of Civil Procedure, insofar as the claims asserted by FLORIANA NESTORE with respect to such properties do not arise out of the same transaction or occurrence, or pertain to the same property, that is the subject of the underlying interpleader action.

14. *Fifth Defense*: **Statute of Limitations.** The Cross-Claim of FLORIANA NESTORE is barred by the applicable statute of limitations.

15. *Sixth Defense*: **Waiver.** The Cross-Claim of FLORIANA NESTORE is barred by the doctrine of waiver.

16. *Seventh Defense*: **Estoppel.** FLORIANA NESTORE is estopped to assert the claims alleged in the Cross-Claim, insofar as NUNZIATA LENZO ROMANO, who stands in privity with FLORIANA NESTORE, represented to GIUSEPPE LENZO that she would not dispute the *inter vivos* transfers of the properties in dispute which were made by Virginia Di Perna Lenzo prior to her death, and GIUSEPPE LENZO relied upon such representations to his detriment, such that it would be inequitable to now allow FLORIANA NESTORE to assert the claims presently made in the Cross-Claim on behalf of, and for the benefit of, NUNZIATA LENZO ROMANO.

Respectfully submitted,

| | |
|---|---|
| _____ | _____ |
| Joseph DeGance, Esquire | Robert Comstock, Esquire |
| 3471 N. Federal Highway | Suite 330 |
| Suite 300 | 5225 Wisconsin Ave. N. W. |
| Fort Lauderdale, Florida  33306 | Washington, D.C. 20015 |
| Tel: (854) 566-1531 | Tel: (202) 966 5788 |
| Fax: (854) 566-2382 | Fax: (202) 966 1068 |
| Attorney for GIUSEPPE LENZO | Attorney for GIUSEPPE LENZO |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that copies of the foregoing Answer and Affirmative Defenses have been furnished by U.S. mail to Babak Movahedi, Esquire, and Michael J. Pollack, Esquire, 1700 Q Street, N.W., Washington D.C., 20009; Jeremy Simon, Esquire, 1919 Pennsylvania Avenue, N.W. Suite M-200, Washington, D.C., 20006; and Robert F. Comstock, Esquire, 5225 Wisconsin Avenue, N.W., Suite 300, Washington, D.C. 20015 this 28th day of September, 2006.

_____
Robert Comstock, Esquire