IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**WASHINGTON SQUARE LIMITED
PARTNERSHIP, R.L.L.P.**,

      Plaintiff,

vs.

                           CASE NO.:  1:05CV02420
                           JUDGE:  Emmet G. Sullivan
                           DECK TYPE:  General Civil
                           DATE STAMP:  01/12/2006

**GIUSEPPE LENZO**, *et al.*

      Defendants,

AND

**NUNZIATA LENZO ROMANO**,

      Cross-Claimant,

vs.

**GIUSEPPE LENZO**,

      Cross-Defendant.

_____/

**GIUSEPPE LENZO'S ANSWER AND AFFIRMATIVE DEFENSES
TO CROSS-CLAIM OF NUNZIATA LENZO ROMANO**

      Cross-Defendant GIUSEPPE LENZO, by and through undersigned

counsel, respectfully submits this Answer and Affirmative Defenses to the

Cross-Claim filed by NUNZIATA LENZO ROMANO.

<u>ANSWER</u>

For his Answer, GIUSEPPE LENZO responds to the allegations of the Cross-Claim as follows:

1.      Admitted that NUNZIATA LENZO ROMANO and GIUSEPPE LENZO are both Defendants in the underlying interpleader action, and admitted that the claim of NUNZIATA LENZO ROMANO pertaining to the property located at L Street 1742-1744 N.W., Washington, D.C., is a proper cross-claim under Rule 13(g), Federal Rules of Civil Procedure, insofar as such cross-claim arises out of the same transaction or occurrence and/or pertains to the same property that is the subject matter of the interpleader action.  However, GIUSEPPE LENZO denies that the cross-claim is proper under Rule 13(g), Federal Rules of Civil Procedure, insofar as the cross-claim asserts entitlement to property that is located at 3409 Broad Branch Terrace, N.W., Washington, D.C., and the claim with respect to such property neither arises out of the same transaction or occurrence nor involves the same property that is the subject matter of the underlying interpleader action.

2.      Denied.

3.      Admitted.

4.     Admitted that NUNZIATA LENZO ROMANO claims that she is entitled to one-half of such proceeds on the theory that the ground lease in question belongs to the estate of Virginia Di Perna Lenzo, of which NUNZIATA LENZO ROMANO is a co-beneficiary along with GIUSEPPE LENZO.  Denied that NUNZIATA LENZO ROMANO is in fact entitled to one-half of the proceeds of the ground lease based on the theory alleged in the Cross-claim.

5.     Admitted that as a result of the creation of two trusts on May 13, 2003, GIUSEPPE LENZO has received the full amount of the proceeds of the subject ground lease for the period of time in dispute.  Denied that NUNZIATA LENZO ROMANO is entitled to any of such proceeds based on the theory alleged in the Cross-Claim.

6.     Denied.

7.     Denied.

8.     Admitted that GIUSEPPE LENZO has exercised control over the property located at 3409 Broad Branch Terrace, N.W., Washington, D.C., since the death of Virginia Di Perna Lenzo.  Denied that such property was devised to NUNZIATA LENZO ROMANO pursuant to the will of Virginia Di Perna Lenzo, as such property was conveyed by Virginia Di

Perna Lenzo prior to her death and therefore was not part of the estate of Virginia Di Perna Lenzo.

DEFENSES

9.     *First Defense*:     **October 3, 2004 document is forgery**.   The document allegedly executed by Virginia Di Perna Lenzo on October 3, 2004, which is the basis for the claims of NUNZIATA LENZO ROMANO in this case with respect to the property that is the subject of the underlying interpleader action, was not in fact executed by Virginia Di Perna Lenzo, and her purported signature on such document is a forgery.

10.     *Second Defense*:     **October 3, 2004 document, if authentic, is not effective to revoke prior trusts.**   Even if the October 3, 2004 document relied upon by NUNZIATA LENZO ROMANO as the basis for her Cross-Claim was in fact executed by Virginia Di Perna Lenzo as alleged, such document is not effective to revoke either the Tindaro Lenzo Trust or the Virginia Di Perna Lenzo Trust, insofar as neither of such documents was a document that Virginia Di Perna Lenzo had previously signed "in relation to the property situated in L St. 1742-1744 N.W. Washington, D.C. U.S.A." Virginia Di Perna Lenzo had never previously signed the Tindaro Lenzo Trust, and at the time she had signed the documents creating the Virginia Di

Perna Lenzo Trust, such trust did not include, nor make any reference to, the property located at L. St. 1742-1744 N.W., Washington, D.C.  Therefore, neither trust is within the scope of the alleged expression of intent by Virginia Di Perna Lenzo to revoke documents she had formerly signed with reference to such property.

