## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WASHINGTON SQUARE LIMITED PARTNERSHIP, R.L.L.P. | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civ. Action No. 05-2420 (EGS) |
| v. | ) ) | |
| GIUSEPPE LENZO, et al. | ) ) | |
| Defendants. | ) ) | |

## CONSENT MOTION OF PLAINTIFF WASHINGTON SQUARE
## FOR AWARD OF ATTORNEYS' FEES AND COSTS

Pursuant to the court's order of November 15, 2006, Plaintiff, Washington Square

Limited Partnership, R.L.L.P. (hereinafter, "Plaintiff" or "Washington Square"), hereby

moves this Court for an order awarding attorneys' fees and costs to Washington Square in

the amount of $40,000, payable out of the interpleaded funds, and as grounds, states:

1.     This is an action for statutory interpleader under 28 U.S.C. § 1335 as set

forth more fully in Plaintiff's Amended Complaint of Interpleader ("Complaint"), which

is incorporated herein by reference.

2.     This Court has now held that Plaintiff has met the statutory prerequisites

for the invocation of the interpleader remedy under 28 U.S.C. § 1335 and that the "first

stage" of the interpleader action has been completed. (Order of Sept. 20, 2006, at 4, 13

n.4) Other than to continue to deposit into the court registry the rental payments at issue

as they come due,[1] Plaintiff's role in this interpleader action would now appear to be concluded.

3.      In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stakeholder and are payable from the interpleaded funds. Prudential Ins. Co. v. Boyd, 781 F.2d 1494, 1497 (11th Cir. 1986); Septembertide Pub., B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989). As Plaintiff has met its obligations under the interpleader statute, and has acted diligently and in good faith in this action, Plaintiff is entitled to a recovery on its claim for its attorneys' fees and costs in this action.

4.      Plaintiff has expended approximately $57,000 in attorneys' fees and costs in prosecuting this interpleader action. That reflects approximately 150 hours billed by the undersigned counsel for Washington Square at the rate of $355 per hour,[2] and costs in the amount of $2,000.[3]

5.      In the interest of avoiding further expense in this litigation, Washington Square has reached agreement with the other parties on an amount to be awarded Washington Square for its attorneys' fees and costs in this matter. The defendants have authorized Washington Square to represent in this motion that they agree to an award to

---

[1]      To date, Washington Square has deposited $200,000 into the Court registry. Pursuant to the Court's order of September 20, 2006, Washington Square will be making an additional deposit into the Court registry for the rental payment due January 1, 2007 that is allocable to the interests in the Ground Lease Parcel at issue in this interpleader action, and will make further deposits for the applicable semi-annual rental payments on each July 1 and January 1 thereafter until judgment is entered in the underlying proceeding in the Probate Division of the Superior Court of the District of Columbia.

[2]      This amount includes 7.7 hours billed by a legal assistant at the rate of $135-145 per hour as set forth in the footnotes below.

[3]      A substantial portion of the costs incurred pertain to the court filing fee of $250 and fees charged by a process server and investigation company in connection with obtaining service of process on Mr. Lenzo.

Washington Square of $40,000, payable from the interpleaded funds. Accordingly, in reliance on that agreement, Washington Square requests that the court award Washington Square $40,000, to be paid from the interpleaded funds, in satisfaction of its claim for attorneys' fees and costs in this interpleader action. Washington Square further requests that judgment in this amount on Washington Square's claim for attorneys' fees and costs be entered in its favor and certified pursuant to Rule 54(b) as there is no just reason for delay in entering final judgment on that issue.

6. The court would be acting well within its discretion in awarding $40,000 to Washington Square. "Generally, a 'reasonable' attorney's fee is based on the reasonable number of hours expended multiplied by a reasonable hourly rate." Holbrook v. District of Columbia, 305 F. Supp.2d 41, 45 (D.D.C. 2004). The rates charged by an attorney are reasonable if they fall within the prevailing market rates as forth in the Laffey matrix. Nesbit v. District of Columbia, 2003 U.S. Dist. LEXIS 26308, at *1-2 (D.D.C. Nov. 4, 2003); Does v. District of Columbia, 2006 U.S. Dist. LEXIS 62616, at *5-6 (D.D.C. Sept. 5, 2006). The attorney representing Washington Square in this matter has been in the private practice of law since September 1994 as a commercial litigator. (Simon Decl. ¶ 2) At the time this lawsuit was filed in December 2005, Mr. Simon had over eleven years of complex commercial litigation experience in both federal and state court.[4] Under the Laffey matrix, for the period in question, the applicable hourly rate for