An additional reason why the October 3, 2004 document allegedly signed by Virginia Di Perna Lenzo is not effective to revoke the Tindaro Lenzo Trust is because such trust was by its terms irrevocable.  Once created by Tindaro Lenzo, it was therefore not subject to revocation by Virginia Di Perna Lenzo.

Additional reasons why the October 3, 2004 document allegedly signed by Virginia Di Perna Lenzo is not effective to revoke the Virginia Di Perna Lenzo Trust are:  (1) that such trust explicitly states that any attempted revocation of such Trust requires notice to the Trustee, GIUSEPPE LENZO, and no such notice was given in this case; and (2) the October 3, 2004 document clearly was intended to be a testamentary instrument, and therefore could take effect, if at all, only upon the death of Virginia Di Perna Lenzo, but such trust was by its terms irrevocable upon the death of Virginia

Di Perna Lenzo, and therefore the purported revocation could not be given effect at that time.

11.    *Third Defense*: **October 3, 2004 document, if authentic, is not effective to revoke prior deeds.** Even if the October 3, 2004 document relied upon by NUNZIATA LENZO ROMANO as the basis for her Cross-Claim was in fact executed by Virginia Di Perna Lenzo as alleged, such document is not effective to revoke any prior deeds that may have been executed by Virginia Di Perna Lenzo with respect to the property located at L. St. 1742-1744 N.W., Washington, D.C. As a matter of law, a deed of conveyance of real property, once executed by a grantor, cannot be revoked by a subsequent instrument executed by such grantor, where the original deed of conveyance did not reserve to the grantor any right of revocation.

12.    *Fourth Defense*: **Lack of subject-matter jurisdiction over Cross-Claim with respect to property located at 3409 Broad Branch Terrace, Washington, D.C. 20008.** To the extent the Cross-Claim asserts entitlement to the possession, control and/or rental proceeds of property located at 3409 Broad Branch Terrace, Washington, D.C. 20008, such is not a proper cross-claim under Rule 13(g), Federal Rules of Civil Procedure, insofar as the claims asserted by NUNZIATA LENZO ROMANO with

respect to such property do not arise out of the same transaction or occurrence, or pertain to the same property, that is the subject of the underlying interpleader action.

13.    *Fifth Defense*: **Statute of Limitations.**   The Cross-Claim of NUNZIATA LENZO ROMANO is barred by the applicable statute of limitations.

14.    *Sixth Defense*: **Waiver.**   The Cross-Claim of NUNZIATA LENZO ROMANO is barred by the doctrine of waiver, insofar as NUNZIATA LENZO ROMANO voluntarily and knowingly relinquished any claim she may have had to the property in dispute, during the lifetime of Virginia Di Perna Lenzo.

15.    *Seventh Defense*: **Estoppel.**  NUNZIATA LENZO ROMANO is estopped to assert the claims alleged in the Cross-Claim, insofar as she represented she would not dispute the *inter vivos* transfers of the property in dispute made by Virginia Di Perna Lenzo prior to her death, and GIUSEPPE LENZO relied upon such representations to his detriment, such that it would be inequitable to now allow NUNZIATA LENZO ROMANO to assert the claims presently made in the Cross-Claim.

Respectfully submitted,

_____          _____

Joseph DeGance, Esquire                          Robert Comstock, Esquire
3471 N. Federal Highway                          Suite 330
Suite 300                                        5225 Wisconsin Ave. N. W.
Fort Lauderdale, Florida  33306                  Washington, D.C. 20015
Tel: (854) 566-1531                              Tel: (202) 966 5788
Fax: (854) 566-2382                              Fax: (202) 966 1068
Attorney for GIUSEPPE LENZO                      Attorney for GIUSEPPE LENZO

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Answer and Affirmative Defenses have been furnished by U.S. mail to Babak Movahedi, Esquire, and Michael J. Pollack, Esquire,  1700 Q Street, N.W., Washington D.C., 20009; Jeremy Simon, Esquire, 1919 Pennsylvania Avenue, N.W. Suite M-200, Washington, D.C., 20006; and Robert F. Comstock, Esquire, 5225 Wisconsin Avenue, N.W., Suite 300, Washington, D.C. 20015 this 28th day of September, 2006.

_____

Robert Comstock, Esquire