---

[4]    Mr. Simon was admitted to the state Bar in Maryland in 1994 and to the Bar of the District of Columbia in 1995. Mr. Simon was admitted to the Bar of this Court in 2001 and to the Bar of the United States District Court, District of Colorado in 2005. Mr. Simon has been admitted on a pro hac vice basis to the following federal courts, among others, in a variety of matters:  (a) Northern District of Indiana; (b) Southern District of New York (district court and bankruptcy); (c) Central District of California; (d) Southern District of Texas (bankruptcy); (e) Eastern District of Pennsylvania; (f) District of Massachusetts (bankruptcy); and (g) Southern District of Florida. (Simon Decl. ¶ 3)

attorneys with Mr. Simon's experience is $360 per hour. (Exh. B to Simon Decl.)[5] Mr.

Simon's billable rate for this matter was $355 per hour, which is within the rate permitted

under the Laffey matrix.

7.      The hours expended, moreover, are presumed reasonable to the extent

supported by billing invoices submitted with the fee motion. Holbrook, 305 F. Supp.2d

at 45 (burden of demonstrating reasonableness is "satisfied by submitting an invoice that

is sufficiently detailed to 'permit the District Court to make an independent determination

whether or not the hours claimed are justified'); Laster v. District of Columbia, 2006 U.S.

Dist. LEXIS 50599, at *7 (D.D.C. July 25, 2006) ("Once the plaintiff has provided such

information, a presumption arises that the number of hours billed is reasonable and the

burden shifts to the defendants to rebut the plaintiff's showing of reasonable hours.").

8.      The invoices submitted with this motion demonstrate the reasonableness

of the hours expended in this litigation.[6] (Exh. A to Simon Decl.) As reflected in those

invoices, there have been essentially four principal aspects to this litigation.

        a.      The first involved a review of relevant documents, assessing

                potential forums for the interpleader action, research into the interpleader

                remedy, including the requirements for proceeding under the federal

                interpleader statute, assessing jurisdictional issues, and drafting the

---

[5]     The Laffey matrix is available at http://www.usdoj.gov/usao/dc and is attached as Exhibit "B" to
the Simon Declaration.

[6]     The invoices submitted in this motion span the period from November 30, 2005 through
September 30, 2006, which was the month in which the court ruled that Washington Square had established
the statutory prerequisites for invoking the interpleader remedy.

complaint and accompanying motion for interpleader. Counsel spent

approximately 45 hours on these tasks.[7]

    b.    The second involved effectuating service of the interpleader

complaint on defendant Giuseppe Lenzo. Service of process on Mr.

Lenzo was a time consuming effort, which included, among other things,

the preparation and service of subpoenas on non-parties to ascertain Mr.

Lenzo's address in Italy, extensive research and analysis into the

procedures for service under the international treaty for service abroad

between the United States and Italy, and the preparation of a

comprehensive motion with this court, seeking authority to serve Mr.

Lenzo in Italy by commercial courier and explaining the legal basis for

that procedure under the applicable international treaty. (see docket entry

no. 8).[8] The court granted that motion and Washington Square

successfully effectuated service on Mr. Lenzo in Italy in February 2006.[9]

Counsel spent approximately 30 hours on these tasks.[10]

---

[7]    A legal assistant also expended 6.3 hours assisting with these tasks at the rate of $135 per hour.

[8]    The alternatives to proceeding pursuant to Federal Rule of Civil Procedure 4(f)(3) were extremely costly, time consuming and not guaranteed to succeed. For instance, one option would have been to deliver the summons and complaint to the designated Italian governmental authorities for service of process. However, that procedure would have required that all service papers, including the complaint and exhibits, first be translated into Italian. Moreover, once the translated judicial papers actually reached the designated government agency in Italy, it was estimated that it would take that agency several months to effectuate service. Since Mr. Lenzo remained a Florida resident, and had designated his Florida condominium as his homestead, it was likely that, while this process played itself out, Mr. Lenzo would have returned to the United States, thereby rendering the whole effort futile.

[9]    Defendant Nunziata Lenzo Romano would have had to undertake the same efforts had she initiated litigation against Giuseppe Lenzo in a separate proceeding. Indeed, it is notable that Mr. Lenzo did not appear in the underlying probate proceeding initiated by his sister, Nunziata, until March 2006, which was after he was served with process in this matter pursuant to the efforts of Washington Square.

[10]    A legal assistant also expended 1.40 hours assisting with these tasks at a rate of $145 per hour.

c.    The third involved responding to the motion to dismiss and/or stay filed by Mr. Lenzo after he was served with the complaint. The motion to dismiss by Mr. Lenzo argued principally that the requirements of a statutory interpleader action could not be met because Mr. Lenzo was not a citizen of the United States domiciled in Florida. Plaintiff successfully rebutted that contention, but only after expending substantial time and expense developing the record and legal arguments to do so. Counsel spent approximately 55 hours on these tasks.

d.    The fourth involved the filing of motions to obtain necessary extensions for service of process on the personal representative defendant (who was not formally appointed until June 2006), amending the complaint to include the personal representative as a party to the interpleader action once appointed, and otherwise attending to various issues in the litigation. Counsel spent approximately 20 hours on these tasks.

9.    The $40,000 requested as an award for attorneys' fees and costs represents a discount of over 25 percent from the amount reasonably incurred in this litigation. The $40,000 requested, moreover, translates into approximately 112 hours of attorney time at the rate of $355 per hour. That is less than three weeks of attorney time in a case that has proceeded for nearly one year and involved extensive legal analysis and work product, as set forth above and as reflected in more detail on the invoices accompanying this motion.

10.    Counsel for Plaintiff has contacted counsel for defendants Nunziata Lenzo Romano and Floriana Nestore, and counsel for those defendants has advised that his

clients consent to the relief requested in this motion.  Counsel for Plaintiff has contacted counsel for Giuseppe Lenzo, in his respective capacities, and has been advised that Mr. Lenzo consents to the relief requested in this motion.

11.    The Declaration of Jeremy S. Simon (referred to herein as "Simon Decl.") accompanies this motion.

12.    A proposed Order is attached.

## POINTS AND AUTHORITIES

28 U.S.C. § 1335

Local Rule 54.2(c)

Prudential Ins. Co. v. Boyd, 781 F.2d 1494, 1497 (11th Cir. 1986)

Septembertide Pub., B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989)

Holbrook v. District of Columbia, 305 F. Supp.2d 41, 45 (D.D.C. 2004).

Nesbit v. District of Columbia, 2003 U.S. Dist. LEXIS 26308, at *1-2 (D.D.C. Nov. 4, 2003)

Does v. District of Columbia, 2006 U.S. Dist. LEXIS 62616, at *5-6 (D.D.C. Sept. 5, 2006)

Laster v. District of Columbia, 2006 U.S. Dist. LEXIS 50599, at *7 (D.D.C. July 25, 2006)


Dated: December 5, 2006                    Respectfully submitted,

                                           /s/ Jeremy S. Simon
                                           Jeremy S. Simon
                                           D.C. Bar No. 447956
                                           Thompson, Loss & Judge LLP

Two Lafayette Centre
1133 21st Street, NW
Suite 450
Washington, D.C. 20036
(202) 778-4067 (phone)
(202) 778-4099 (fax)

Counsel for Interpleader Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on this 5th day of December, 2006, I caused to be served a
true and correct copy of the foregoing, accompanying Declaration of Jeremy S. Simon
and proposed Order, via first-class mail, postage prepaid on the following:

1.      Michael Pollack, Esq.
        Law Offices of Babak Movahedi, PLLC
        1700 Q. Street, N.W.
        Washington, D.C. 20009

2.      Joseph DeGance, Esq.
        3471 N. Federal Highway
        Suite 300
        Fort Lauderdale, FL 33306

3.      Robert F. Comstock
        Comstock & Reilly, LLP
        5225 Wisconsin Avenue, N.W.
        Washington, D.C. 20015

                                        /s/ Jeremy S. Simon
                                        Jeremy S. Simon